**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------- X

DR. MORGAN REYNOLDS on behalf of the                          Civil Action
UNITED STATES OF AMERICA,                                     No. 07 CV 4612

               Plaintiff / Realtor,

      vs.

SCIENCE APPLICATIONS INTERNATIONAL
CORP.; APPLIED RESEARCH ASSOCIATES, INC.;
BOEING; NuSTATS; COMPUTER
AIDED ENGINEERING ASSOCIATES, INC.;
DATASOURCE, INC.; GEOSTAATS, INC.;
GILSANZ MURRAY STEFICEK LLP;
HUGHES ASSOCIATES, INC.; AJMAL
ABBASI, EDUARDO KAUSEL;
DAVID PARKS; DAVID SHARP; DANIELE
VENEZANO; JOSEF VAN DYCK, KASPAR
WILLIAM; ROLF JENSEN & ASSOCIATES,
INC.; ROSENWASSER/GROSSMAN CONSULTING
ENGINEERS, P.C.; SIMPSON GUMPERTZ &
HEGER, INC.; S.K. GHOSH ASSOCIATES,
INC.; SKIDMORE, OWINGS & MERRILL,
LLP; TENG & ASSOCIATES, INC.;
UNDERWRITERS LABORATORIES, INC.;
WISS, JANNEY, ELSTNER ASSOCIATES,
INC.; AMERICAN AIRLINES; SILVERSTEIN
PROPERTIES; and UNITED AIRLINES,

               Defendants.
-------------------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF SKIDMORE, OWINGS &**
**MERRILL, LLP'S MOTION TO DISMISS THE COMPLAINT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................... ii

SUMMARY OF CLAIMS..................................................................... 1

SUMMARY OF ARGUMENT.............................................................. 1

STATEMENT OF FACTS.................................................................... 2

ARGUMENT...................................................................................... 6

POINT I:      THIS COURT LACKS SUBJECT MATTER JURISDICTION
              OVER RELATOR'S FCA CLAIMS THAT ARE BASED
              ENTIRELY ON INFORMATION IN THE PUBLIC DOMAIN..... 6

              A.    Relator's complaint relies entirely on information
                    that was previously disclosed to the public.................... 6

              B.    Relator is not an original source for any of the information
                    alleged in his complaint.......................................... 7

              C.    Relator's application of his own scientific
                    knowledge to NIST's report does not make him
                    an original source................................................... 9

POINT II:     RELATOR LACKS STANDING TO BRING COMMON
              LAW CLAIMS ON BEHALF OF THE UNITED STATES......... 10

POINT III:    RELATOR'S COMPLAINT MUST BE DISMISSED
              BECAUSE IT FAILS TO MEET THE HEIGHTENED
              PLEADING REQUIREMENTS OF FED R. CIV. P. 9(b)............. 11

              A.    Claims under the False Claims Act are
                    subject to a heightened pleading requirement................. 11

              B.    Relator's complaint fails to meet the requirements
                    of Rule 9(b) for pleading fraud.................................. 12

POINT IV:     RELATOR AND HIS COUNSEL SHOULD BE REQUIRED
              TO PAY ATTORNEYS' FEES AND EXPENSES BECAUSE
              THE  COMPLAINT IS FRIVOLOUS.................................... 14

CONCLUSION.................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

*Cosmas v. Hassett*,
     886 F.2d 8 (2d Cir. 1989)......................................................    11-12

*Gold v. Morrison-Knudsen Co.*,
     68 F.3d 1475 (2d Cir. 1995)..................................................    8, 11

*Hamdan v. Rumsfeld*,
     126 S. Ct. 2749, 165 L. Ed. 2d 723 (2006)..........................    2

*Indus. Risk Insurers v. Port Auth.*,
     493 F.3d 283, 2007 U.S. App. LEXIS 16601 (2d Cir. 2007).................    2

*Kusner v. Hepburn, Willcox, Hamilton & Putnam*,
     2001 U.S. Dist. LEXIS 24209 (D. Pa. 2001)..........................    10

*Luce v. Edelstein*,
     802 F.2d 49 (2d Cir. 1986).....................................................    13

