UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DR. MORGAN REYNOLDS on behalf of the UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SCIENCE APPLICATIONS INTERNATIONAL CORP.; APPLIED RESEARCH ASSOCIATES, INC.; BOEING; NuSTATS; COMPUTER AIDED ENGINEERING ASSOCIATES, INC.; DATASOURCE, INC.; GEOSTAATS, INC.; GILSANZ MURRAY STEFICEK LLP; HUGHES ASSOCIATES, INC.; AJMAL ABBASI; EDUARDO KAUSEL; DAVID PARKS; DAVID SHARP; DANIELE VENEZANO; JOSEF VAN DYCK; KASPER WILLIAM; ROLF JENSEN & ASSOCIATES, INC.; ROSENWASSER/GROSSMAN CONSULTING ENGINEERS, P.C.; SIMPSON GUMPERTZ & HEGER, INC.; S.K. GHOSH ASSOCIATES, INC.; SKIDMORE, OWINGS & MERRILL, LLP; TENG & ASSOCIATES, INC.; UNDERWRITERS LABORATORIES, INC.; WISS, JANNEY, ELSTNER ASSOCIATES, INC.; AMERICAN AIRLINES; SILVERSTEIN PROPERTIES; and UNITED AIRLINES,  )<br>)<br>Defendants.  ) | Case No. 07CV4612 (GBD)<br><br>**DECLARATION OF PHILIP C. SEMPREVIVO** |

---

Philip C. Semprevivo, an attorney duly admitted to practice law in the State of New York, including the U.S. District for the Southern District of New York, certifies the following under penalty of perjury:

1. I am a member of Biedermann, Reif, Hoenig & Ruff, P.C., attorneys for defendant Underwriters Laboratories, Inc. ("UL") in the within matter. As such, I am familiar with the facts and circumstances surrounding this action based upon a review of the file maintained by this law office.

2. I submit this Declaration in support of UL's Notice of Joinder, hereby joining the motion to dismiss filed on behalf of defendant Applied Research Associates, Inc. ("ARA") PURSUANT TO Rules 12(b)(1) and 9(b) of the Federal Rules of Civil Procedure.

3. Defendant UL is a not-for-profit corporation in the State of Delaware, with its principal place of business located at 333 Pfingsten Road, Northbrook, Illinois. It engages in the examination and testing of representative samples of products, submitted to it by manufacturers in order to determine whether the samples so submitted comply with Defendant, Underwriters Laboratories, Inc.'s applicable Standards and Requirements.

4. UL provided fire testing consulting services to the National Institute of Standards and Technology (NIST) in relation to NIST's building and fire safety investigation of the September 11, 2001 WTC disaster.

5. UL adopts the arguments set forth in ARA's motion and supporting memorandum of law (the "ARA Motion") as they are equally applicable to UL and, thus, are incorporated herein by reference. UL also seeks the same relief requested in the ARA Motion upon the same grounds made therein, and further seeks an award of attorneys' fees and expenses due to the frivolous nature of Plaintiff/Relator's complaint.

6. In short, this action should be dismissed as against UL because (i) the Court lacks subject matter jurisdiction over the Relator's False Claims Act ("FCA") claims, (ii) the Relator's complaint fails to plead fraud with particularity as required

under the Federal Rules of Civil Procedure ("FRCP"), and (iii) the Relator lacks standing to bring common law claims on behalf of the United States Government.

7.      As set forth more fully in the ARA Motion, the Court lacks subject matter jurisdiction over the Relator's FCA claims (Counts 1-3) because the Relator's complaint admittedly relies solely upon previously disclosed public information.  Indeed, all of the allegations or transactions asserted in the Relator's complaint were publicly disclosed prior to his filing suit.  Such publicly disclosed information include, but may not be limited to, (a) an administrative investigation by the National Institute of Standards and Technology ("NIST") and its resulting report (NCSTAR 1), (b) multiple prior civil actions asserting substantially similar, if not identical, allegations, and (c) the news media.

8.      Under such a situation, the FCA provides that no court shall have jurisdiction over any action that is predicated upon publicly disclosed information unless, among other things, the person bringing the action is the original source of the information.  *See* 31 U.S.C. § 3730(e)(4)(B).

