**Exhibit A**

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DR. MORGAN REYNOLDS on behalf
of the UNITED STATES OF AMERICA

          Plaintiff,

vs.

SCIENCE APPLICATIONS
INTERNATIONAL CORP.; APPLIED
RESEARCH ASSOCIATES, INC.;
BOEING, NuSTATS; COMPUTER
AIDED ENGINEERING ASSOCIATES,
INC.; DATASOURCE, INC.;
GEOSTAATS, INC.; GILSANZ
MURRAY STEFICEK LLP; HUGHES
ASSOCIATES, INC.; AJMAL ABBASI;
EDUARDO KAUSEL; DAVID PARKS;
DAVID SHARP; DANIELE VENEZANO;
JOSEF VAN DYCK; KASPAR WILLIAM;
ROLF JENSEN & ASSOCIATES, INC.;
ROSENWASSER/GROSSMAN
CONSULTING ENGINEERS, P.C.;
SIMPSON GUMPERTZ & HEGER, INC.;
S. K. GHOSH ASSOCIATES, INC.;
SKIDMORE, OWINGS & MERRILL,
LLP; TENG & ASSOCIATES, INC.;
UNDERWRITERS LABORATORIES,
INC.; WISS, JANNEY, ELSTNER
ASSOCIATES, INC.; AMERICAN
AIRLINES; SILVERSTEIN PROPERTIES;
and UNITED AIRLINES,

          Defendants.

Case No. 07CV4612 (GBD)

**APPLIED RESEARCH ASSOCIATES, INC.'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(1) AND 9(b)**

{D0466300.1}

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... iii

INTRODUCTION .................................................................................................................... 1

I.   The NIST Investigation.......................................................................................................... 1

II.  Relator's Complaint .............................................................................................................. 2

ARGUMENT ........................................................................................................................... 3

I.   False Claims Act, Section 3729 Claims................................................................................ 3

II.  Relator's First, Second and Third Claims for Relief Under the False Claims Act Must be
     Dismissed because this Court Lacks Subject Matter Jurisdiction ........................................ 4

   a. The Standard For Dismissal For Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)...
      ........................................................................................................................................... 4

   b. This Court Lacks Subject Matter Jurisdiction Over Relator's FCA Claims Pursuant to the
      First to File Bar.................................................................................................................. 5

      i. Section 3730(b)(5) of the FCA Establishes a First to File Bar .......................................... 5

      ii. Relator's Complaint Asserts the Same Elements of Fraud as the Wood Suit.................... 6

   c. This Court Also Lacks Subject Matter Jurisdiction Over Relator's FCA Claims Pursuant to
      the Public Disclosure Bar .................................................................................................. 7

      i. Section 3730(e)(4) of the FCA Establishes a Public Disclosure Bar................................. 7

      ii. The Allegations in Relator's Complaint Have Been Publicly Disclosed.......................... 8

         1. The Allegations and Transactions Underlying Relator's Complaint Were Publicly
            Disclosed During the NIST Investigation and NCSTAR1 ............................................. 9

         2. The Allegations Asserted in Relator's Complaint Were Publicly Disclosed in Prior
            Civil Hearings ........................................................................................................... 10

         3. The Allegations Underlying Relator's Complaint Were Publicly Disclosed by Various
            News Sources............................................................................................................ 11

      iii. These Publicly Disclosed Allegations and Transactions are Substantially Similar to the
           Allegations in Relator's Complaint.............................................................................. 12

i

iv.  Relator is Not an Original Source Under Section 3730(e)(4) of the FCA ..................... 13

1.  Relator Does Not Have Direct and Independent Knowledge of the Information Upon Which His FCA Claims are Based............................................................................. 14

III.  Relator's Complaint Also Must Be Dismissed For Failure to Plead Fraud With Particularity...................................................................................................................... 16

a.  Allegations Under the False Claims Act Must Satisfy the Requirements of Rule 9(b) ......................................................................................................................... 16

b.  Relator's Complaint Should Be Dismissed For Failure to Plead Any Particulars Regarding a Single Fraudulent Claim .................................................................................. 17

i.  An FCA Complaint Must Allege Details Regarding Specific False Claims Submitted to the Government ............................................................................................... 17

ii.  Relator's Complaint Does Not Identify a Single False Claim That Was Submitted to the Government ....................................................................................................... 18

c.  Relator's Complaint Should Be Dismissed For Failure to Plead Any Particulars Regarding Defendants' Alleged Fraudulent Scheme That Resulted in the Submission of False Claims ................................................................................................................................. 19

i.  An FCA Complaint Must Allege Specific Details Regarding the Fraudulent Scheme That Allegedly Led to the Submission of False Claims .......................................................... 19

ii.  Relator's Complaint Fails to Plead Any Particulars Regarding Defendant's Alleged Fraudulent Scheme .................................................................................................. 19

1.  Relator Fails to Explain How the Defendants Contributed to the Alleged Fraudulent Nature of NCSTAR 1 ................................................................................................. 20

2.  Relator Fails to Attribute Specific Instances of Fraud to Specific Defendants ............. ....................................................................................................................................... 21

3.  Relator Fails to Specify Whether NIST Was Complicit With the Defendants in the Alleged Fraud......................................................................................................... 22

IV.  The Common Law Claims Should be Dismissed ............................................................... 22

V.  ARA Should be Awarded Attorneys' Fees and Expenses Pursuant to 31 U.S.C. § 3730(d)(4) . ....................................................................................................................................... 23

CONCLUSION........................................................................................................................ 23

ii

# TABLE OF AUTHORITIES

**Page**

**Cases**

*United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.,* 186 F.Supp.2d 458 (S.D.N.Y. 2002)..................................................................... 4, 12, 13, 14, 15, 16, 17

*Siteworks Contracting Corp. v. W. Sur. Co.,* 461 F.Supp.2d 205 (S.D.N.Y. 2006) ....................... 4

*Graubart v. Jazz Images, Inc,* No. 02-CV-4645(KMK) 2006 WL 1140724 (S.D.N.Y. Apr. 27, 2006) ............................................................................................................................................. 4, 5

*United States ex rel. Smith v. Yale University,* 415 F.Supp.2d 58 (D.Conn. 2006)............ 5, 14, 15

*United States ex rel. Anti-Discrimination Ctr. of Metro New York, Inc. v. Westchester County,* 495 F.Supp.2d 375 (S.D.N.Y. 2007).................................................................................................. 5

*United States ex rel. Dr. Judy Wood v. Applied Research Assoc., Inc.,* No. 07 Civ. 3314 (GBD) (S.D.N.Y. filed April 25, 2007) ......................................................................................................... 5

*United States ex rel. Smith v. Yale New Haven Hosp.,* No. Civ. 3:02CV1205(PCD), 2006 WL 387297 (D. Conn. Feb. 14, 2006) ..................................................................................................... 5, 6

*United States ex rel. Pentagen Techs. Int'l, Ltd. v. CACI Int'l Inc.,* 172 F.3d 39 (2d Cir. 1999)..... ................................................................................................................................................................ 6

*United States ex rel. Capella v. United Techs. Corp.,* No. 3:94-CV-2063 (EBB), 1999 WL 464536 (D. Conn. June 3, 1999) ...................................................................................................... 6

*United States ex rel. LaCorte v. Smithkline Beecham Clinical Labs., Inc.,* 149 F.3d 227 (3rd Cir. 1998) .............................................................................................................................................. 6, 7

*United States ex rel. Ortega v. Columbia Healthcare, Inc.,* 240 F.Supp.2d 8 (D.D.C. 2003).......... ............................................................................................................................................................. 6, 7

*United States ex rel. Mikes v. Straus,* 931 F.Supp. 248 (S.D.N.Y. 1996)................................. 8, 13

*United States ex rel. Kreindler & Kreindler v. United Techs. Corp.,* 985 F.2d 1148 (2d Cir. 1993) ................................................................................................................................ 8, 12, 13, 14, 16, 22

