## WAIVER OF SERVICE OF SUMMONS

TO:  Gilsanz Murray Steficek LLP
     Attn:  Legal Representative
     129 West 27th Street, 5th Floor
     New York, NY 10001

   I, _Jason Harrington, Esq._, on behalf of Gilsanz Murray Steficek LLP, acknowledge receipt of your request that I waive service of summons in the action of Dr. Morgan Reynolds, plaintiff, in his lawsuit against Science Applications International Corporation, et al which is Case No. 07 CIV 4612 (GEL) in the United States District Court for the Southern District of New York.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (as representative of Gilsanz Murray Steficek LLP) be served with judicial process in the manner provided by Rule 4.

   I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against Gilsanz Murray Steficek LLP if any answer or motion under Rule 12 is not served upon you within 60 days after August 9th, 2007.

Dated:  _9/10/07_

Print/Type Name _Jason Harrington_

As _Counsel_
        Title

of _Gilsanz Murray Steficek LLP_
      Defendant's Name

FEDERAL CIVIL JUDICIAL
PROCEDURE AND RULES

Rule 4

(C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;

(D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;

(E) shall set forth the date on which the request is sent;

(F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and

(G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

(3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

(d) Waiver of Service; Duty to Save Costs of Service; Request to Waive.

(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.

(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

(A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);

(B) shall be dispatched through first-class mail or other reliable means;