UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. MORGAN REYNOLDS on behalf of the : 
UNITED STATES OF AMERICA, : **Index No.:**
: **07-CV-04612 (GBD)**
Plaintiff/Relator, :
:
v. :
: **DECLARATION OF JASON**
SCIENCE APPLICATIONS INTERNATIONAL : **HARRINGTON IN SUPPORT OF**
CORP.; APPLIED RESEARCH ASSOCIATES, : **MOTION TO DISMISS**
INC.; BOEING; NuSTATS; COMPUTER :
AIDED ENGINEERING ASSOCIATES, INC.; :
DATASOURCE, INC.; GEOSTAATS, INC.; :
GILSANZ MURRAY STEFICEK LLP; :
HUGHES ASSOCIATES, INC.; AJMAL :
ARBASI; EDUARDO KAUSEL; DAVID :
PARKS; DAVID SHARP; DANIELE :
VENEZANO; JOSEF VAN DYCK; KASPAR :
WILLIAM; ROLF JENSEN & ASSOCIATES, :
INC.; ROSENWASSER/GROSSMAN :
CONSULTING ENGINEERS, P.C.; SIMPSON :
GUMPERTZ & HEGER, INC.; S.K. GHOSH :
ASSOCIATES, INC.; SKIDMORE, OWINGS & :
MERRILL, LLP; TENG & ASSOCIATES, INC.; :
UNDERWRITERS LABORATORIES, INC.; :
WILL, JANNEY, ELSTNER ASSOCIATES, :
INC.; AMERICAN AIRLINES; SILVERSTEIN :
PROPERTIES; and UNITED AIRLINES, :
:
Defendants. :
------------------------------------------------------------X

JASON HARRINGTON, an attorney duly admitted to practice law before the Courts of the State of New York and the Southern District of New York, declares pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following statements are true and accurate:

1. I am associated with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for defendant GILSANZ MURRAY STEFICEK LLP ("Gilsanz"), and based upon my analysis of our file in this matter I am familiar with the facts set forth herein.

3038864.1

-2-

2. I respectfully submit this declaration in support of Gilsanz's pre-answer motion to dismiss the *qui tam* Complaint of Plaintiff/Relator Dr. Morgan Reynolds ("Reynolds"), pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), 12(b)(6) and 12(h)(3), by joining, adopting and incorporating the motion to dismiss, and relying upon the memorandum of law and supporting facts, submitted by co-defendants Simpson Gumpertz & Heger, Inc. ("SGH") and Computer Aided Engineering Associates, Inc. ("CAE"), filed on October 5, 2007, and docketed as item number 23 under this Court's CM/ECF docket.

3. Gilsanz is a limited liability partnership organized and existing under the laws of the State of New York, with its principal place of business located at 129 West 27th Street, 5th Floor, New York, New York 10001. Gilsanz engages in the practice of providing professional engineering design and consulting services.

3. On May 31, 2007, this action was commenced under seal, under the False Claims Act, 31 U.S.C. §§ 3729-33, against Defendants. Reynolds' *qui tam* Complaint alleges seven causes of action against all Defendants: (1) False Claims Act, 31 U.S.C. § 3729(a)(1) (Presentation of False Claims); (2) False Claims Act, 31 U.S.C. § 3729(a)(2) (Making or Using False Record or Statement); (3) False Claims Act, 31 U.S.C. § 3729(a)(7) (Reverse False Claims); (4) Unjust Enrichment; (5) Payment by Mistake; (6) Recoupment of Overpayments; and (7) Common Law Fraud.

6. On July 11, 2007, Reynolds' *qui tam* Complaint was unsealed. Defendants have responded, including Gilsanz, by moving and/or joining, adopting and incorporating the motions of co-Defendants, to dismiss Reynolds' *qui tam* Complaint, pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), 12(b)(6) and/or 12(h)(3).

-2-

-3-

7. On October 5, 2007, SGH and CAE submitted their motion to dismiss, and propounded that Reynolds' claims should be dismissed pursuant to: (i) Rules 12(b)(1) and (h)(3) for lack of subject matter jurisdiction under the False Claims Acts's Original Source Rule, 31 U.S.C. § 3730(e)(4)(A), as Reynolds provided no factual basis establishing that he meets the statutory requirement that he is the original source of the information forming the basis for his False Claims Act causes of action; (ii) Rule 12(b)(1) and (h)(3), because Reynolds failed to exhaust the administrative process established by the National Institute of Standards and Technology ("NIST") in order to challenge the information at issue that was disseminated and/or withheld by the NIST; (iii) Rule 12(b)(6) because Reynolds failed to provide the requisite particularity to maintain a claim under the False Claims Act and the heightened pleading requirement of Rule 9(b), which applies to False Claims Act actions; and (iv) that the common law claims alleged in Reynolds' *qui tam* Complaint should be dismissed because Reynolds lacks standing to assert common law claims for the alleged injuries suffered by the United States of America.

11. Gilsanz joins, adopts and incorporates SGH and CAE's motion on the same grounds as contained therein, and further submits that the *qui tam* Complaint lacks sufficient specificity attributable to Gilsanz, as required by Rule 9(b).

12. For the reasons set forth herein, and within the motion to dismiss of SGH and CAE, Gilsanz moves to dismiss Reynolds' *qui tam* Complaint, in its entirety and with prejudice, as against Gilsanz.

3038864.1

-4-

WHEREFORE, Gilsanz Murray Steficek, LLC respectfully requests that this Court grant its motion to dismiss, together with such other and further relief as this Court deems just and appropriate.

Dated: New York, New York
       November 9, 2007

                            Yours etc.,

            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

            By: /s/ Jason Harrington
                 Jason Harrington (JH7273)
                 Attorneys for Defendant
                 Gilsanz Murray Steficek
                 150 East 42nd Street
                 New York, NY 10017
                 (212) 490-3000 (p)
                 (212) 490-3038 (f)

To:

JERRY V. LEAPHART & ASSOCIATES, P.C.
Attn: Jerry V. Leaphart, Esq.
Attorneys for Plaintiff/Relator
8 West Street, Suite 203
Danbury, CT 06810

and

All appearing parties via CM/ECF