*Mills v. Polar Molecular Corporation*,
     12 F.3d 1170 (2d Cir. 1993)...................................................    11-12

*Selzer v. Bank of Bermuda. Ltd.*,
     385 F. Supp. 415 (S.D.N.Y. 1974)........................................    11

*SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*,
     467 F.3d 107 (2d Cir. 2006).................................................    2

*U.S. ex rel. Atkins v. McInteer*,
     470 F.3d 1350 11th Cir. 2006).............................................    14

*United States ex rel. Bain v. Ga. Gulf Corp.*,
     208 Fed. Appx. (280 5th Cir. 2006)....................................    15

*United States ex rel. Dick Long Island Lighting Co.*,
     912 F.2d 13 (2d Cir. 1990)..................................................    7

*United States ex rel. Huangyan Import & Export Corp. v. Nature's Farm Products, Inc.*,
     2004 U.S. Dist. LEXIS 600 (S.D.N.Y. 2004).........................    8

*United States ex rel. King v. Jackson County Hosp. Corp.*,
     2001 U.S. Dist. LEXIS 21706 (D. Fla. 2001).......................    10

*United States ex rel. Kreindler & Kreindler v. United Technologies Corp.*,
    985 F.2d 1148 (2d Cir. 1993)................................................... 7, 9

*United States ex. rel Mayman v. Martin Marietta Corp.*,
    894 F. Supp. 218 (D. Md. 1995)................................................ 10

*United States ex. rel. Mikes v. Straus*,
    274 F.3d 687 (2d Cir. 2001)............................................... 15

*United States. ex rel. Phipps v. Comprehensive Community Development Corp.*, 10
    152 F. Supp.2d 443 (S.D.N.Y. 2001)...........................................

*United States ex rel. Sarafoglou v. Weill Medical College of Cornell University*,
    451 F. Supp. 2d 613 (S.D.N.Y. 2006).......................................... 11, 12

*United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins.
Co.*,
    944 F.2d 1149 (3d Cir. 1991).................................................. 9

*United States v. Comtrol, Inc.*,
    2005 U.S. Dist. LEXIS 32749 (D. Utah 2005)................................... 10

*United States v. Folding Admin. Comm.*,
    881 F.2d 494 (7th Cir. 1989).................................................. 9

**Statutes**
                                                                                           **Page**

31 U.S.C. §§ 3729 et seq.............................................................. 3

31 U.S.C. § 3730(d)(4)............................................................... 1-2, 14-15

31 U.S.C. § 3730(e)(4)............................................................... 1, 6, 7-8, 10

FED. R. CIV. P. 9(b)................................................................. 11-13, 14

FED. R. CIV. P. 11(b)................................................................ 14

FED. R. CIV. P. 12(b)(1) ............................................................ 1, 10

FED. R. CIV. P. 12(b)(6)............................................................. 1

## MEMORANDUM OF LAW IN SUPPORT OF SKIDMORE, OWINGS & MERRILL, LLP'S MOTION TO DISMISS THE COMPLAINT

Defendant Skidmore, Owings & Merrill, LLP ("SOM") respectfully submits this memorandum of law in support of its motion, pursuant to FED. R. CIV. P. 12(b)(1) and (b)(6), to dismiss the complaint of Relator Dr. Morgan Reynolds, together with attorneys' fees and expenses pursuant to 31 U.S.C. § 3730(d)(4), and for such other relief as deemed just.

### SUMMARY OF CLAIMS

Relator claims that the United States government used a secret high energy laser to destroy the World Trade Center on September 11, 2001.  He asserts that rogue elements of the United States military used highly classified psychological operations to deceive the American public into believing that terrorists destroyed the World Trade Center.

Relator's baseless whistleblower claims against SOM rest on his assertion that SOM hid or ignored the truth about September 11 after being retained as a consultant for a government report on the collapse of the Twin Towers.