9.      Here, the Relator is not the original source of the information because he did not have direct and independent knowledge of the information in his complaint as mandated by FCA, nor did he voluntarily provide the publicly disclosed information to the government prior to filing his action.  In fact, the Relator never alleges any direct or independent knowledge of the information on which he basis his allegations.  To the contrary, all of the Relator's allegations are premised upon previously publicly disclosed information, of which the Relator was not the original source.

10. In addition, the Relator's complaint should also be dismissed because it fails to plead fraud with particularity as required under FRCP 9(b). As the ARA Motion explains in more depth, the Relator merely alleges that the billing statements and/or requests for reimbursement submitted by the defendants contained false claims and made false statements to the NIST. However, the Relator does not allege the details regarding any fraudulent claims that were allegedly submitted to the government by any of the defendants, including UL, the identity of the persons who purportedly made such false claims, and when and where such claims were submitted.

11. What is more, the Relater fails to plead with particularity the underlying fraudulent conduct or scheme that generated the allegedly false claims, such as how the defendants contributed to the supposedly fraudulent nature of NCSTAR 1. In sum, the Relator's complaint contains nothing more than mere conclusory allegations of fraud that do not satisfy the requirements of FRCP 9(b).

12. Further, the Relator's common law claims for unjust enrichment, payment by mistake, recoupment of overpayment and common law fraud (Counts 4-7) should be dismissed as a matter of law because the Relator has no standing to bring these claims.

13. As more fully explained in the ARA Motion, the Relator has not alleged that he has sustained any injury due to the defendants' alleged fraudulent conduct. Accordingly, the FCA does not bestow standing on the Relator to assert such common law claims on behalf of the government. Accordingly, those claims should also be dismissed.

14. Finally, UL requests that the Court award it attorneys' fees and expenses due to the frivolous nature of the Relator's complaint. As discussed above and more

fervently in the ARA Motion, the Relator's complaint lacks any merit in both fact and law. Clearly, the Relator's complaint has no chance of success as it premised upon outlandish theories and baseless allegations.

**WHEREFORE**, for all the foregoing reasons, in addition to all of the arguments set forth in the ARA Motion, defendant Underwriting Laboratories, Inc. seeks an Order:

(a) dismissing the complaint of the Plaintiff/Relator with prejudice;

(b) awarding Underwriting Laboratories, Inc. attorneys' fees and expenses; and

(c) granting such other and further relief as this Court deems just and proper.

Dated: October 9, 2007

Respectfully submitted,

BIEDERMANN, REIF, HOENIG & RUFF, P.C.

By: _____
Philip C. Semprevivo (PS1526)

570 Lexington Avenue
New York, New York 10022
(212) 697-6555
psemprevivo@bhmr.com

*Attorneys for Defendant Underwriters Laboratories, Inc.*

## CERTIFICATION OF SERVICE

I hereby certify that on October 9, 2007, I electronically filed the foregoing Declaration with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following e-mail addresses:

Jerry V. Leaphart, Esq.
jsleaphart@cs.com
*Attorney for Relator*

Gail D. Zirkelbach, Esq.
Adam S. Ennis, Esq.
William David Byassee, Esq.
E. Leslie Hoffman, III, Esq.
gdzirkelbach@jacksonkelly.com
aennis@jacksonkelly.com
dbyassee@jacksonkelly.com
phoffman@jacksonkelly.com
*Attorneys for Applied Research Associates, Inc.*

David M. Pollock, Esq.
dpollock@donovanhatem.com
*Attorney for Simpson, Gumpertz & Heger, Inc. and Computer Aided Engineering Associates, Inc.*

Philip Touitou, Esq.
ptouitou@hinshawlaw.com
*Attorney for Wise, Janney, Elstner Associates, Inc. Rolf Jensen Associates, Inc., and Teng & Associates, Inc.*

Chad Everett Sjoquist, Esq.
csjoquist@zdlaw.com
*Attorney for Skidmore, Owings & Merrill, LLP*

And I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants by U.S. Mail, first class, postage prepaid and addressed to the following:

None.

Dated: October 9, 2007

          BIEDERMANN, REIF, HOENIG & RUFF, P.C.

          By: _____
              Philip C. Semprevivo (PS1526)

          570 Lexington Avenue
          New York, New York 10022
          (212) 697-6555
          psemprevivo@bhmr.com

          *Attorneys for Defendant Underwriters Laboratories, Inc.*