*United States ex rel. John Doe v. John Doe Corp.,* 960 F.2d 318 (2d Cir. 1992) .... 8, 9, 10, 12, 13

*United States ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.,* 152 F.Supp.2d 443 (S.D.N.Y. 2001) ................................................................................................................................................... 8

*Gold v. Morrison-Knudsen Co.,* 68 F.3d 1475 (2d Cir. 1995).................................................. 9, 16

{D0466300.1}

*United States ex rel. Huangyan Imp. & Exp. Corp. v. Nature's Farm Prods., Inc.*, No. 00 Civ. 6593(SHS), 2004 WL 74310 (S.D.N.Y. Jan. 15, 2004) .................................................. 10

*Edward F. Haas v. Secretary*, No. 07-CIV-3623(VM) (S.D.N.Y. filed May 10, 2007) ........ 10, 11

*Kevin Ryan v. Underwriters Labs., Inc.*, No. 1:06-cv-1770-JDT-TAB (S.D. Ind. filed Nov. 16, 2006) .......................................................................................................................... 11

*United States ex rel. Woods v. Empire Blue Cross and Blue Shield*, No. 99 Civ. 4968(DC), 2002 WL 1905899 (S.D.N.Y. Aug. 19, 2002) ...................................................................... 12

*United States ex rel. Pentagen v. CACI Int'l*, No. 96 CIV. 7827(RWS), 1997 WL 473549 (S.D.N.Y. Aug. 18, 1997) ....................................................................................... 12, 16

*United States ex rel. Dick v. Long Island Lighting Co.*, 912 F.2d 13 (2d Cir. 1990) .................. 13

*United States ex rel. Mistick PBT v. Hous. Auth.*, 186 F.3d 376 (3rd Cir. 1999) ........................ 13

*United States ex rel. DeCarlo v. Kiewit/AFC Enters., Inc.*, 937 F.Supp. 1039 (S.D.N.Y. 1996)..... ................................................................................................ 13, 14, 17, 18, 19

*United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prud. Ins. Co.*, 944 F.2d 1149 (3d Cir. 1991) ................................................................................................... 14

*Rockwell Int'l Corp. v. United States*, 127 S.Ct. 1397 (2007) ............................................... 14, 16

*United States v. New York Med. Coll.*, 252 F.3d 118 (2d Cir. 2001)) ........................................ 15

*United States ex rel. Smith v. New York Presbyterian Hosp.*, No. 06 Civ. 4056(NRB), 2007 WL 2142312, (S.D.N.Y. July 18, 2007) .......................................................................... 16, 17

*United States ex rel. Barmak v. Sutter Corp.*, No. 95 Civ. 7637(KTD), 2003 WL 21436213, (S.D.N.Y. June 20, 2003) ................................................................................... 16, 17, 18

*United States ex rel. Monda v. Sikorsky Aircraft Corp.*, 2005 WL 1925903, No. Civ. 3:99CV1026(JBA) (D.Conn. Aug. 11, 2005) ............................................................... 17

*Devaney v. Chester*, 709 F.Supp. 1255 (S.D.N.Y. 1989) .......................................................... 17

*McFarland v. Memorex Corp.*, 493 F.Supp. 631 (N.D. Cal. 1980) ........................................... 17

*Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001) .......................................................... 17

*Wang v. FMC Corp.*, 975 F.2d 1412 (9th Cir. 1992) ............................................................... 17

iv

*United States ex rel. Karvelas v. Melrose–Wakefield Hosp.*, 360 F.3d 220 (1st Cir. 2004)) ........... ................................................................................................................ 17, 18, 19, 20

*United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F.Supp.2d 141 (D.Mass 2000).............. 18

*In re Cardiac Devices Qui Tam Litig.*, 221 F.R.D. 318 (D.Conn. 2004) ............................... 18, 19

*United States ex rel. Clausen v. Lab. Corp. of America, Inc.*, 290 F.3d 1301 (11th Cir. 2002)... 18

*United States ex rel. Vallejo v. Investronica, Inc.*, 2 F.Supp.2d 330 (W.D.N.Y. 1998) ......... 18, 19

*Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997 (2d Cir. 1988) ....................................... 19

*United States ex rel. Capella v. Norden Sys., Inc.*, No. 3:94-CV-2063 (EBB), 2000 WL 1336487 (D.Conn. Aug. 24, 2000) ............................................................................... 19

*O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674 (2d Cir.1991) ........................... 21

*Luce v. Edelstein*, 802 F.2d 49 (2d Cir. 1986) ................................................... 21

*Landy v. Mitchell Petroleum Tech. Corp.*, 734 F.Supp. 608 (S.D.N.Y. 1990)........................ 21

*Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York*, 808 F.Supp. 213 (S.D.N.Y. 1992).... ................................................................................................................. 21, 22

*United States ex rel. Bain v. Georgia Gulf Corp.*, 208 Fed. Appx. 280 (5th Cir. 2006) .......... 23

## Statutes

National Construction Safety Team Act ("NCSTA"), 15 U.S.C. § 7301 *et seq.* ........................ 2

False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3731 ...................................... 3, 4, 5, 8, 9, 14, 23

28 U.S.C. § 1331 ....................................................................................... 4

## Rules

Fed. R. Civ. P. 9(b) ..................................................................... 3, 16, 17, 18, 19, 21

Fed. R. Civ. P. 12(b)(1).................................................................................. 3, 4, 5

Fed. R. Civ. P. 42(a) ...................................................................................... 6

## Websites

Relator's personal website *available at* http://www.nomoregames.net ........................... 1

v

{D0466300.1}

Relator is expelled from the Scientific Panel Investigating Nine Eleven *available at* http://www.nomoregames.net/index.php?page=911&subpage1=reynolds_booted_spine............. 1

Relator's article rearding his theories is rejected for publication by the Journal of 9/11 Trade Studies *available at* http://www.nomoregames.net/index.php?page=911&subpage1=exploding_ the_airliner_crash_myth ........................................................................................................ 1

Request for Correction from Dr. Judy Wood to Nat'l Inst. of Standards & Tech. (Mar. 16, 2007) *available at* http://www.ocio.os.doc.gov/ITPolicyandPrograms/Information_Quality/ssLINK/ PROD01_002667 .................................................................................................................... 10

Michael Shermer, *Fahrenheit 2777*, SCIENTIFIC AMERICAN, May 23, 2005, *available at* http://www.sciam.com/article.cfm?chanID=sa006&articleID=000DA0E2-1E15-128A-9E1583414B7F0000 ........................................................................................................... 12

Lev Grossman, *Why the 9/11 Conspiracy Theories Won't Go Away*, TIME, Sep. 03, 2006, *available at* http://www.time.com/time/magazine/article/0,9171,1531304,00.html ................... 12

Benjamin Chertoff, et al., POPULAR MECHANICS, March 2005, *available at* http://www.popularmechanics.com/technology/military_law/1227842.html .............................. 12

9/11 conspiracy theory website *available at* http://www.911closeup.com ................................... 16

9/11 conspiracy theory website *available at* http://www.media-criticism.com/911_video_fakes_ 01_2004.html ........................................................................................................................ 16

9/11 conspiracy theory website *available at* http://www.thewebfairy.com/911 .......................... 16

9/11 conspiracy theory website *available at* http://www.911tvfakery.net; http://911hoax.com.. 16

**Other**

Nat'l Inst. of Standards & Tech., U.S. Dep't of Commerce, Final Report on the Collapse of the World Trade Center Towers (2005), ("NCSTAR 1")..................................................... 2, 9, 20, 22

Webster's Third New International Dictionary (1976).............................................................. 14

{D0466300.1}

# INTRODUCTION

The image of commercial aircraft colliding with the World Trade Center Towers on the morning of September 11, 2001 remains indelibly etched in the minds of every American. The immediate aftermath of the crashes was horrific, as fire and smoke billowed from the buildings, and within two hours, both buildings collapsed. All told, terrorists demolished a bold and enduring symbol of American freedom and murdered nearly 3,000 innocent men, women and children, both in the buildings and aboard the aircraft.