### SUMMARY OF ARGUMENT

This Court lacks subject matter jurisdiction over Relator's causes of action under the False Claims Act since Relator has conceded that his complaint relies exclusively upon information in the public domain, and Relator cannot satisfy the original source requirement of 31 U.S.C. § 3730(e)(4)(B).  Relator's common law claims for unjust enrichment, payment by mistake, recoupment of overpayments, and fraud must be dismissed because Relator lacks standing to bring common law claims on behalf of the federal government.  Relator's entire

complaint against SOM must also be dismissed because it does not come remotely close to meeting the heightened pleading requirements for allegations of fraud as set forth in FED. R. CIV. P. 9(b). Finally, this Court should order Relator and his counsel to pay SOM attorneys' fees and expenses pursuant to 31 U.S.C. § 3730(d)(4), since the complaint lacks any legal merit and is clearly frivolous.

## STATEMENT OF FACTS

**September 11 Attacks**

On September 11, 2001, members of Al Qaeda flew hijacked airplanes into the north and south towers of the World Trade Center ("1 WTC" and "2 WTC"). *See Hamdan v. Rumsfeld*, 126 S. Ct. 2749, 2760, 165 L. Ed. 2d 723, 739 (2006); *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 116 (2d Cir. 2006). This coordinated attack ultimately caused both buildings to collapse. The attack also caused the building called 7 World Trade Center (" 7 WTC") to catch fire and seven hours later, to collapse. *See Indus. Risk Insurers v. Port Auth.*, 493 F.3d 283, 2007 U.S. App. LEXIS 16601, at *2-3 (2d Cir. 2007).

**NIST Investigation**

The United States Department of Commerce's National Institute of Standards and Technology ("NIST") subsequently conducted an extensive investigation into the collapses of 1 WTC, 2 WTC and 7 WTC.[1]  (Complaint, Exh. A to Vardaro Decl., at ¶ 3, (hereinafter "the Complaint")).

---

[1] In October of 2002, the President signed into law the National Construction Safety Team Act, 15 U.S.C. §§ 7301 et seq., which authorizes investigations into "events causing the failure of a building or buildings that has resulted in substantial loss of life or that posed significant potential for substantial loss of life." The Act also authorizes NIST to further investigate such failures at its discretion. *See* 15 U.S.C. § 7308.

During the course of that investigation, NIST made available to the public dozens of documents that contain a prolific amount of information regarding NIST's investigation, findings, and recommendations.[2]  NIST also issued a draft report for public comment on the collapse of 1 WTC and 2 WTC[3] and subsequently issued its final report, which is known as NCSTAR 1. (Complaint, at ¶ 3).  A copy of the NCSTAR 1 report is attached to the Vardaro Decl. as Exh. B.[4]  NIST has not issued a final report on the collapse of 7 WTC.

In addition to the dozens of NIST employees who participated in the investigation, NIST retained as consultants approximately 33 companies, universities and independent contractors, including SOM. (Complaint, at Exh. B).  Several government agencies and other corporations also contributed to the investigation.  *Id.*

**Relator's Complaint**

On or about May 31, 2007, Relator filed a *qui tam* complaint under seal in the United States District Court for the Southern District of New York.  After the United States declined to intervene, Relator served the Complaint on SOM on or about August 9, 2007.  The Complaint alleges several meritless causes of action against SOM, including three claims for violations of the False Claims Act, 31 U.S.C. §§ 3729 et seq., and for common law claims of unjust enrichment, payment by mistake, recoupment of overpayments, and fraud.  With respect to each cause of action, Relator alleges that the United States, and not Relator, is the aggrieved party. (Complaint, at ¶¶ 62, 65, 68, 71, 74 76-77, 79-80).

---

[2] These documents include various interim and draft reports on virtually every aspect of the investigation, progress reports, reports to Congress, minutes from various meetings and speeches, transcripts of testimony at several hearings, copies of the contracts between NIST and the outside consultants that it retained for the investigation, and photographs and other media used during the investigation.  They are all available at http://wtc.nist.gov/.
[3] This report is available online at http://wtc.nist.gov/pubs/NISTNCSTAR1Draft.pdf.
[4] This report is also available online at http://wtc.nist.gov/NISTNCSTAR1CollapseofTowers.pdf.