Relator believes that the events of September 11 were a hoax and that no aircraft struck the World Trade Center Towers. Relator is attempting to misuse the False Claims Act to profit from this tragedy in a most peculiar way. Relator alleges that the Defendants conspired with the United States Government to demolish the World Trade Center Towers using lasers orbiting in space and then created an elaborate cover story including the lie that aircraft struck the World Trade Center.[1] As part of this supposed conspiracy, Relator alleges that the Defendants submitted false claims for payment to the United States Government. Ignoring the absurd nature of Relator's allegations, Defendant Applied Research Associates, Inc. "(ARA") hereby moves the Court to dismiss Relator's Complaint for lack of subject matter jurisdiction and failure to plead fraud with particularity.

## I.    The NIST Investigation

Immediately following the terrorist attacks of September 11, the United States Government began efforts to determine why the World Trade Center 1 and World Trade Center

---

[1]    Relator maintains a website, www.nomoregames.net, detailing his conspiracy theories. However, Relator's theories are considered outlandish and inflammatory even in conspiracy theorist circles. For example, following an interview on FOX News Channel in 2006 in which Relator said that no aircraft struck the WTC, Relator was expelled from the Scientific Panel Investigating Nine Eleven ("SPINE"). *See* http://nomoregames.net/index.php?page=911&subpage1=reynolds_booted_spine. In August 2006, the *Journal of 9/11 Truth Studies* refused to publish a paper co-written by Relator outlining his theory that no aircraft struck the WTC. *See* http://www.nomoregames.net/index.php?page=911&subpage1=exploding_the_airliner_crash_myth.

1

2 buildings ("WTC 1" & "WTC 2," together "WTC Towers") collapsed. On August 21, 2002, the National Institute of Standards and Technology ("NIST") announced its intent to conduct a building and fire safety investigation of the WTC disaster (the "NIST Investigation"). On October 1, 2002, the National Construction Safety Team Act ("NCSTA") was signed into law, 15 U.S.C. § 7301 *et seq.*, and the NIST Investigation was subsequently conducted under the NCSTA's authority. The NIST Investigation was funded through the Federal Emergency Management Agency ("FEMA"). The specific objectives of the NIST Investigation included, *inter alia*, to "[d]etermine why and how WTC 1 and WTC 2 collapsed <u>following the initial impacts of the aircraft</u> and why and how WTC 7 collapsed." Nat'l Inst. of Standards & Tech., U.S. Dep't of Commerce, Final Report on the Collapse of the World Trade Center Towers (2005), p. xxix (emphasis added) (hereinafter "NCSTAR 1"). On October 26, 2005, NIST released NCSTAR 1, which is at issue in this suit.

## II.    Relator's Complaint

On May 31, 2007, Relator filed this action under seal pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-3731 ("FCA"). Relator alleges that Defendants created the false impression that aircraft struck the WTC Towers through some sort of "psychological operation" and, therefore, any conclusion that aircraft impacts and subsequent jet fuel fires caused the collapse of the WTC Towers is not only wrong, but somehow fraudulent. Relator seems to allege that the Defendants are liable to the Government under the FCA for manipulating the NIST Investigation and providing false information to the Government. The United States investigated Relator's allegations for less than one month and, on June 22, 2007, declined intervention. On July 6, 2007, the Court ordered that Relator's Complaint be unsealed and served upon Defendants. Relator's First, Second and Third Causes of Action allege

2

violations of §§ 3729(a)(1), (2), and (7) of the FCA, respectively.[2] All three claims are asserted against all 27 named Defendants.

Aside from the preposterous and offensive nature of Relator's allegations, Relator's Complaint is legally deficient and fails to support the relief sought. First, this Court lacks subject matter jurisdiction over Relator's FCA claims because they are statutorily barred by the first to file and public disclosure bars. Specifically, Relator's FCA claims are barred by the first to file bar because they are based on the same underlying facts as a previously filed FCA suit currently pending before this Court, and barred by the public disclosure bar because Relator's allegations are based entirely on information in the public domain and Relator is not an original source.

Second, Relator's Complaint failsto allege fraud with the particularity required under Fed. R. Civ. P. 9(b). Relator does not identify with particularity a single false claim that was allegedly submitted to the Government by any of the Defendants. Relator further fails to provide any particulars regarding the underlying conduct that allegedly resulted in Defendants' submission of false claims for payment. As Relator does not specify how the Defendants contributed to the fraudulent nature of NCSTAR 1, what fraudulent actions any Defendant engaged in, or the extent of Government complicity in any alleged fraud, his Complaint fails to satisfy the particularity requirements of Rule 9(b). For these reasons, Relator's Complaint must be dismissed under Rules 12(b)(1) and 9(b).

## ARGUMENT

### I.     False Claims Act, Section 3729 Claims

Relator alleges Defendants violated §§ 3729(a)(1), (2),a nd (7) of the FCA, which impose liability on any person who: "knowingly presents, or causes to be presented, to an officer or

---

[2]   Relator's Complaint also included four additional Causes of Action asserting common law claims of unjust enrichment, payment by mistake, recoupment of overpayments and common law fraud. However, Relator and ARA jointly stipulated to dismiss Causes of Action Four, Five, Six and Seven as against ARA.

{D0466300.1}

employee of the United States Government ... a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1); "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government," 31 U.S.C. § 3729(a)(2); or "knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government," 31 U.S.C. § 3729(a)(7). However, before a Court has jurisdiction to consider an action by an individual alleging violations of any of these sections, that individual must satisfy certain specific criteria which Relator in this case fails to meet.

**II.    Relator's First, Second and Third Claims For Relief Under the False Claims Act Must Be Dismissed Because This Court Lacks Subject Matter Jurisdiction**

It is axiomatic that United States District Courts are courts of limited jurisdiction. *United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.*, 186 F.Supp.2d 458 (S.D.N.Y. 2002). Federal courts must have a valid basis to assert jurisdiction over the subject matter of a plaintiff's claims before adjudicating a case. *Siteworks Contracting Corp. v. W. Sur. Co.*, 461 F.Supp.2d 205, 207-208 (S.D.N.Y. 2006). Section 1331 of the United States Code grants federal courts jurisdiction over "all civil actions arising under the ... laws ... of the United States." 28 U.S.C. § 1331. Section 3730 of the FCA establishes the jurisdiction of federal district courts over FCA claims. *See Alcohol Found.*, 186 F.Supp.2d at 461.

**a.    The Standard For Dismissal For Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of a case when the court lacks jurisdiction over the subject matter. *Graubart v. Jazz Images, Inc*,N o. 02-CV-4645(KMK) 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006). Plaintiffs bear the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *Id.* In ruling on a motion

4

{D0466300.1}

to dismiss for lack of subject matter jurisdiction, the court "must accept as true all material factual allegations in the Complaint," but cannot draw any inferences favorable to the plaintiff. *Id.* (citations omitted). If the defendant presents a factual challenge to subject matter jurisdiction, the court may "weigh and consider evidence outside the pleadings to determine whether subject matter jurisdiction exists." *United States ex rel. Smith v. Yale University*, 415 F.Supp.2d 58, 69 (D.Conn. 2006) (citations omitted); *Graubart*, 2006 WL 1140724 at * 2. The court must dismiss a case "for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *United States ex rel. Anti-Discrimination Ctr. of Metro New York, Inc. v. Westchester County*, 495 F.Supp.2d 375, 379 (S.D.N.Y. 2007) (citations omitted).