3

Relator's Complaint is premised entirely on his unfounded assertion that 1 WTC and 2 WTC were not struck by airplanes but were instead destroyed by "Directed High Energy Weapons, consisting in [sic] High Energy Lasers and or other operational, but largely secret weapons . . . ." (Complaint, at ¶¶ 9, 50). Relator further alleges that "rogue elements" of the United States armed forces conducted a psychological operation to deceive the public into believing that the collapse of 1 WTC and 2 WTC was caused by the impact of the airplanes and the subsequent fires. (Complaint, at ¶¶ 9-13). Since NIST reached a contrary conclusion, Relator argues that SOM must have withheld information from, or provided false information to, NIST regarding "the pattern of destruction of WTC 1, 2". (Complaint, at ¶ 35).

Relator's Complaint, however, **is completely devoid of any specific factual allegations against SOM.** Relator refers to SOM only once in the entire Complaint:

> Defendant Skidmore, Owings & Merrill, LLP (SOM) was founded in 1936, and is one of the world's leading architecture, urban design, engineering and interior architecture firms. Its New York Office is located at 14 Wall Street, 24th Floor, New York NY 10005. Their individual and collective expertise, and that of their employers, could have been, but was not, used for the purposes of calling attention to the fact that the effects seen and left by the pattern of destruction of WTC 1, 2 could not have been caused by jetliner impacts. Instead, defendant chose to use its expertise to commit fraud based on either withholding information or manipulating information and by then accepting payment improperly.

(Complaint, at ¶ 35). The Complaint lacks factual support for these conclusory allegations. This is not surprising, given that as an architecture firm, SOM is not in the business of studying "patterns of destruction." Indeed, Relator repeated the last two sentences of this paragraph verbatim as against the majority of the defendants in the action.

4

Relator fails to allege any particular facts against SOM that support his conclusion, nor does he identify any information or statement that SOM provided to, or withheld from, NIST. The Complaint also fails to specify where or when the allegedly fraudulent statements or information was conveyed or withheld, who from SOM purportedly made such statements or chose to withhold them, why such conduct was fraudulent, or how such information or the lack thereof contributed to NIST's conclusions. Simply put, Relator's allegations against SOM are conclusory, wholly unsupported, and factually baseless.

**Source of Relator's Allegations: Publicly Available Information**

Every allegation in Relator's Complaint is based on public information. Relator, by his own admission, does not possess any direct or inside information regarding the NIST investigations or the defendants' statements to NIST.

Relator's Complaint relies on two documents that Relator apparently sent to NIST. The first is a "Request for Correction by NIST for Its Invalid WTC Jetliner Animation and Analyses", dated March 8, 2007. (Exh. A to Complaint). In that document, **Relator explicitly states that each of his allegations are based entirely on publicly available facts**:

> How Disseminated Information was obtained: **Requester obtained the information from and after March 1, 2007 from the said web pages and pdfs**. It is understood and acknowledged that said information has been disseminated since September 2005.

(Exh. A to Complaint, at p. 12) (emphasis added). The second document is a four page letter dated May 1, 2007 that Relator classifies as a supplement to his previous Request. (Exh. A to Complaint). That letter includes "Selected References", all of which are websites such as wikipedia.org, vanityfair.com, and corpwatch.org that are accessible to anyone with a computer and an internet connection. (Exh. A to Complaint).

5

## ARGUMENT

### POINT I

**THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER RELATOR'S FCA CLAIMS THAT ARE BASED ENTIRELY ON INFORMATION IN THE PUBLIC DOMAIN**

Relator's own Complaint and appended documents prove that his claims are based entirely on information that was publicly available when he filed the instant lawsuit. Relator has also conceded that he is not an original source for any of that information. As a result, this Court must dismiss Reynold's causes of action under the False Claims Act for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

**A.    RELATOR'S COMPLAINT RELIES ENTIRELY ON INFORMATION THAT WAS PREVIOUSLY DISCLOSED TO THE PUBLIC.**

A district court's subject matter jurisdiction over suits brought under the False Claims Act is limited as follows:

> (A) **No court shall have jurisdiction** over an action under this section **based upon the public disclosure of allegations** or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, **unless** the action is brought by the Attorney General or **the person bringing the action is an original source of the information**.
>
> (B) For purposes of this paragraph, **"original source" means an individual who has direct and independent knowledge of the information** on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e)(4) (emphasis added).