> **b.  This Court Lacks Subject Matter Jurisdiction Over Relator's FCA Claims Pursuant to the First to File Bar**

Relator's FCA claims are barred because they rely on the same facts and mirror the allegations in *United States ex rel. Dr. Judy Wood v. Applied Research Assoc., Inc.*, No. 07 Civ. 3314 (GBD) (S.D.N.Y. filed April 25, 2007) (the "Wood Suit"). *See* "Affidavit of Gail D. Zirkelbach in Support of Applied Research Associates, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 9(b)" ("Affidavit"), ¶ 4, Exhibit A, Wood Suit Complaint. The FCA bars successive relators from bringing FCA suits based on the same underlying facts. As the Wood Suit was pending when Relator filed his Complaint and relies on the same underlying facts, Relator's claims are barred.

> **i.  Section 3730(b)(5) of the FCA Establishes a First to File Bar**

Section 3730(b)(5) of the FCA, the "first to file" bar, provides: "[w]hen a person brings an action under this subsection, no person other than the Government may intervene <u>or bring a related action based on the facts underlying the pending action</u>." (emphasis added). *See, e.g.*

5

*United States ex rel. Smith v. Yale New Haven Hosp.*, No. Civ. 3:02CV1205(PCD), 2006 WL 387297 (D. Conn. Feb. 14, 2006). In this Circuit, the first to file bar divests courts of subject matter jurisdiction. *See United States ex rel. Pentagen Techs. Int'l, Ltd. v. CACI Int'l Inc.*, 172 F.3d 39 (2d Cir. 1999). The allegations in successive FCA suits need not be identical for the first to file bar to apply. *See United States ex rel. Capella v. United Techs. Corp.*, No. 3:94-CV-2063 (EBB), 1999 WL 464536 at * 9 (D. Conn. June 3, 1999) ("[S]ection 3730(b)(5) precludes a subsequent relator's claim that alleges the defendant engaged in the same type of wrongdoing as that claimed in a prior action.") "Rather, if a later allegation states all the essential facts of a previously-filed claim, the two are related and section 3730(b)(5) bars the later claim, even if that claim incorporates somewhat different details." *United States ex rel. LaCorte v. Smithkline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 232-33 (3rd Cir. 1998). Thus, Relator's FCA claims are barred if they assert "the same elements of fraud" as the Wood Suit. *Id.* at 233.

### ii.     Relator's Complaint Asserts the Same Elements of Fraud as the Wood Suit

As the Wood Suit is based on the same underlying facts and asserts the same allegations as Relator's Complaint, Relator's FCA claims are barred. The Wood Suit, filed April 25, 2007, was indisputably pending when Relator filed his Complaint on May 31, 2007. *See United States ex rel. Ortega v. Columbia Healthcare, Inc.*, 240 F.Supp.2d 8, 14 (D.D.C. 2003) ("The date the complaint is filed with the court is the date on which it is broughtf or purposes of § 3730(b)(5)"). Moreover, Relator's counsel admitted the cases are closely related when he requested Judge George B. Daniels consolidate the two suits pursuant to Fed. R. Civ. P. 42(a). *See* Affidavit,¶ 5, Exhibit B, Letter from Jerry v. Leaphart, Counsel for Relator, to Judge George B. Daniels. Relator asserted that consolidation is appropriate because "[e]ach of these complaints contain similar allegations against common defendants and were filed within 6 weeks of each other. The

6

plaintiffs/relators are represented by the same law firm and the cases were prepared and filed by the same attorney." *Id.* Relator concedes the "closely related nature of the factual and legal claims presented against common defendants." *Id.*

Furthermore, a review of the two complaints reveals they are virtually identical. *See Ortega*, 240 F.Supp.2d at 15 ("The only evidence needed to determine if a complaint is barred by § 3730(b)(5)'s first-to-file rule is the complaints themselves") (citing *LaCorte*, 149 F.3d at 235 n. 6). In fact, 73 of the 81 paragraphs in Relator's Complaint are verbatim or near-verbatim copies of paragraphs in Wood's complaint.[3] Furthermore, both complaints allege that the Defendants conspired to destroy the WTC Towers using DEWs and subsequently engaged in a "psychological operation" to give the allegedly false impression that aircraft struck the Towers. Finally, both complaints allege that NCSTAR 1 is false and assert the same seven causes of action against the same 27 Defendants. In sum, Relator and Wood's allegations are not merely related, they are the same. Therefore, Relator's claims are barred and must be dismissed.

### c.   This Court Also Lacks Subject Matter Jurisdiction Over Relator's FCA Claims Pursuant to the Public Disclosure Bar

The public disclosure bar precludes subject matter jurisdiction if (1) there has been a prior public disclosure of the information on which the relator's claims are based, and (2) the relator is not an original source of the information on which his claims are based. Because Relator's FCA claims are based on publicly disclosed information and Relator is not an original source, the Court lacks subject matter jurisdiction and Relator's claims must be dismissed.

### i.   Section 3730(e)(4) of the FCA Establishes a Public Disclosure Bar

Under § 3730(e)(4), federal courts lack subject matter jurisdiction over FCA actions based on allegations or transactions that have been publicly disclosed, unless the relator is an

---

[3]  44 of the 81 paragraphs in Relator's Complaint are copied verbatim from Wood's complaint, and an additional 29 paragraphs contain only minor changes.

7

original source. *United States ex rel. Mikes v. Straus*, 931 F.Supp. 248, 252 (S.D.N.Y. 1996). "Section 3730(e)(4) is intended to bar 'parasitic lawsuits' based upon publicly disclosed information in which would-be relators seek remuneration although they contributed nothing to the exposure of the fraud." *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1157 (2d Cir. 1993) (internal quotations and citations omitted). The statutory bar "was designed to preclude *qui tam* suits based on information that would have been equally available to strangers to the fraud transaction had they chosen to look for it as it was to the relator." *Id.* (citing *United States ex rel. John Doe v. John Doe Corp.*, 960 F.2d 318, 322 (2d Cir. 1992)).

> Section 3730(e)(4)(A) states:
>
> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

Under this Section, the court must first determine whether the "allegations or transactions" upon which the claims are based were "publicly disclosed" in one of the identified manners. *United States ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F.Supp.2d 443, 453 (S.D.N.Y. 2001). Then, if the Complaint is based on publicly disclosed information, the Court must determine if the relator is an original source. *Id.* If there was a public disclosure and the relator is not an original source, the case must be dismissed.

### ii.     The Allegations in Relator's Complaint Have Been Publicly Disclosed

All of the "allegations or transactions" asserted in Relator's Complaint were publicly disclosed prior to his filing this suit. Relator's allegations are based entirely on information made publicly available through an administrative investigation and resulting report, prior civil

{D0466300.1}

actions and the news media. Because this information was equally available to any member of the public as it was to Relator, Relator's FCA claims are barred and this case must be dismissed.

> **1.     The Allegations and Transactions Underlying Relator's Complaint Were Publicly Disclosed During the NIST Investigation and in NCSTAR 1**

The FCA claims asserted in Relator's Complaint are based on information disclosed during the NIST Investigation and in NCSTAR 1. Information disclosed pursuant to an administrative investigation or in an administrative report is publicly disclosed for the purposes of the public disclosure bar. § 3730(e)(4)(A); *John Doe*, 960 F.2d at 323-324.

As described above, NCSTAR 1 is the final report of NIST's Investigation into the collapse of the WTC Towers, and "describes how the aircraft impacts and subsequent fires led to the collapse of the towers after terrorists flew jet fuel laden commercial airliners into the buildings." NCSTAR 1, p. xiii. The report also describes "how NIST reached its conclusions," including NIST's use of private sector technical experts to assist the Investigation. *Id.* NCSTAR is indisputably an "administrative ... report" under § 3730(e)(4)(A), and constitutes a "public disclosure" of all "transactions" contained therein. *See Gold v. Morrison-Knudsen Co.*, 68 F.3d 1475, 1476-77 (2d Cir. 1995) ("administrative reports" constitute public disclosure). NIST is a nonregulatory agency of the U.S. Department of Commerce's Technology Administration, and the NIST Investigation was conducted pursuant to the NCSTA and funded by the U.S. Congress through FEMA. NCSTAR 1, p. xxix. Thus, all information contained in NCSTAR 1 is publicly disclosed for the purposes of the FCA.