By Relator's own admission, **all of the information in the Complaint is in the public record**. Relator's entire case is simple and inadequate: Relator read NIST's NCSTAR 1 report and disagrees with its findings. Indeed, Reynolds's March 8, 2007 Request for Correction and his May 1, 2007 supplemental letter both cite the NCSTAR 1 report and NIST's website as the sources upon which Reynolds relied to reach his conclusions. Reynolds took pains to point out that the other "Selected References" on which he based his conclusions were simply websites that are available to any person with internet access. Relator's Complaint and other documents do not cite even one fact that was withheld from the public prior to Relator's correspondence with NIST.

**B.    RELATOR IS NOT AN ORIGINAL SOURCE FOR ANY OF THE INFORMATION ALLEGED IN HIS COMPLAINT.**

Relator has no first hand or direct knowledge and cannot be an original source of the information upon which he bases his lawsuit. Because the information on which his *qui tam* suit is premised is in the public domain and he is not an original source, his claims are barred. 31 U.S.C. § 3730(e)(4). *See also United States ex rel. Dick Long Island Lighting Co.*, 912 F.2d 13, 18 (2d Cir. 1990). The original source requirement applies even if the suit is only partially based on publicly available information. *See United States ex rel. Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148, 1158 (2d Cir. 1993).

In order to be an original source, a relator must have "direct and independent knowledge" of that information. 31 U.S.C. § 3730(e)(4)(B). The relator must also have been a source to the entity that publicly disclosed the information in question. *See Kreindler*, 985 F.2d at 1185.

7

The relator in *Gold v. Morrison-Knudsen Co.*, 68 F.3d 1475 (2d Cir. 1995) lacked such inside information, and for that reason, his claim was dismissed. In *Gold*, the relator filed a *qui tam* lawsuit alleging that a contractor had defrauded the United States through cost overruns during the construction of housing at Fort Drum in upstate New York. 68 F.3d at 1476. The overruns about which the relator complained had already been made public through media coverage, reports to the Army Corps of Engineers, and through an arbitration proceeding between the government and the contractor. *Id.* The relator's lawsuit was based primarily on the information he had obtained from these sources, and not through any firsthand knowledge of the overruns. *Id.* at 1477. As a result, he was not an original source, and the Second Circuit affirmed the district court's dismissal of the lawsuit for lack of subject matter jurisdiction. *Id.*

Here, Relator has no firsthand knowledge of the communications between NIST and SOM. He was not a source for the NCSTAR 1 report, since NIST's investigation and the report predated Relator's correspondence with NIST. He did not participate in the investigation, and his Complaint alleges no direct or independent knowledge of the investigative process that NIST undertook. The primary source for his claim that NIST's findings are inaccurate is the report itself. Since that report does not attribute any fact or conclusion to SOM in particular, Relator's Complaint cannot, and does not, plead any specific statements that SOM made or withheld. This lack of independent or direct knowledge precludes any possibility that Relator is an original source, and he cannot sustain his burden under 31 U.S.C. § 3730(e)(4)(b). *See United States ex rel. Huangyan Import & Export Corp. v. Nature's Farm Products, Inc.*, 2004 U.S. Dist. LEXIS 600, at * 13-14 (S.D.N.Y. 2004).

C.    **RELATOR'S APPLICATION OF HIS OWN SCIENTIFIC KNOWLEDGE TO NIST'S REPORT
      DOES NOT MAKE HIM AN ORIGINAL SOURCE.**

It is clear from his Request and supplemental letter that Relator reviewed the
NCSTAR 1 report and NIST documents and then applied his own purported scientific
knowledge and/or expertise to reach conclusions that contradict NIST's findings.    Relator's
application of his own knowledge to a publicly available document does not even remotely
qualify him as an original source.    *See Huangyan*, 2004 U.S. Dist. LEXIS 600, at * 14 (finding
that although "[relator] has apparently conducted significant research into the fraud alleged in the
*qui tam* Complaint, that is also insufficient to establish its status as an original source when the
information [is publicly available].").    As the Second Circuit explained in *Kreindler, supra*:

> The fact that [relator] conducted some collateral research and
> investigations regarding the [claim] as would be customary in such
> litigation, does not establish 'direct and independent knowledge of
> the information on which the allegations are based' within the
> meaning of § 3730(e)(4)(B); [Another entity] was clearly the
> source of the core information. Nor does the fact that [relator's]
> background knowledge enabled it to understand the significance of
> the information acquired . . . make its knowledge independent of
> the publicly disclosed information.    If that were enough to qualify
> the relator as an original source, then a cryptographer who
> translated a ciphered document in a public court record would be
> an original source, an unlikely interpretation of the phrase.

985 F.2d at 1159 (internal quotations omitted) (*citing United States ex rel. Stinson, Lyons, Gerlin
& Bustamante, P.A. v. Prudential Ins. Co.*, 944 F.2d 1149, 1160 (3d Cir. 1991)).

Simply put, a relator "who would not have learned of the information absent
public disclosure did not have 'independent' information within the statutory definition of
'original source.'"    *Prudential*, 944 F.2d at 1160 (*quoting United States v. Folding Admin.
Comm.*, 881 F.2d 494, 505 (7th Cir. 1989)).    Absent NIST's own publications, Relator would
have no basis to even speculate that the information provided to NIST by its consultants was

somehow inaccurate.  Relator is not, therefore, an original source, and his Complaint must be dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and 31 U.S.C. § 3730(e)(4).

## POINT II

### RELATOR LACKS STANDING TO BRING COMMON LAW CLAIMS ON BEHALF OF THE UNITED STATES

Relator's common law claims for unjust enrichment, payment by mistake, recoupment of overpayments, and fraud (Counts 4 through 7 of the Complaint) must be dismissed because he lacks standing to bring those claims on behalf of the United States.  While the False Claims Act bestows upon individuals standing to bring claims for violations of the Act, "the FCA does not give relators the right to assert common law claims on behalf of the United States."  (internal quotations omitted).  *United States ex rel. Phipps v. Comprehensive Community Development Corp.*, 152 F. Supp.2d 443, 451-52 (S.D.N.Y. 2001); *see also United States v. Comtrol, Inc.*, 2005 U.S. Dist. LEXIS 32749, at *15 (D. Utah 2005) (holding that the FCA does not authorize common law tort claims); *Kusner v. Hepburn, Willcox, Hamilton & Putnam*, 2001 U.S. Dist. LEXIS 24209, at *16 (D. Pa. 2001) (same); *United States ex rel. King v. Jackson County Hosp. Corp.*, 2001 U.S. Dist. LEXIS 21706, at *33-34 (D. Fla. 2001) (same); *United States v. Eastman Kodak Co.*, 98 F. Supp.2d 141, 149 (D. Mass. 2000); *United States ex. rel Mayman v. Martin Marietta Corp.*, 894 F. Supp. 218, 225-26 (D. Md. 1995) (same).

Relator is not an aggrieved party, but instead brings each of these claims on behalf of the United States.  (Complaint, at ¶¶ 71, 74 76-77, 79-80).  Relators only have standing that is conferred to them by statute, and no federal statute permits a relator to bring a cause of

action for a common law tort on behalf of the United States. Since Relator lacks standing to assert such claims, this Court must dismiss Counts 4, 5, 6, and 7 of the Complaint.

## POINT III

### RELATOR'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO MEET THE HEIGHTENED PLEADING REQUIREMENTS OF FED. R. CIV. P. 9(b).

A.    CLAIMS UNDER THE FALSE CLAIMS ACT ARE SUBJECT TO A HEIGHTENED PLEADING REQUIREMENT.

There is no question that lawsuits that allege fraud can cause significant harm to a defendant's reputation and where a defendant is a commercial entity, to the defendant's business. As a result, Congress adopted Rule 9(b) of the Federal Rules of Civil Procedure, which explicitly requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The statute was created to "protect defendants from the detrimental effects to their reputations that may result from fraud charges that cannot be supported by fact". *Selzer v. Bank of Bermuda, Ltd.*, 385 F. Supp. 415, 419 (S.D.N.Y. 1974). The instant matter is precisely the type of baseless lawsuit that Rule 9(b) was designed to eliminate.