Furthermore, the allegation that no aircraft struck the WTC Towers and that "Directed Energy Weapons" ("DEW") caused the collapse of the WTC Towers was publicly disclosed during NIST's Investigation. On March 16, 2007, Dr. Judy Wood submitted a Request for

9

{D0466300.1}

Correction ("RFC") of NCSTAR 1 asserting it was "fraudulent, misleading, or deceptive" because it erroneously concluded that aircraft impacts caused the collapse of the WTC Towers. *See* Affidavit, ¶6 , Exhibit C, Request for Correction from Dr. Judy Wood to Nat'l Inst. of Standards & Tech. (Mar. 16, 2007), p. 43.[4] Dr. Wood asserts that her RFC contains information "confirming the existence of significant evidence of 'Unusual energy impacts' that are consistent with Directed Energy Weapons (DEW) having been used as a causal factor in the destruction of the World Trade Center complex on 11 September, 2001." *Id.* As this RFC was submitted pursuant to an "administrative … investigation" and is publicly available on the internet, it constitutes a public disclosure under §3730(e)(4)(A). *See John Doe*, 960 F.2d at 323 (disclosure pursuant to administrative investigations bars FCA claims). Thus, Dr. Wood's RFC publicly disclosed the allegations contained in Relator's Complaint over 2.5 months before Relator filed his Complaint.

### 2.     The Allegations Asserted in Relator's Complaint Were Publicly Disclosed in Prior Civil Hearings

Three recent civil actions constitute additional "public disclosures" of the allegations in Relator's Complaint. In the Second Circuit, "information is publicly disclosed when it is available to anyone who wishes to consult a court file." *United States ex rel. Huangyan Imp. & Exp. Corp. v. Nature's Farm Prods., Inc.*, No. 00 Civ. 6593(SHS), 2004 WL 74310, at *3 (S.D.N.Y. Jan. 15, 2004) (internal quotations and citations omitted). Thus, all of the allegations and transactions contained in these prior civil actions were "publicly disclosed" under the FCA.

In fact, Relator's own counsel has filed at least two other suits related to the collapse of the WTC Towers. In addition to the Wood Suit, on May 10, 2007, Relator's counsel sought to enjoin the ongoing NIST Investigation into the collapse of WTC 7. *See* Affidavit, ¶ 7, Exhibit D,

---

[4] *Available at* http://www.ocio.os.doc.gov/ITPolicyandPrograms/Information_Quality/ssLINK/PROD01_002667.

{D0466300.1}

*Edward F. Haas v. Secretary*, No. 07-CIV-3623(VM) (S.D.N.Y. filed May 10, 2007) (the "Haas Suit" Complaint). The Haas Suit asserts that the NIST Investigation is fraudulent because it fails to consider the possibility that the WTC Towers collapsed as a result of controlled demolition, as opposed to aircraft impacts, *Id.*, pp. 6-8, and seeks an injunction to prevent a "fraudulent and/or misleading outcome." *Id.* at p. 22.[5]

In addition, the allegation that the NIST Investigation is fraudulent and that the collapse of the WTC Towers was not caused by aircraft impacts was publicly disclosed in *Kevin Ryan v. Underwriters Labs., Inc.*, No. 1:06-cv-1770-JDT-TAB (S.D. Ind. filed Nov. 16, 2006) (the "Ryan Suit"). *See* Affidavit, ¶ 8, Exhibit E, Ryan Suit Complaint.  Plaintiff Ryan sued Underwriters Laboratories (also a defendant in the instant case) for wrongful termination when Ryan was terminated after sending an electronic message to NIST claiming that the NIST Investigation was flawed and did not support the conclusion that aircraft impacts and subsequent fires caused the collapse of the WTC Towers. *Id.* at p. 5.  Ryan's complaint publicly disclosed the allegation that: "[t]he official government explanation of the WTC building collapses was flawed, i.e. the government's explanation that the impact of the aircraft and the fires from the jet fuel caused the unprecedented collapse of the steel framed WTC Twin Towers and the WTC Building 7 was not supported by a scientific analysis of the evidence." *Id.* at p. 3.

### 3.    The Allegations Underlying Relator's Complaint Were Publicly Disclosed by Various News Sources

Relator's allegation that because the collapse of the WTC Towers was not caused by aircraft impacts, NCSTAR 1 is fraudulent, although ludicrous, is not original.  Numerous news

---

[5] In the Haas Suit, Relator's counsel alleges that "ARA, upon information and belief, manufactures or causes to be manufactured, develops and/or tests DEW that are operational in Earth orbit, at high altitude, low altitude, at sea and on land ranging in lethality from the capacity to do great damage, such as that of destroying the World Trade Center Twin Towers in less than 10 seconds each, as occurred on 9/11/01, down to and including imposition of a disabling stun on human beings for crowd control and/or other psy ops purposes." *Id.*, pp. 12, 13. This allegation is repeated verbatim in Paragraph 22 of Relator's Complaint in this case.

{D0466300.1}

sources have reported various alternate explanations for the ultimate collapse of the WTC Towers.[6] For example, in March 2005, over a year before the Relator filed this suit, POPULAR MECHANICS published a cover story entitled *Debunking the 9/11 Myths*, in which the magazine "examine[d] the evidence and consult[ed] the experts to refute the most persistent conspiracy theories of September 11," including the claim that the collapse of the WTC Towers was caused by "controlled demolition." Benjamin Chertoff, et al.[7] Thus, Relator's allegation that aircraft impacts did not cause the collapse of the WTC Towers has been publicly disclosed for the purposes of § 3730(e)(4)(A). *See Alcohol Found.*, 186 F.Supp.2d at 458; *United States ex rel. Woods v. Empire Blue Cross and Blue Shield*, No. 99 Civ. 4968(DC), 2002 WL 1905899 (S.D.N.Y. Aug. 19, 2002) (FCA claim based on information disclosed in television program and newspaper barred).

### iii. These Publicly Disclosed Allegations and Transactions are Substantially Similar to the Allegations in Relator's Complaint

The public disclosure bar applies when an action is based "in any part upon publicly disclosed allegations or transactions." *Kreindler*, 985 F.2d at 1159 (*See also United States ex rel. Pentagen v. CACI Int'l*, No. 96 CIV. 7827(RWS), 1997 WL 473549, at *6 (S.D.N.Y. Aug. 18, 1997) ("The jurisdictional bar will apply if the action is based in any part on public information, even if it also relies on information obtained through independent investigation"). Moreover, Relator need not have actually based his allegations on publicly disclosed information for the bar to apply. "Public disclosure of the allegations divests district courts of jurisdiction over *qui tam* suits, regardless of where the relator obtained his information." *John Doe*, 960 F.2d

---

[6]    *See, e.g.* Michael Shermer, *Fahrenheit 2777*, SCIENTIFIC AMERICAN, May 23, 2005, *available at* http://www.sciam.com/article.cfm?chanID=sa006&articleID=000DA0E2-1E15-128A-9E1583414B7F0000; Lev Grossman, *Why the 9/11 Conspiracy Theories Won't Go Away*, TIME, Sep. 03, 2006, *available at* http://www.time.com/time/magazine/article/0,9171,1531304,00.html.
[7]    *Available at* http://www.popularmechanics.com/technology/military_law/1227842.html.

{D0466300.1}

at 324 (citing *United States ex rel. Dick v. Long Island Lighting Co.*, 912 F.2d 13, 18 (2d Cir.