It is well settled that Rule 9(b) applies to lawsuits brought under the False Claims Act, as the Act is clearly an antifraud statute. *See Gold, supra*, 68 F.3d at 1476-77; *United States ex rel. Sarafoglou v. Weill Medical College of Cornell University*, 451 F. Supp. 2d 613, 622-23 (S.D.N.Y. 2006). In order to satisfy this heightened pleading requirement, a complaint alleging violations of the False Claims Act must:

> (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the

11

statements were made, and (4) explain why the statements were fraudulent.

*Mills v. Polar Molecular Corporation*, 12 F.3d 1170, 1175 (2d Cir. 1993), *citing Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989).  Relator's Complaint fails to meet even one of these requirements.  Instead, Relator apparently expects this Court to excuse Relator's complete disregard for Rule 9(b) simply because Relator is insistent that the government used lasers to destroy the World Trade Center.  The law does not permit such meritless claims to survive.

**B.    RELATOR'S COMPLAINT FAILS TO MEET THE REQUIREMENTS OF RULE 9(b) FOR ALLEGATIONS OF FRAUD.**

SOM is mentioned only once in Relator's Complaint and the allegations contained therein are not pled with any particularity.  Instead, they are vague, conclusory and entirely insufficient under Rule 9(b):

> [SOM's] individual and collective expertise, and that of their employers, could have been, but was not, used for the purposes of calling attention to the fact that the effects seen and left by the pattern of destruction of WTC1, 2 could not have been caused by jetliner impacts.  Instead, defendant chose to use its expertise to commit fraud based on either withholding information or manipulating information and by then accepting payment improperly.

(Complaint, at ¶ 35).

**1.    THE COMPLAINT DOES NOT PLEAD THE IDENTITY OF THE PERSON WHO COMMITTED FRAUD**

It is well settled that a complaint alleging fraud by a corporate entity or partnership must specify which particular corporate director or directors actually made the statements at issue.  *Mills*, 12 F.3d at 1175.  Simply attributing such statements to a corporate defendant or its board of directors as a whole is insufficient.  *Id.*; *see also Sarafoglou*, 451 F.

12

Supp. 2d at 623 (dismissing a complaint under Rule 9(b) in part because complaint failed to specify which employees or directors of defendant hospital were involved with alleged fraud). Relator's Complaint attributes the unspecified fraud to SOM, without pleading the name or position of the person who committed that fraud.

Similarly, where a complaint alleging fraud is filed against multiple defendants, the Second Circuit has held that the complaint must clearly connect defined fraudulent statements to specific defendants. *See Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986). A complaint that attributes statements in question to a group of defendants without more detail does not satisfy Rule 9(b). *Id.* Relator's Complaint simply lumps together a number of defendants, including SOM, without explaining which defendants purportedly made which statements. This is clearly insufficient under Rule 9(b).

## 2. THE COMPLAINT CONTAINS NO ALLEGATIONS REGARDING THE TIME, PLACE, OR SUBSTANCE OF THE ALLEGED FRAUDULENT CONDUCT

A complaint must also be dismissed under Rule 9(b) when it fails to plead the location or date on which the fraudulent statement was allegedly made. *See Sarafoglou*, 451 F. Supp. 2d at 623. Relator's complaint provides no such information.

Finally, a complaint alleging fraud must specify the "substance" and "details" of the actual statements that gave rise to the claim. *See U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006). Relator's Complaint lacks any such detail. It does not specify even one statement that SOM fraudulently provided to, or withheld from, NIST. In the absence of any factual support, Relator's claims are entirely conclusory and they must be dismissed as a matter of law.