1990) ("[I]f the information on which a *qui tam* suit is based is in the public domain, and the *qui*

*tam* plaintiff was not a source of that information, then the suit is barred")).  Thus, Relator's

claims are barred if they are substantially similar to allegations or transactionsthat are in the

public domain.  *See United States ex rel. Mistick PBT v. Hous. Auth.*, 186 F.3d 376, 386 (3rd Cir.

1999) (recognizing that all circuits other than the Fourth Circuit have held that "based upon"

means "supported by" or "substantially similar to") (citing *John Doe*, 960 F.2d at 324).

Relator's allegations are based upon and substantially similar, if not identical, to

allegations and transactions in the public domain.   Both Dr. Wood's RFC and Relator's

Complaint assert that NCSTAR 1 is fraudulent because DEWs were the true cause of the

collapse of the WTC Towers.  *Compare* Affidavit,¶ 6,E xhibit C, pp. 32, 43 *and* Compl., ¶¶ 5, 9,

22, 50, 51.  Furthermore, every allegation in Relator's Complaint, which cites extensively to

NCSTAR 1, is largely based on information publicly disclosed in NCSTAR 1.  Finally, the Haas

and Ryan Suits, along with various news sources, previously disclosed the allegation that the

NIST Investigation and NCSTAR 1 may be incorrect (or fraudulent) in concluding that the

collapse of the WTC Towers was caused by aircraft impacts.  Thus, because Relator's allegations

have been publicly disclosed, Relator's claims are barred unless he is an original source.

iv.       **Relator is Not an Original Source Under Section 3730(e)(4) of the FCA**

Because Relator's claims are based on publicly disclosed information, he can pursue this

litigation only if the Court determines that he is an original source of the information upon which

his claims are based.  *Mikes*, 931 F.Supp. at 253.  In the Second Circuit, to qualify as an original

source of publicly disclosed information, a relator must "(1) have direct and independent

knowledge of the information on which the allegations are based; (2) have voluntarily provided

13

such information to the government prior to filing suit; and (3) have directly or indirectly been a source to the entity that publicly disclosed the allegations on which the suit is based."[8] *Alcohol Found.*, 186 F.Supp.2d at 462 (citing *United States ex rel. DeCarlo v. Kiewit/AFC Enters., Inc.*, 937 F.Supp. 1039, 1048 (S.D.N.Y. 1996); *Kreindler*, 985 F.2d at 1158-59). An original source must have "first hand knowledge of fraudulent misconduct" or be "either close observers or otherwise involved in the fraudulent activity." *DeCarlo*, 937 F.Supp. at 1048 (citations omitted). Relator does not fit that description.

**1. Relator Does Not Have Direct and Independent Knowledge of the Information Upon Which His FCA Claims are Based**

Under § 3730(e)(4)(B), "original source" means "an individual who has <u>direct</u> and <u>independent</u> knowledge of the information on which the allegations are based ...." (emphasis added). "Direct" knowledge is "marked by [the] absence of an intervening agency, instrumentality, or influence: immediate." *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prud. Ins. Co.*, 944 F.2d 1149, 1160 (3d Cir. 1991) (quoting Webster's Third New International Dictionary 640 (1976)). "'Independent knowledge' is that which is not dependent on public disclosures." *Smith*, 415 F.Supp.2d at 72.

The compilation of various publicly available sources to conjure allegations does not render a relator an original source of the resulting allegations. *Alcohol Found.*, 186 F.Supp.2d

---

[8] Following the Supreme Court's holding in *Rockwell Int'l Corp. v. United States*, 127 S.Ct. 1397 (2007) that a relator must be an original source of the allegations in his complaint rather than the allegations that were publicly disclosed, the third prong of this test may no longer be valid law.

{D0466300.1}

458.[9]   The Court in *Alcohol Foundation* held that the relator was not an original source of allegations it compiled from various public sources. *Id.* at 464.  Importantly, the court held that the FCA was designed to incentivize "insiders" to "vindicate the pecuniary rights of the United States," and not as a tool "available to those pursuing a less pecuniary and more expansive social agenda." *Id.* at 464-65.  Thus, in the Second Circuit, "a relator must possess, at the very least, substantive, or core, information about the particular fraud in order to qualify as an original source." *Smith*, 415 F.Supp.2d at 72-73 (citing *United States v. New York Med. Coll.*, 252 F.3d 118, 121 (2d Cir. 2001)).  The Relator in this case does not meet this standard.

Relator asserts that he is an original source of the allegations in his Complaint because he submitted an RFC to NIST on March 8, 2007 asserting that DEWs caused the collapse of the WTC Towers. *See* Compl. ¶ 53; *see also* Affidavit, ¶ 9, Exhibit F, "Relator's RFC."  However, Relator never alleges any direct or independent knowledge of the information on which he bases his allegations.  Relator never alleges he witnessed any of the events of September 11.  More importantly, Relator never alleges he was in any way involved in NIST's Investigation, or that he has any direct knowledge of the conspiracy he describes.  Like the relator in *Alcohol Foundation*, Relator's allegations are based solely on a compilation of publicly available information.  Relator's efforts to research and compile various public sources of information do not transform

---

[9]   The relator in *Alcohol Foundation* filed an FCA suit against various entities involved in the production, distribution, and sale of alcoholic beverages alleging that the defendants violated the FCA by advertising alcoholic beverages without warning consumers of the associated health risks and, therefore, the resulting medical treatment bills submitted to the Government were fraudulent.  186 F.Supp.2d at 460.  The relator asserted that it was an original source under the FCA "because of the work it did in researching and compiling scientific and government publications." *Id.* at 461.  The court in *Alcohol Foundation* held that the relator's "independent investigation" did not give it direct and independent knowledge of the allegations contained in the complaint and, therefore, the relator was not "transformed" into an original source. *Id.* at 462-63.

15

him into an original source.[10] *Alcohol Found.* at 186 F.Supp.2d at 461.

Moreover, Relator is not the original source of any information publicly disclosed in the Haas, Ryan, or Wood Suits. *Pentagen*, 1996 WL 11299, at *8 ("the Second Circuit holds that the party divulging the information deemed publicly disclosed by litigation papers, such as depositions, is the original source of that information") (citing *Kreindler*, 985 F.2d at 1159). Relator was also not a direct or indirect source of the information disclosed in any news story on the September 11 conspiracy theories. *See Kreindler*, 985 F.2d 1148. Simply put, Relator does not possess the type of first-hand, independent knowledge that the FCA requires before an individual is entitled to relator status. *See Rockwell*, 127 S.Ct. 1397 (relator was not original source of fraud that allegedly took place after relator was no longer employed). Thus, because Relator is not the original source of the allegations asserted in his Complaint, his Complaint must be dismissed as a matter of law.

### III.    Relator's Complaint Also Must Be Dismissed For Failure to Plead Fraud With Particularity

#### a.    Allegations Under the False Claims Act Must Satisfy the Requirements of Rule 9(b)

Fed. R. of Civ. P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In this Circuit, "[i]t is well-established that the heightened pleading standard of Rule 9(b) ... applies to suits under the FCA." *United States ex rel. Smith v. New York Presbyterian Hosp.*, No. 06 Civ. 4056(NRB), 2007 WL 2142312, at *6 (S.D.N.Y. July 18, 2007) (citing *Gold*, 68 F.3d at 1476-77). To comply with Rule 9(b), a complaint must: "(1) specify the statements that the plaintiff

---

[10]    Moreover, unlike Relator in *Alcohol Foundation*, whose allegations were at least factually and legally novel, Relator's claims are no different than those set forth on countless September 11 "conspiracy theory" websites. *See, e.g.*    http://www.911closeup.com;    http://www.media-criticism.com/911_video_fakes_01_2004.html; http://www.thewebfairy.com/911; http://www.911tvfakery.net; http://911hoax.com.