As previously discussed, Relator assumes that because NIST's conclusions do not comport with Relator's farfetched explanation for the destruction of the World Trade Center, SOM must have somehow committed fraud. Such assumptions cannot form the basis of an action under the False Claims Act and this is precisely the kind of baseless leap of faith that Rule 9(b) prohibits. Relator's position is speculative, inaccurate, and untenable. Even when read in a light most favorable to Relator, the Complaint is entirely devoid of facts that support Relator's causes of action against SOM. For this reason alone, this Court must dismiss the Complaint as a matter of law.

### POINT IV

### RELATOR AND HIS COUNSEL SHOULD BE REQUIRED TO PAY ATTORNEYS' FEES AND EXPENSES BECAUSE THE COMPLAINT IS FRIVOLOUS

As already discussed, Relator's Complaint is both legally and factually deficient, and it is clear that his claims have absolutely no chance of success. He has completely disregarded the substantive and procedural requirements of Rule 9(b), and his theories that SOM committed fraud and the United States government destroyed the World Trade Center are unfounded and preposterous. Relator's claim is at minimum frivolous, and at most an abuse of both the False Claims Act and the federal court system.

To discourage such abuse, Congress included in the False Claims Act a section that provides courts with the discretion to award costs to parties forced to defend themselves against these types of meritless and improper lawsuits:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses **if the defendant prevails in the action and the court finds that the**

14

**claim of the person bringing the action was clearly frivolous,**
clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4) (emphasis added).   *See also* FED. R. CIV. P. 11(b)-(c) (authorizing

sanctions for claims brought for an improper purpose or that are frivolous or lack evidentiary

support).   Under this statute, sanctions may be awarded if the complaint is frivolous, even if

there is no showing that the action was vexatious or brought to harass the defendant. *See United*

*States ex. rel. Mikes v. Straus*, 274 F.3d 687, 705-06 (2d Cir. 2001).

   The Second Circuit has defined a frivolous claim as one that "[has] no reasonable

chance of success, and present[s] no valid argument to modify present law." *Mikes*, 274 F.3d at

706; *see also United States ex rel. Bain v. Ga. Gulf Corp.*, 208 Fed. Appx. 280, 283 (5th Cir.

2006) (holding that "a claim is frivolous if it has no arguable support in existing law or any

reasonably based suggestion for its extension.").   Included in this category are complaints that

are "bereft of any objective factual support", *see Mikes*, 274 F. 3d at 706, and complaints that do

not satisfy the heightened pleading requirements of Rule 9(b).   *See Bain*, 208 Fed. Appx. at 283-

84.   A relator's failure to demonstrate that he was an original source for publicly disseminated

information may by itself support a finding that his complaint is frivolous.   *See Bain*, 208 Fed.

Appx. at 283.

   Relator's Complaint is clearly frivolous as against SOM because as discussed in

Points I through III above, not one of his claims has any chance of success.   For example,

Relator has made absolutely no effort to comply with the heightened pleading requirements of

Rule 9(b), given that his Complaint fails to identify the substance, speaker, time or location of

even one purportedly fraudulent statement by SOM.

   Relator has also made  no attempt to demonstrate this Court's subject matter

jurisdiction over the instant action.   The Complaint establishes that Relator's sources are all in

the public domain, and Relator is not an original source for any of that information. Finally, Relator asserts four common law claims that he unquestionably lacks standing to bring as a matter of law. Simply put, the Complaint is so overwhelmingly factually and legally deficient that there can be no other conclusion but that it is frivolous. In order to discourage this kind of meritless litigation, this Court should award SOM the attorneys' fees and other costs that it expended to defend Relator's Complaint.

## CONCLUSION

Relator's baseless assertion that the United States government destroyed the World Trade Center with a secret laser provides no support for Relator's claims against SOM. The Complaint is entirely inadequate and is not close to meeting the requirements of Rule 9(b). Instead, it is clear that Relator commenced this action to promote his own absurd theories about September 11. For these reasons, the complaint against SOM must be dismissed, and SOM should be awarded its legal fees and expenses.

Dated: New York, New York
       October 8, 2007

ZETLIN & DE CHIARA LLP

By: _____
Michael J. Vardaro
*Attorneys for Skidmore, Owings & Merrill, LLP*
801 Second Avenue
New York, New York 10017
(212) 682-6800

16