{D0466300.1}

contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *United States ex rel. Barmak v. Sutter Corp.*, No. 95 Civ. 7637(KTD), 2003 WL 21436213, at *4 (S.D.N.Y. June 20, 2003). Essentially, Relator must set forth the "who, what, when, and where" of the alleged fraud. *Id.* The primary purposes of Rule 9(b)'s requirement of particularity are: "(1) ensuring that defendants have sufficient notice of plaintiff's claims; (2) discouraging strike suits; and (3) preventing the filing of suits that simply hope to uncover the basis for some previously unspecified wrongdoing." *Smith*, 2007 WL 2142312, at *6.[11] Failure to plead fraud with particularity subjects a complaint to dismissal, and a dismissal with prejudice "is appropriate under Rule 9(b) where there is a 'good reason' to deny the plaintiff leave to amend, including where it appears that any amendment would be futile." *Id.* at *7 (citations omitted).

> **b.** **Relator's Complaint Should Be Dismissed For Failure to Plead Any Particulars Regarding a Single Fraudulent Claim**
>
> **i.** **An FCA Complaint Must Allege Details Regarding Specific False Claims Submitted to the Government**

Evidence of an actual false claim is "the *sine qua non* of a False Claims Act violation." *United States ex rel. Monda v. Sikorsky Aircraft Corp.*, 2005 WL 1925903, No. Civ. 3:99CV1026(JBA), at *3 (D.Conn. Aug. 11, 2005) (quoting *United States ex rel. Karvelas v. Melrose–Wakefield Hosp.*, 360 F.3d 220, 225 (1st Cir. 2004)). An FCA claim must contain

---

[11]  Rule 9(b)'s heightened pleading requirements also reflect "the desire to spare defendants the harm to their reputations attendant to an allegation of fraud absent concrete factual circumstances supporting the allegations." *DeCarlo*, 937 F.Supp. at 1049-50 (quoting *Devaney v. Chester*, 709 F.Supp. 1255, 1260 (S.D.N.Y. 1989)). In addition, Rule 9(b) prevents fraud claims from being used as a pretext for conducting fishing expeditions during discovery. *McFarland v. Memorex Corp.*, 493 F.Supp. 631, 636-37 (N.D. Cal. 1980). Moreover, Rule 9(b)'s particularity requirement is consistent with the FCA's purpose of encouraging insiders with first-hand knowledge of fraud to blow the whistle. *See Alcohol Foundation*, 186 F.Supp.2d 464-65; *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "*Qui tam* suits are meant to encourage *insiders privy to a fraud on the government* to blow the whistle on the crime. Because insiders privy to a fraud on the government should have adequate knowledge of the wrongdoing at issue, such insiders should be able to comply with Rule 9(b)." *Bly-Magee*, 236 F.3d at 1019 (quoting *Wang v. FMC Corp.*, 975 F.2d 1412, 1419 (9th Cir. 1992)) (emphasis added in *Bly-Magee*; internal quotation marks omitted).

{D0466300.1}

"allegations, stated with particularity, of the actual false claims submitted to the government that constitute the essential element of an FCA qui tam action." *Karvelas*, 360 F.3d at 232.  To properly allege an FCA action, Relator's Complaint must, at a minimum, specify the claims that Relator contends were fraudulent, identify who submitted them, state where and when the claims were submitted, and explain why the claims were fraudulent. *Barmak*, 2003 WL 21436213, at *4; *DeCarlo*, 937 F.Supp. at 1049-50.[12]  An FCA claim that does not specify false claims for payment actually submitted to the government must be dismissed.

### ii.    Relator's Complaint Does Not Identify a Single False Claim That Was Submitted to the Government

Relator's FCA claims must be dismissed because Relator fails to identify a single false claim that any Defendant allegedly submitted for payment. *See United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F.Supp.2d 141, 147 (D.Mass 2000) ("Without citing a single false claim arising from an allegedly false invoice, Relator has not met even a bare-bones Rule 9(b) test.") Relator's 34-page Complaint contains sparse references to any false claims, which merely make conclusory allegations without any factual support.  General allegations that the "various cost reports, requisitions, billing statements and/or requests for reimbursement submitted by the defendant NIST participants from and after 2002, through, at least, September, 2005, and, in many instances, continuing to the present, all contained false claims for reimbursement and made

---

[12] "Rule 9(b)'s directive that 'the circumstances constituting fraud or mistake shall be stated with particularity' does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government." *In re Cardiac Devices Qui Tam Litig.*, 221 F.R.D. 318, 336 (D.Conn. 2004) (citing *United States ex rel. Clausen v. Lab. Corp. of America, Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002). *See also United States ex rel. Vallejo v. Investronica, Inc.*, 2 F.Supp.2d 330, 336 (W.D.N.Y. 1998) (dismissing FCA claims for failure to satisfy Rule 9(b) where plaintiff alleged false statements were made during certain months and at certain locations but failed to allege "exactly where and when those statements were made," "the date or dates on which these statements were made," or "the individuals responsible for making the statements"); *Barmak*, 2003 WL 21436213, at *6 (dismissing FCA claims because complaint did not "outline the who, what, when, and where" of fraudulent claims submitted to the government); *DeCarlo*, 937 F.Supp. at 1050-51 (dismissing FCA claims where complaint failed to refer to specific employees who may have been involved in submitting false claims and lacked specificity in describing the respective dates of instances of fraud).

18

false statements to NIST," Compl., ¶ 54, does not meet the pleading standards required under the FCA. Relator's Complaint does not identify any specific date that any Defendants allegedly submitted a false claim for payment, the name of a single employee who submitted a false claim for payment, or the substance of any false claim or why the claim was false. *See DeCarlo*, 937 F.Supp. at 1051 (dismissing FCA claim because it did not allege the exact date the false claim was made, the place where the alleged fraud took place, the identity of the person who submitted the false claim, to whom the claim was submitted to or the general substance of the allegedly false claim). Relator's "[c]onclusory allegations of fraud will not suffice under Rule 9(b)." *Vallejo*, 2 F.Supp.2d at 337 (citing *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1004 (2d Cir. 1988). Thus, Relator's FCA claims fail to plead fraud with the particularity required by Rule 9(b) and must be dismissed.

      c.    **Relator's Complaint Should Be Dismissed For Failure to Plead Any Particulars Regarding Defendants' Alleged Fraudulent Scheme That Resulted in the Submission of False Claims**

        i.    **An FCA Complaint Must Allege Specific Details Regarding the Fraudulent Scheme That Allegedly Led to the Submission of False Claims**

In addition to specifying the false claims submitted to the Government, an FCA complaint must detail the underlying conduct that allegedly resulted in the submission of false claims. *See In re Cardiac*, 221 F.R.D. at 337 (FCA complaint that alleges only a general scheme of fraud that might have resulted in the submission of a false claim is insufficient);*United States ex rel. Capella v. Norden Sys., Inc.*, No. 3:94-CV-2063 (EBB), 2000 WL 1336487, at *11 (D.Conn. Aug. 24, 2000) (General allegations of conspiracy do not meet particularity requirements of Rule 9(b)). "Underlying schemes and other wrongful activities that result in the

19

submission of fraudulent claims are included in the "circumstances constituting fraud or mistake" that must be pled with particularity pursuant to Rule 9(b)." *Karvelas*, 360 F.3d at 232.

**ii.    Relator's Complaint Fails to Plead Any Particulars Regarding Defendant's Alleged Fraudulent Scheme**

Not only does Relator's Complaint fail completely to identify a single specific false claim for payment that any Defendant submitted to the Government, Relator fails to plead with particularity the underlying fraudulent conduct that generated the allegedly false claims. Relator fails entirely to specify how any Defendant contributed to the alleged fraudulent nature of NCSTAR 1. Moreover, Relator fails to attribute specific instances of fraud to any individual Defendant, instead alleging fraud against the 27 named Defendants generally. Finally, Relator appears conflicted whether Defendants defrauded the Government or the Defendants were complicit in a Government-led conspiracy to fabricate the events of September 11. Relator's failure to specifically articulate the fraudulent conduct that preceded Defendant's alleged submissions of false claims for payment requires dismissal of his FCA claims.

**1.    Relator Fails to Explain How the Defendants Contributed to the Alleged Fraudulent Nature of NCSTAR 1**

NCSTAR 1 was prepared solely by NIST. Indeed, NCSTAR 1 states: "The content of the reports and recommendations ... are solely the responsibility of NIST." NCSTAR 1, p. xxxii. Relator has not, and indeed cannot, attribute a single allegedly fraudulent word in NCSTAR 1 to any of the Defendants.

Relator fails to provide any detail to support his allegation that somehow Defendants contributed to the allegedly fraudulent nature of NCSTAR 1. Relator merely alleges that NIST personnel were "misled by the defendants' fraudulent acts and/or omissions" and that Defendants submitted false statements with the intent of "steering NIST away from a consideration of what

20

caused the destruction of WTC1,2; which, as elsewhere elaborated upon, was the use on 9/11/01 of exotic weaponry known as directed energy weapons." Compl., ¶¶ 2, 5. Ultimately, Relator alleges that NIST falsified NCSTAR 1 "at the behest and with the urging, backing and/or combined manipulative power of the defendants, acting singularly, collectively, overtly, covertly and otherwise." Compl., ¶ 50. Yet, Relator fails to provide a single detail regarding Defendant's role in this alleged conspiracy or identify a single false claim made in the furtherance of this supposed conspiracy. Nowhere does Relator specify a Defendant, provide an employee's name, a date, the content of any discussions or communications, or any other particulars indicative of a conspiracy. Without specific allegations regarding their supposedly fraudulent conduct in relation to NCSTAR 1, Defendants are unable to properly defend against Relator's claims. *See O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 676 (2d Cir.1991) (the particularity requirement of Rule 9(b) serves to "provide a defendant with fair notice of a plaintiff's claim")

### 2. Relator Fails to Attribute Specific Instances of Fraud to Specific Defendants

Relator's 34-page Complaint purports to describe an immensely large and complex conspiracy undertaken by 27 co-conspirators (and presumably the United States Government). Yet, Relator's Complaint does not even attempt to identify what specific fraudulent actions are attributable to any individual Defendant. Rule 9(b) requires Relator to "connect the allegations of fraud to each individual defendant." *Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York,* 808 F.Supp. 213, 230 (S.D.N.Y. 1992) (citing *Luce v. Edelstein,* 802 F.2d 49, 54 (2d Cir. 1986); *Landy v. Mitchell Petroleum Tech. Corp.,* 734 F.Supp. 608, 620 (S.D.N.Y. 1990) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint shall inform each defendant of the nature of his alleged participation in the fraud")). Relator's Complaint impermissibly relies on "sweeping references to acts by all or some of the defendants" without

21

{D0466300.1}

apprising the individual Defendants of what exactly they are accused. *Center Cadillac*, 808 F.Supp. at 230. Thus, Relator's Complaint fails to satisfy the requirements of Rule 9(b) and must be dismissed.

> **3.    Relator Alleges NIST Was Complicit With the Defendants in the Alleged Fraud**

Finally, Relator has more than suggested that NIST was complicit in the alleged conspiracy or defrauded by it. The central allegation of Relator's Complaint is that NCSTAR 1 is incorrect and fraudulent. Relator alleges that NIST fraudulently narrowed the focus of its investigation to exclude any analysis of the structural behavior of the WTC Towers after collapse became inevitable,[13] and that "NIST … contributed to and/or facilitated the fraudulent scheme herein described and which has succeeded, thus far, in fraudulently presenting a false and misleading, fraudulent and illegal report on what caused the destruction on 9/11/01 of the WTC complex." Compl., ¶ 52   However, these allegations assert wrongdoing by NIST, not Defendants. This distinction is crucial, as NIST's complicity in any alleged conspiracy precludes af inding that Defendants knowingly submitted false claims under the FCA. *See Kreindler*, 985 F.2d at 1157. Because Relator failed to properly plead the alleged fraud with the particularity required by Rule 9(b), Relator's FCA claims must be dismissed.

**IV.    The Common Law Claims Should be Dismissed**

The Relator has agreed to dismiss his claims for unjust enrichment, payment by mistake, recoupment of overpayments and fraud. ARA will file its Motion to Dismiss the Common Law Claims should Relator fail to dismiss those claims against ARA as promised.

---

[13]  In Footnote 2 of NCSTAR 1, NIST stated that the Report "includes little analysis of the structural behavior of the tower after the conditions for collapse initiation were reached and collapse became inevitable."  p. xxxvii.  Relator alleges that with this statement, NIST violated its "statutory mandate" by "openly narrow[ing] and limit[ing] its stated mandate."  Relator states that NIST's "innocuous sounding admission that [it] did not carry out its statutory function or mandate was caused by fraud and deceit and is the subject of this Qui Tam lawsuit." Compl., ¶ 6.

22

V.    **ARA Should be Awarded Attorneys' Fees and Expenses Pursuant to 31 U.S.C. § 3730(d)(4)**

Section 3730(d)(4) provides for reasonable attorneys' fees and expenses to a prevailing defendant in a *qui tam* action if the court "finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."

A claim is frivolous if it has no arguable support in existing law or any reasonable based suggestion for its extension. *United States ex rel. Bain v. Georgia Gulf Corp.,* 208 Fed. Appx. 280, 283 (5th Cir. 2006). A claim is vexatious when the plaintiff brings the action for an improper purpose, such as to annoy or harass the defendant. *Id.* Either of these grounds is independently sufficient to support an award of attorneys' fees under § 3730(d)(4). *Id.*

In this case, Re lator lacks subject matter jurisdiction based upon the "first to file" bar, the "public disclosure" bar and because Relator is not an original source. Given Relator's overwhelming failure to establish subject matter jurisdiction, this suit is frivolous and vexatious and justifies an award to ARA of attorneys' fees and expenses. Moreover, ARA has had to face three cases arising out of the same conspiracy theory. Besides Relator's case, ARA has been named in the Haas Suit and the Wood Suit, both of which were filed before the Relator's case. Given the number of cases in which ARA had been named based upon same facts, it is more than probable that the instant case was filed for no reason other than to harass and annoy. For this reason as well, ARA should be awarded attorneys' fees and expenses.

## CONCLUSION

For the reasons outlined above in Section II, the Court lacks subject matter jurisdiction over Relator's FCA claims and, therefore, Causes of Action One, Two and Three must be dismissed. Furthermore, as set forth in Section III, Relator fails to plead fraud with particularity

{D0466300.1}

under Rule 9(b).   Accordingly, Defendant ARA respectfully requests the Court dismiss the

Complaint in it entirety.  Further, ARA should be awarded attorneys' fees and expenses.

Dated: October 8, 2007
       Denver, Colorado

**s/ Gail D. Zirkelbach**
Adam S. Ennis
SDNY Bar No.  AE9468
Jackson Kelly PLLC
Three Gateway Center, Suite 1340
Pittsburgh, PA 15222
Telephone:     412-434-8804
Facsimile:     412-434-8062
Email:         aennis@jacksonkelly.com

Wm. David Byassee, Esq.
(admitted *pro hac vice*)
Gail D. Zirkelbach, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone:     303-390-0188
              303-390-0033
Facsimile:     303-390-0177
Email:         dbyassee@jacksonkelly.com
              gdzirkelbach@jacksonkelly.com

E. Leslie Hoffman, III, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
310 West Burke Street
Martinsburg, WV  25401
Telephone:     304-263-8800
Facsimile:     304-263-7110
Email:         phoffman@jacksonkelly.com

*Counsel for Applied Research Associates, Inc.*

24