# Dr. Morgan Reynolds

26 Alta Way
Hot Springs Village, AR 71909
501-922-4592

econrn@suddenlink.net

May 1, 2007

VIA EMAIL AND CERTIFIED MAIL RRR

Chief, Management and Organization Division
National Institute of Standards and Technology
100 Bureau Drive, Mail Stop 3220
Gaithersburg, MD 20899-3220
Email: info.quality@nist.gov

Re: Requests for Correction per
    Section 515 of Public Law 106-554
    SUPPLEMENT # 1 to RFC submitted March 8, 2007
    Ref: http://www.ocio.os.doc.gov/ITPolicyandPrograms/Information_Quality/PROD01_002621

Dear Chief, Management and Organization Division:

This is a supplement to the above referenced request for correction that I filed on March 8, 2007, posted at www.ocio.os.doc.gov. Please acknowledge receipt of this supplement # 1.

This supplement asserts that NIST contractor, Science Applications International Corporation (SAIC) of La Jolla, CA (NIST solicitation number unknown), has a significant, clear and palpable conflict of interest that adversely affects the quality and the integrity of the work done by SAIC for NIST. SAIC was the largest NIST contractor employed in the WTC towers investigation ranked by number of persons assigned (n = 16) as documented in NCSTAR1 (p. viii). ARA of Albuquerque, NM, was also a leading contractor (n = 9), already cited for malfeasance in my RFC submitted March 8, 2007. SAIC "team leaders" for the NIST project were John Eichner and Cheri Sawyer (NCSTAR1 p. viii).

SAIC reportedly is the ninth largest defense contractor in the United States and also has numerous contracts with intelligence agencies. The U.S. government is responsible for 89% of SAIC revenues. SAIC reportedly is a Fortune 500 company (number 285) with some 43,000 employees and 2006 revenues of $7.8 billion. SAIC has "close ties with Washington power brokers," according to USNWR writer Bruce B. Auster. An SAIC executive has properly termed his firm a "stealth company." SAIC is a military contractor specializing in communications and organization and reportedly is integration contractor for the Air Force's Space and Missile System Center's advanced programs. That, among other facts, points to SAIC's involvement in developing directed energy weapons. In addition, SAIC is a company involved in psychological operations as evidenced by its involvement in a Pentagon program to feed disinformation to the foreign media

activities in Iraq. The propositions that directed energy weapons were a causal factor in destruction of the WTC on 9/11 (see Dr. Judy Wood's RFC filed on March 16, 20007) and that 9/11 was primarily a false-flag operation conducted as a "psyop" to foster war, whose results critically depended on selling the "hijacked jetliner" hoaxes, are supported by NIST's use of investigators like SAIC and ARA. SAIC obviously has benefited tremendously from 9/11 and its executives pushed the WMD fraud about Iraq to promote the U.S. invasion of Iraq. According to Vanity Fair, "In October of 2006 the company told would-be investors flatly that the war on terror would continue to be a lucrative growth industry."

Consider two supporting statements from the SAIC 2006 Annual Report:

p. 1 " We develop new technologies for space defense and space intelligence."

p. 29: "Emerging Technologies for Directed Energy"
"SAIC's expertise on high-energy lasers—weapons that can destroy ballistic missiles in flight—spans more than 30 years and every major DoD high-energy laser program, including the Space Based Laser and Airborne Laser.
        For the Air Force Research Laboratory (AFRL), SAIC recently applied its adaptive optics technologies to maximize the high laser energy delivered to targets such as ballistic missiles and tactical rockets..."

None of this information about SAIC was disclosed in NCSTAR 1 and should have been.

NCSTAR 1 is, therefore, false, misleading and fraudulent within the meaning of the False Claims Act 31 U.S.C. §§ 3729, et seq.

In addition, I assert that the following NIST contractors knew or should have known of the falsity of NCSTAR 1 as it relates to the use of directed energy weapons:

Science Applications International Corp.

Applied Research Associates Inc.

Boeing

NuStats

Computer Aided Engineering Associates, Inc.

DataSource, Inc

GeoStats, Inc.

Gilsanz Murray Steficek LLP

Hughes Associates, Inc,

Ajmal Abbasi, Eduardo Kausel, David Parks, David Sharp, Daniele Veneziano, Josef Van Dyck and

Kaspar Willam

Isolatek International, Inc.

Leslie E. Roberson Assoicates, RLLP

Rolf Jensen & Associates, Inc.

Rosenwasser/Grossman Consulting Engineers, P.C.

Simpson Gumpertz & Heger Inc.

S.K.Ghosh Associates, Inc.

Skidmore, Owings & Merrill, LLP

Teng & Associates, Inc.

Underwriters Laboratories, Inc.

Accordingly, I hereby request the correction of NCSTAR 1 to disclose the extent to which SAIC is involved with defense contracts, intelligence contracts, directed energy weapons, payment of court-ordered fines and psychological operations, as well as acknowledge that undue influence may have been a factor leading to the false, misleading, deceptive and fraudulent conclusions reached and publicized in NCSTAR 1, all as more elaborated in my said RFC dated March 8, 2007 and referenced as above.

All assertions in my said RFC remain in full force and effect.

This is Supplement # 1 to my RFC dated March 8, 2007.


Respectfully submitted,


Dr. Morgan Reynolds


Cc:
Jerry V. Leaphart
Attorney
8 West Street
#203
Danbury, CT 06810
203-825-6265

Selected references:

http://en.wikipedia.org/wiki/Science_Applications_International_Corporation#_note-0

http://www.mothersalert.org/starwars2.html

http://www.saic.com

http://www.corpwatch.org/article.php?id=7884

http://www.vanityfair.com/politics/features/2007/03/spyagency200703

http://www.sourcewatch.org/index.php?title=Science_Applications_International_Corporation

# NATIONAL CONSTRUCTION SAFETY TEAM FOR THE FEDERAL BUILDING AND FIRE SAFETY INVESTIGATION OF THE WORLD TRADE CENTER DISASTER

| | |
|---|---|
| S. Shyam Sunder, Sc.D. (NIST) | Lead Investigator |
| Richard G. Gann, Ph.D. (NIST) | Final Report Editor; Project Leader, Project 5: Reconstruction of Thermal and Tenability Environment |
| William L. Grosshandler, Ph.D. (NIST) | Associate Lead Investigator; Project Leader, Project 4: Investigation of Active Fire Protection Systems |
| H.S. Lew, Ph.D., P.E. (NIST) | Co-Project Leader, Project 1: Analysis of Building and Fire Codes and Practices |
| Richard W. Bukowski, P.E. (NIST) | Co-Project Leader, Project 1: Analysis of Building and Fire Codes and Practices |
| Fahim Sadek, Ph.D. (NIST) | Project Leader, Project 2: Baseline Structural Performance and Aircraft Impact Damage Analysis |
| Frank W. Gayle, Ph.D. (NIST) | Project Leader, Project 3: Mechanical and Metallurgical Analysis of Structural Steel |
| John L. Gross, Ph.D., P.E. (NIST) | Co-Project Leader, Project 6: Structural Fire Response and Collapse Analysis |
| Therese P. McAllister, Ph.D., P.E. (NIST) | Co-Project Leader, Project 6: Structural Fire Response and Collapse Analysis |
| Jason D. Averill (NIST) | Project Leader, Project 7: Occupant Behavior, Egress, and Emergency Communications |
| J. Randall Lawson (NIST) | Project Leader, Project 8: Fire Service Technologies and Guidelines |
| Harold E. Nelson, P.E. | Fire Protection Engineering Expert |
| Stephen A. Cauffman (NIST) | Program Manager |

Ex. B

This page intentionally left blank.

iv

# CONTRIBUTORS TO THE INVESTIGATION

### NIST TECHNICAL STAFF

| | | |
|---|---|---|
| Mohsen Altafi | Jeffrey Fong | Max Peltz |
| Robert Anleitner | Glenn Forney | Lisa Petersen |
| Elisa Baker | William Fritz | Rochelle Plummer |
| Stephen Banovic | Anthony Hamins | Kuldeep Prasad |
| Howard Baum | Edward Hnetkovsky | Natalia Ramirez |
| Carlos Beauchamp | Erik Johnson | Ronald Rehm |
| Dale Bentz | Dave Kelley | Paul Reneke |
| Charles Bouldin | Mark Kile | Michael Riley |
| Paul Brand | Erica Kuligowski | Lonn Rodine |
| Lori Brassell | Jack Lee | Schuyler Ruitberg |
| Kathy Butler | William Luecke | Jose Sanchez |
| Nicholas Carino | Alexander Maranghides | Raymond Santoyo |
| Sandy Clagett | David McColskey | Steven Sekellick |
| Ishmael Conteh | Chris McCowan | Michael Selepak |
| Matthew Covin | Jay McElroy | Thomas Siewert |
| Frank Davis | Kevin McGrattan | Emil Simiu |
| David Dayan | Roy McLane | Monica Starnes |
| Laurean DeLauter | George Mulholland | David Stroup |
| Jonathan Demarest | Lakeshia Murray | Laura Sugden |
| Stuart Dols | Kathy Notarianni | Robert Vettori |
| Michelle Donnelly | Joshua Novosel | John Widmann |
| Dat Duthinh | Long Phan | Brendan Williams |
| David Evans | William Pitts | Maureen Williams |
| Richard Fields | Thomas Ohlemiller | Jiann Yang |
| James Filliben | Victor Ontiveros | Robert Zarr |
| Tim Foecke | Richard Peacock | |

### NIST EXPERTS AND CONSULTANTS

Vincent Dunn
Steven Hill
John Hodgens
Kevin Malley
Valentine Junker

*NIST NCSTAR 1, WTC Investigation*

## DEPARTMENT OF COMMERCE AND NIST INSTITUTIONAL SUPPORT

Michele Abadia-Dalmau
Kellie Beall
Arden Bement, Jr.
Audra Bingaman
Sharon Bisco
Phyllis Boyd
Marie Bravo
Craig Burkhardt
Paul Cataldo
Virginia Covahey
Deborah Cramer
Gail Crum
Jane Dana
Sherri Diaz
Sandra Febach
Susan Ford
James Fowler
Matthew Heyman

James Hill
Verna Hines
Kathleen Kilmer
Kevin Kimball
Thomas Klausing
Donna Kline
Fred Kopatich
Kenneth Lechter
Melissa Lieberman
Darren Lowe
Mark Madsen
Ronald Meininger
Romena Moy
Michael Newman
Gail Porter
Thomas O'Brian
Nualla O'Connor-Kelly
Norman Osinski

Karen Perry
Sharon Rinehart
Michael Rubin
Rosamond Rutledge-Burns
John Sanderson
Hratch Semerjian
Sharon Shaffer
Elizabeth Simon
Jack Snell
Michael Szwed
Kelly Talbott
Anita Tolliver
Joyce Waters
Teresa Vicente
Dawn Williams

## NIST CONTRACTORS

### Applied Research Associates, Inc.
Steven Kirkpatrick*
Robert T. Bocchieri
Robert W. Cilke

Marsh Hardy
Samuel Holmes
Robert A. MacNeill

Claudia Navarro
Brian D. Peterson
Justin Y-T. Wu

### Baseline, Inc.
Martin Klain

### Computer Aided Engineering Associates, Inc.
Peter Barrett*
Michael Bak

Daniel Fridline
James J. Kosloski

### DataSource, Inc.
John Wivaag

### GeoStats, Inc.
Marcello Oliveira

vi

**New York City Law Department**
Lawrence S. Kahn
Jay L. Cohen          Rachel Relkin
Gary Shaffer          Joanna Weiss          Katherine Winningham
                      George C. D. Duke     Jessie Levine

**New York City Police Department**
Michael F. Healey

**The Port Authority of New York and New Jersey**
James Begley
Saroj Bhol            Jeffrey Gettler       Nancy Seliga
Gerry Gaeta           Frank Lombardi
                      Alan Reiss

**Siemens**
Steven Shamash        **Silverstein Properties**    **Simpson, Thacher & Bartlett LLP**
John Farrington                                      Jamie Gamble
Robert Salamone

**Structural Engineers Association of New York**    **Wachtell, Lipton, Rosen & Katz**    **United Air Lines**
Ed DiPaolo            Marc Wolinsky         John Midgett
                      Andrew Cheung         Norvis Huezo

**Williams & Connolly LLP**
Philip Sechler

---

*Principal Investigator/Key Contact

x

*NIST NCSTAR 1, WTC Investigation*

University at Buffalo, The State University of New York
Andrew Whitaker*
Andrei Reinhorn
Joshua Repp

University of Chicago Survey
Lab
Virginia Bartot
Martha van Haitsma

University of Colorado
Dennis Mileti

University of Michigan
Jamie Abelson

Wiss, Janney, Elstner Associates, Inc.
Ray Tide*
Jim Hauck
Conrad Paulson

COOPERATING ORGANIZATIONS

American Airlines
Desmond Barry
Morgan Heyer

The Boeing Company
Marlene Nelson

Blanford Land Development
Corporation
Lisa Lickman
Ron Lickman
John Sandy

Carr Futures, Inc.
David Mangold

City of New York Fire
Department
Alexandra Fisher
Allen S. Hay

Federal Bureau of
Investigation
Kenneth Marr

Hugo Neu Schnitzer East
Robert Kelman
Steve Shinn
Frank Manzo

Laclede Steel
David McGee

Marsh & McLennan
Companies
Thomas Gress
Michael Lyons

Metal Management Northeast, Inc.
Michael Henderson
Alan Ratner
John Silva

National Commission on Terrorist Attacks Upon the United States
Madeline Blot
Sam M. W. Casperson

George L. Delgrosso
Daniel Marcus

James Miller
Catherine S. Taylor

<u>Rolf Jensen & Associates, Inc.</u>
Ray Grill*
Ed Armm                    Tom Brown                                Bob Keough
                           Duane Johnson                            Joseph Razz

<u>Rosenwasser/Grossman Consulting Engineers, P.C.</u>
Jacob Grossman*
Craig Leech
Arthur Seigel

<u>Science Applications International Corporation</u>
John Eichner*              Pamela Curry                             Mark Madara
Cheri Sawyer*              John DiMarzio                            Walter Soverow
Lori Ackman               Heather Duvall                           Paul Updike
Marina Bogatine           Mark Huffman                             Yvonne Zagadou
Sydel Cavanaugh           Charlotte Johnson
Kathleen Clark            Michael Kalmar

<u>Simpson Gumpertz & Heger Inc.</u>
Mehdi Zarghamee*          Ron Hamburger
Glenn Bell                Frank Kan                                Wassim I. Naguib
Said Bolourchi            Yasuo Kitane                             Rasko P. Ojdrovic
Daniel W. Eggers          Atis Liepins                             Andrew T. Sarawit
Ömer O. Erbay             Michael Mudlock                          Pedro Sifre

<u>S. K. Ghosh Associates, Inc.</u>
S. K. Ghosh*              Dave Fanella
Analdo Derecho            Xumei Liang

<u>Skidmore, Owings & Merrill, LLP</u>
Bill Baker
Bob Sinn
John Zils

<u>Teng & Associates, Inc.</u>
Shankar Nair

<u>Underwriters Laboratories, Inc.</u>
Fred Hervey*             Mark Izydorek                             William Joy
Joseph Treadway*         Aldo Jimenez                             John Mammoser

**Gilsanz Murray Steficek LLP.**
Ramon Gilsanz

**Hughes Associates, Inc.**

| | | |
|---|---|---|
| Ed Budnick* | Matt Hulcher | John Schoenrock |
| Mike Ferreira* | Alwin Kelly | Steven Strege |
| Mark Hopkins | Chris Mealy | Karen Dawn Tooren |

**Independent Contractors**

| | | |
|---|---|---|
| Ajmal Abbasi | David Sharp | Kaspar Willam |
| Eduardo Kausel | Daniele Veneziano | |
| David Parks | Josef Van Dyck | |

**Isolatek International, Inc.**
Paulette Kaminski

**John Jay College**
Norman Groner

**Leslie E. Robertson Associates, R.L.L.P.**

| | |
|---|---|
| William J. Faschan* | William C. Howell |
| Richard B. Garlock* | Raymond C. Lai |

**National Fire Protection Association**
Rita Fahey*
Norma Candeloro
Joseph Molis

**National Research Council, Canada**
Guylene Proulx*
Amber Walker

**NuStats, Inc.**

| | | |
|---|---|---|
| Johanna Zmud* | Christopher Frye | Della Santos |
| Carlos Arce | Nancy McGuckin | Robert Santos |
| Heather Contrino | Sandra Rodriguez | |

September 13, 2006

## INDIVIDUAL PRACTICES IN CIVIL CASES
### GERARD E. LYNCH, UNITED STATES DISTRICT JUDGE

**Chambers**

Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007
(212) 805-0427

**Courtroom**

Courtroom 6B
500 Pearl Street
Jose E. Lopez
Courtroom Deputy Clerk
(212) 805-0435

**Unless otherwise ordered by Judge Lynch, matters before Judge Lynch shall be conducted in accordance with the following practices:**

### 1. Communications with Chambers

**A. Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Copies of correspondence between counsel shall not be sent to the Court. Refer to Rule 2.F below for letters concerning discovery disputes.

**B. Telephone Calls.** Except as provided in Paragraph 1(D) below, telephone calls to chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call chambers at 212-805-0427. Absent extraordinary justification, ex parte telephone calls will not be accepted; counsel for all affected parties should be on the line when a call to chambers is placed, except that similarly situated parties may designate a lead counsel to represent them on such a call.

**C. Faxes.** Faxes to chambers are not permitted without prior permission of the Court.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Jose E. Lopez at 212-805-0435 between 9:00 A.M. and 5:00 P.M..

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

**2. Motions**

    **A.  Pre-Motion Conferences in Civil Cases.**  For discovery motions, follow Local Civil Rule 37.2; to raise a discovery dispute with the Court, follow Rule 2.F. below. For motions other than discovery motions, pre-motion conferences are not required.

    **B.  Filing of Motion Papers.**  Motion papers shall be filed promptly after service.

    **C.  Courtesy Copies.**  Two courtesy copies of all motion papers, marked as such, should be submitted for chambers, by the movant, at the time the reply is served.  Courtesy copies should not be submitted to chambers at the time of filing.

    **D.  Memoranda of Law.**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  Memoranda of 10 pages or more shall contain a table of contents.

    **E.  Oral Argument on Motions.**  Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed.  Whether or not requested, the court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

    **F.  Discovery Disputes.**  Unless otherwise directed, counsel should describe their discovery disputes in a single letter, jointly composed.  Separate and successive letters will be returned, unread.  Strict adherence to Fed. R. Civ. P. 37(a)(2)(A), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion.  The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support.

**3. Pretrial Procedures**

    **A.  Joint Pretrial Orders in Civil Cases.**  Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a dispositive motion has been filed, within 30 days of its decision, the parties shall submit to the court for its approval a joint pretrial order, which shall include the following:

        i.  The full caption of the action.

        ii.  The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

        iii.  A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

        iv.  A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

viii. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

ix. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

x. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B. Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file, with the proposed joint pretrial order:

i. In jury cases, requests to charge and proposed voir dire questions. When feasible, proposed jury charges should also be submitted on a 3.5" diskette in WordPerfect version 5.1 or higher format;

ii. In non-jury cases, proposed findings of fact and conclusions of law. Proposed findings of fact should be detailed.

iii. In all cases, motions addressing any evidentiary or other issues which should be resolved <u>in limine</u>; and

iv. In any case where such party believes it would be useful, a pretrial memorandum.

**C. Additional submissions in Non-Jury Cases.** At the time the joint pretrial order is filed, each party shall serve, but not file, the following:

i. Affidavits constituting the direct testimony of each trial witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a person for whom a party has requested and the court has agreed to hear direct testimony during the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial. Only those witnesses who will be cross-examined need appear at trial. The original affidavit shall be marked as an exhibit at trial.

ii. All deposition excerpts which will be offered as substantive evidence, as well as a one page synopsis (with page references) of those excerpts for each deposition.

iii. All documentary evidence.

**D. Filings in opposition.** Any party may file the following documents within one week of the filing of the pretrial order, but in no event less than two days before the scheduled trial date.

    i. Objections to another party's requests to charge or proposed voir dire questions.

    ii. Opposition to any motion _in limine_.

    iii. Opposition to any legal argument in pretrial memorandum.

**E. Courtesy Copies.** Two courtesy copies of the joint pretrial order and all documents filed or served with the pretrial order should be submitted to chambers on the date of filing or service.

4.    **Conferences**

    **A. Principal Trial Counsel.** The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

    **B. Initial Case Management Conference.** The Court will generally schedule a Fed. R. Civ. P. 16(c) conference for a Friday within three months of the filing of the Complaint. One courtesy copy of the pleadings should be delivered to chambers prior to the conference date.

    **C. Additional Conferences.** Additional conferences may be scheduled from time to time as needed.

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :
                                :     CONSENT TO PROCEED BEFORE

Plaintiff(s),    :     UNITED STATES MAGISTRATE JUDGE

                                :

- against -              :     _____ Civ. _____ (   )(   )

                                :

Defendant(s).    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

IT IS HEREBY STIPULATED by the undersigned:

    1. All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United States Magistrate Judge conduct all further proceedings in this action, including any trial and entry of final judgment.

    2. Any appeal from a judgment entered in this case will lie to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c).

_____    _____
Attorney(s) for Plaintiff(s)                Attorney(s) for Defendant(s)
Address                                        Address
Telephone                                  Telephone

_____    _____
Attorney(s) for _____          Attorney(s) for _____
Address                                        Address
Telephone                                    Telephone

(Separately executed forms may be submitted. See Fed. R. Civ. P. 73(b).)

SO ORDERED.

_____
                         U.S.D.J.

Magistrate Judge _____ was assigned this case on _____.

_____
          For: Clerk U.S.D.C. S.D.N.Y.

A copy of this Notice must be served by the plaintiff with the complaint on all adversary parties, and attached to any third-party complaint served by a defendant.

## RIGHT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D.N.Y. Local Civil Rule 73.1, the United States Magistrate Judges of the Southern District of New York have jurisdiction, with the consent of all parties, to conduct any or all proceedings in a civil case, including jury or non-jury trials, and order the entry of judgment. Trial before a Magistrate Judge proceeds in the same manner as trial before a District Judge.

The Magistrate Judge previously designated for the case will conduct the consent proceedings. If no Magistrate Judge has been designated, one will be drawn by lot to preside.

In accordance with 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c), appeal in a consent proceeding lies to the United States Court of Appeals for the Second Circuit as it would from any judgment of the district court.

The decision to consent, or not to consent, to proceed before a Magistrate Judge under § 636(c) is entirely voluntary. Only if all parties to the case consent to the reference will either the District Judge or Magistrate Judge be informed of the decision. Fed. R. Civ. P. 73(b).

If the parties in this action consent to proceed before a Magistrate Judge, the attached consent form should be signed by counsel for all parties and submitted to the Judgment and Orders Clerk in Room 120 of the Courthouse at 500 Pearl Street or Room 167 of the White Plains Courthouse. Separately executed forms may be submitted. See Fed.R. Civ. P. 73(b).

March 21, 2001

# INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE DEBRA FREEMAN

Unless otherwise ordered by Judge Freeman, matters before her shall be conducted in accordance with the following practices.

(These practices are applicable to matters before Judge Freeman only if the matter is within the scope of the District Judge's Order of Reference or if the case is before Judge Freeman pursuant to the parties' consent under 28 U.S.C. § 636(c). Otherwise, the practices of the District Judge to whom the case is assigned apply.)

## 1. Communications with Chambers

**A. Letters.** Copies of letters to chambers shall simultaneously be delivered to all counsel. Copies of correspondence between counsel shall not be sent to the court.

**B. Telephone Calls.** In addition to Paragraph 1(D) below, telephone calls to chambers are permitted. For matters other than docketing, scheduling or calendaring, call chambers at 805-4250.

**C. Faxes.** Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than 5 pages may be faxed without prior authorization. Do not follow with hard copy. The fax number is 805-4258.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Ms. Ivy Siwik at 805-4250 between 9:00 A.M. and 4:30 P.M.

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

## 2. Motions

1

**A. Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, pre-motion conferences are not required.

**B. Courtesy Copies.** Courtesy copies of all motion papers, marked as such, should be submitted for chambers.

**C. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

**D. Filing of Motion Papers.** Moving, opposing, and reply papers shall each be filed promptly after service, with courtesy copies submitted to chambers at the time of filing.

**E. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

## 3. Pretrial Procedures

**A. Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case, the parties shall submit to the court for its approval a joint pretrial order, which shall include the following:

i. The full caption of the action.

ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

2

vii.  Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

viii.  A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

ix.  A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

x.  A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B.  Filings Prior to Trial in Civil Cases.**  Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

i.  In jury cases, requests to charge and proposed voir dire questions.  When feasible, proposed jury charges should also be submitted on a 3.5" diskette in WordPerfect version 5.1 or higher format;

ii.  In nonjury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

iii.  In all cases, motions addressing any evidentiary or other issues which should be resolved in limine; and

iv.  In any case where such party believes it would be useful, a pretrial memorandum.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x
                                    :
                     Plaintiff(s),  :     CONSENT TO PROCEED BEFORE
                                    :     UNITED STATES MAGISTRATE JUDGE
        - against -                 :
                                    :     _____ Civ. _____ (    ) (    )
                                    :
                     Defendant(s).  :
-------------------------------------------------x

IT IS HEREBY STIPULATED by the undersigned:

    1. All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United States Magistrate Judge conduct all further proceedings in this action, including any trial and entry of final judgment.

    2. Any appeal from a judgment entered in this case will lie to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c).

_____          _____
Attorney(s) for Plaintiff(s)               Attorney(s) for Defendant(s)
Address                                    Address
Telephone                                  Telephone

_____          _____
Attorney(s) for_____           Attorney(s) for _____
Address                                    Address
Telephone                                  Telephone

(Separately executed forms may be submitted.  See Fed. R. Civ. P. 73(b).)

SO ORDERED.


_____
                U.S.D.J.

Magistrate Judge _____ was assigned this case on _____


                              _____
                              For:  Clerk U.S.D.C. S.D.N.Y.

A copy of this Notice must be served by the plaintiff with the complaint on all adversary parties, and attached to any third-party complaint served by a defendant. ...... ....

## RIGHT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D.N.Y. Local Civil Rule 73.1, the United States Magistrate Judges of the Southern District of New York have jurisdiction, with the consent of all parties, to conduct any or all proceedings in a civil case, including jury or non-jury trials, and order the entry of judgment. Trial before a Magistrate Judge proceeds in the same manner as trial before a District Judge.

The Magistrate Judge previously designated for the case will conduct the consent proceedings. If no Magistrate Judge has been designated, one will be drawn by lot to preside.

In accordance with 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c), appeal in a consent proceeding lies to the United States Court of Appeals for the Second Circuit as it would from any judgment of the district court.

The decision to consent, or not to consent, to proceed before a Magistrate Judge under § 636(c) is entirely voluntary. Only if all parties to the case consent to the reference will either the District Judge or Magistrate Judge be informed of the decision. Fed. R. Civ. P. 73(b).

If the parties in this action consent to proceed before a Magistrate Judge, the attached consent form should be signed by counsel for all parties and submitted to the Judgment and Orders Clerk in Room 120 of the Courthouse at 500 Pearl Street or Room 167 of the White Plains Courthouse. Separately executed forms may be submitted. See Fed.R. Civ. P. 73(b).

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# CRITICAL INSTRUCTIONS TO ATTORNEYS:

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## \*\*\*\*    Please Read Immediately \*\*\*\*

You must read and comply with all of the instructions on the attached sheet. Your case **CANNOT** be opened until you have correctly followed ALL of the required steps.

J. MICHAEL McMAHON
CLERK OF COURT

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

WWW.NYSD.USCOURTS.GOV
June 7, 2004

# 3rd Amended Instructions for Filing an Electronic Case or Appeal

*Important* - your new case is an electronically filed case (ECF case) and you will be required to file documents electronically instead of on paper (with certain exceptions listed below). If you don't have your ECF password yet, you should register now (no fee required) on the CM/ECF page of the Court's website at www.nysd.uscourts.gov Please follow the instructions below.

**ECF Judges:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Baer *** | Castel ** | Griesa ** | Knapp *** | McMahon * | Preska * | Stein * |
| Batts * | Cedarbaum*** | Haight ** | Koeltl * | Motley *** | Rakoff ** | Swain ** |
| Berman ** | Chin ** | Hellerstein ** | Kram *** | Mukasey * | Robinson * | Sweet * |
| Brieant * | Conner * | Holwell ** | Leisure ** | Owen *** | Sand *** | Wood ** |
| Buchwald ** | Cote * | Jones ** | Lynch ** | Patterson *** | Scheindlin ** | Magistrate- |
| Carter *** | Daniels ** | Kaplan ** | Marrero ** | Pauley ** | Sprizzo *** | Judges * |
| Casey ** | Duffy *** | Keenan ** | McKenna *** | Pollack ** | Stanton *** | |

\*   ECF Wave 1 Judge, assigning new cases filed on or after December 2, 2003 to the ECF system.
\*\*  ECF Wave 2 Judge, assigning new cases filed on or after March 1, 2004 to the ECF system.
\*\*\* ECF Wave 3 Judge, assigning new cases filed on or after June 7, 2004 to the ECF system.

**Important note on non-ECF cases:** Older cases filed prior to the above dates, as well as Pro Se cases, Habeas Corpus cases, Social Security cases, and Multi-District Litigation will not be electronically filed and should be filed on paper. Do not file documents electronically in cases that are not assigned to the ECF system.

## Instructions

(1)    Electronic cases are opened and service of the initiating documents (complaint, notice of removal, etc.) is accomplished in the traditional manner, on paper.

(2)    *Important* - In addition to serving the initiating documents in the traditional manner, on paper, you are also required to deliver paper copies of the following documents to all other parties (copies available at the courthouse, & on our website):

    (a) The assigned Judge's Individual Rules
    (b) USDC/SDNY Instructions for Filing an Electronic Case or Appeal (this document)
    (c) USDC/SDNY Procedures for Electronic Case Filing
    (d) USDC/SDNY Guidelines for Electronic Case Filing.

(3)    Within 24 hours of the assignment of a case number, you are required to email to the Clerk of Court the initiating documents in Adobe Acrobat pdf format only. Failure to do so within 24 hours will delay adding your case to the computerized ECF docket. Include a F.R.C.P. Rule 7.1 Statement (if applicable) and any exhibits. The case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption. Each document must be in a separate pdf file no larger than 2.5 megabytes (separate large computer files into smaller parts if necessary, and label accordingly). When sending email, the subject line of the email & the file name of the pdf should list only the case number followed by a document description (ex. "Re: 01cv1234-complaint"). Send the email (do not file on the ECF system) to:

    (a) For new civil cases assigned to a Manhattan Judge, email a pdf copy of the documents to

                case_openings@nysd.uscourts.gov

    (b) For new civil cases assigned to a White Plains Judge, email a pdf copy of the documents to

                wpclerk@nysd.uscourts.gov

USDC/SDNY Instructions for Filing an Electronic Case or Appeal

(4)    File the Affidavit of Service for the initiating document (complaint, notice of removal, etc.) in the following manner:

    (a) electronically file the Affidavit of Service for the initiating document on the ECF system (do not send by email),
    (b) file the original Affidavit of Service with summons attached in the traditional manner, on paper with the Clerk.

(5)    All subsequent documents, including the Defendant's Answer, must be filed electronically on the ECF system at ecf.nysd.uscourts.gov. Electronic filing involves using your ECF password to docket the item directly into the ECF system. Electronic filing is not the same as email to the Clerk. Read the Judge's Individual Rules to determine if courtesy copies (on paper) are required.

(6)    Appeals will be assigned to the ECF system only if the original case was also electronically filed. File the appeal in the traditional manner, on paper. Then within 24 hours of filing the paper copy of your Appeal at the courthouse, you are required to email to the Clerk of Court an electronic copy of the Appeal in pdf format. Include any exhibits. Each document must be in a separate pdf file no larger than 2.5 megabytes. The District Court case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption.

When sending email, the subject line of the email should always list the case number followed by a document description (ex. "Re: 01cv1234-appeal"). Send the email (do not file on the ECF system) to:

    (a) For appeals from an ECF case assigned to a Manhattan Judge, email a pdf copy of the appeal to

        **appeals@nysd.uscourts.gov**

    (b) For appeals from an ECF case assigned to a White Plains Judge, email a pdf copy of the appeal to

        **wpclerk@nysd.uscourts.gov**

(7)    Follow all the rules for Electronic Case Filing (available at www.nysd.uscourts.gov):

    (a) SDNY Procedures for Electronic Case Filing    (d) Local Rules of this Court, and
    (b) SDNY Guidelines for Electronic Case Filing    (e) Federal Rules of Civil Procedure
    (c) Individual Rules of the Assigned Judge

### ✓ Learn More About Electronic Case Filing at www.nysd.uscourts.gov

✓    Click on the "CM-ECF" page for the official ECF filing rules, training information, computer requirements, and more.

✓    Attorneys should use the "Attorney Registration" page to register on-line for a SDNY ECF password (no fee). Your ECF password will be sent to you by email. You must have an ECF password from SDNY District Court to file documents electronically.

✓    Sign up now for a SDNY PACER account if you don't already have one. Call (800) 676-6856, or go to http://pacer.psc.uscourts.gov

✓    Electronically file documents in ECF cases over the Internet at ecf.nysd.uscourts.gov

✓    Don't have a computer or scanner? Bring your ECF password and the paper documents to the courthouse, and you can use our public computers to electronically file your documents. Call the ECF Help Desk for more information.

✓    The ECF Help Desk is available to answer your ECF questions from 8:30 AM to 7:30 PM at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914) 390-4204, and by email at help_desk@nysd.uscourts.gov

### WWW.NYSD.USCOURTS.GOV

J. MICHAEL McMAHON
WWW.NYSD.USCOURTS.GOV
CLERK OF COURT

## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007

December 1, 2003

# Guidelines for Electronic Case Filing

The following guidelines apply to all electronically filed cases and have been written by the Clerk of Court under the authority of this Court's Procedures for Electronic Case Filing.

**Q. What is the web address for the SDNY ECF system?**

The new ECF system will be on the Internet at **https://ecf.nysd.uscourts.gov**

**Q. Should I use Netscape Navigator or Internet Explorer to use ECF?**

Only Netscape Navigator 4.6, 4.7, or Internet Explorer 5.5 have been certified for use with the ECF program. Other browsers have not been certified, and while they may work part of the time, they may also cause errors in the middle of filing.

**Q. Is there a limit to the size of a document that can be filed on ECF?**

Yes, 2.5 megabytes (approximately 50 pages). If your file is too large, the system will reject it. The solution is to separate an oversized file into 2 or more parts and docket it in a single event. Simply label each file 1, 2, 3, etc. In all cases assigned to the ECF system, no single document totaling more than 15 megabytes (even if separated into individual computer files) shall be electronically filed without prior permission of the Court.

**Q. Can I file documents that originate on paper and are then scanned to create a pdf file?**

Yes, but.....the ECF system will not accept any single document that is larger than 2.5 megabytes, or approximately 50 pages. Wherever possible, you should create pdf files directly from a word processing program. When you create a pdf file from a scanned paper document, the file size is significantly larger. This may prevent you from filing it as a single document on the ECF system and will also take up unnecessary computer memory on your own computer system. Besides, it's easier to create a pdf directly from a word processor.

**Q. Who can file documents on ECF?**

Only an attorney admitted to practice in SDNY, and registered to use the ECF system, or an "authorized agent" of the filing user, is permitted to file (ECF Procedures, 8b). A filing will be deemed to be the sole responsibility of the filing user whose log-in and password were used to file the document. Be careful whom you allow to use your ECF log-in and password. Attorneys can register on-line to use ECF at www.nysd.uscourts.gov

**Q. Can an attorney admitted Pro Hac Vice file documents electronically?**

Yes. Immediately after a motion to be admitted pro hac vice is granted, the attorney is required to register to be an ECF Filing User at www.nysd.uscourts.gov

**Q. Will I need a password to use ECF?**

Yes, 2 passwords - one for the ECF system and one for PACER. To obtain an ECF password you must first register to be an ECF Filing User at www.nysd.uscourts.gov To obtain a PACER password go to http://ecf.nysd.uscourts.gov If you already use dial up PACER service, then you don't need to change anything - your log-in and password will remain the same.

When a document is electronically filed, all ECF registered attorneys of record in that case will receive an email titled NOTICE OF ELECTRONIC FILING and a hypertext link to the document. That is your "one free look" at the document. If you need a second look or want to view other cases where you are not the attorney of record, you will be required to enter your PACER log-in and password.

**Q. Can I view both civil and criminal dockets over the Internet?**

Civil dockets are available remotely over the Internet to anyone with a PACER account. Criminal dockets are available remotely over the Internet only to the attorney of record. As always, all civil and criminal dockets may be viewed on public access computers at the courthouse.

**Q. How can I sign up other attorneys in my firm to receive electronic notices in my case?**

By adding them as an additional attorney of record. Every attorney of record will receive email notification of filings in his or her case. The ECF system will allow up to two attorneys of record to be entered in each case. Of course, each attorney must be a registered ECF filing user.

**Q. Must the caption of the document indicate it has been electronically filed?**

Yes. (SDNY ECF Procedures, 8a).

**Q. How will I know if I have successfully filed a document electronically?**

The filer will immediately receive a Notice of Electronic Filing, which should be saved and/or printed; it's your receipt. You will also see a list of who will be served electronically and who will not. It is the responsibility of the filing party to serve paper copies on any party that will not receive electronic notice.

**Q. What if I file the wrong document, or file in the wrong case?**

In all cases assigned to the ECF system, if a document is electronically filed in error, the filer shall immediately notify the Clerk of Court in writing, and the Clerk shall seek further guidance from the Court.

**Q. How do I sign an electronically filed document?**

The filing user's ECF log-in and password serve as his/her electronic signature. (ECF Procedures #8). The filing user should place an S/ in place of the signature. Signatures for all other persons must be scanned in order to capture the actual ink signature.

**Q. Will older cases be assigned to the ECF system?**

No. Only those cases filed after the ECF system goes live are subject to electronic filing. Cases filed before the ECF system goes live will not be converted to ECF cases. You will be able to view the docket sheets in older cases on-line, but not the documents.

**Q. Which cases will be ECF cases?**

Civil and criminal cases filed after December 1, 2003, will be subject to electronic filing. Social Security cases, Habeas Corpus cases and Pro Se cases will not be assigned to the ECF system.

**Q. Which Judges will entertain ECF cases?**

Eventually all the courts Judges and Magistrate-Judges will be able to entertain ECF cases. Groups of judges will be added to the ECF system over a 12 month period. The first group will include Judges Batts, Brieant, Conner, Kaplan, Koeltl, McMahon, Mukasey, Preska, Robinson, Stein, Sweet, and all the Court's Magistrate Judges. Parties are directed to refer to each judge's individual rules (available on the court's website) to learn whether a particular case will be assigned to the ECF system.

**Q. How do I view a document in an ECF case?**

Use an approved Internet web browser (see above) and go to https://ecf.nysd.uscourts.gov Click on Query, enter the case number, find the document, and click on the blue hyperlink next to that entry. An electronic copy of the complete document will then appear on your computer screen. If there is no blue hyperlink, then there is no electronic version of that document.

**Q. Does filing electronically affect the filing deadline?**

No. Filing electronically does not change your obligation to comply with the Federal Rules and any applicable Local Rules. Filing must be completed before midnight local time in order to be considered timely filed that day (ECF Procedures 3c)(See also Judges Individual Rules).

**Q. How do I open an ECF case?**

To open a civil action, you must file the complaint on paper at the courthouse, pay any applicable fee, and serve the documents in the traditional manner, on paper. (See SDNY ECF Procedures 1d). Then you must email (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

For cases assigned to a Manhattan Judge: case_openings@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

Failure to email the pdf copy of the complaint to the Clerk within 24 hours may result in a delay in adding the case to the Court's electronic docket.

**Q. Must I serve a copy of the assigned Judge's Individual Rules with the complaint?**

Yes. Copies of Judges' Individual Rules are available at the Clerk's Office and also on the Court's public website at www.nysd.uscourts.gov

**Q. Must I file a paper Summons and Affidavit of Service for the Complaint?**

Yes. For ECF cases, the Affidavit of Service with the original summons attached must be filed with the court in the traditional manner, on paper (ECF Procedures, 1d).

**Q. Must I file a paper Affidavit of Service for other documents in the case?**

No. For all other electronically filed documents after the complaint, the Clerk will automatically transmit by email a Notice of Electronic Filing to each attorney of record that has registered to be an ECF Filing user. Transmission of that Notice of Electronic filing shall constitute service (ECF Procedures, 9).

**Q. How do I serve my adversary who has not registered to be an ECF Filing User?**

Upon completion of filing electronically, the filer will receive a receipt which should be printed and saved. The receipt will include a list of who will be served electronically and who will not. The ECF system does not relieve filers from their obligations under the Federal Rules of Civil and Criminal Procedure to serve paper copies on any party that will not receive electronic notice.

**Q. When filing a motion, should the supporting affidavit be attached or filed separately?**

Electronically filed motions should be filed in the traditional manner. Supporting affidavits and exhibits that would normally be filed attached to the motion should also be filed attached to an electronic motion. Other affidavits and memoranda of law that would normally be filed separately from the motion should be filed separately from an electronic motion. Exhibits attached to a motion must comply with the Court's Procedures for Electronic Case Filing, section 5. Excerpted material must be clearly marked as such.

**Q. How should I submit exhibits not attached to a motion?**

The Court's Procedures for Electronic Case Filing, section 5, requires that attachments and exhibits must be submitted in electronic form, unless the Court permits paper filing. Only relevant excerpts of exhibits, labeled as such, should be submitted. Remember, there are limits to the size of a computer file that may be submitted (see page 1). A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned.

SDNY Guidelines for Electronic Case Filing

**Q. How do I file a proposed order, judgment or stipulation?**

Proposed orders, judgments and stipulations should not be submitted through the ECF system. Instead they should be sent by email to the Clerk. Proposed orders should be submitted in word processing format (WordPerfect or Word) rather than as a pdf document. Stipulations should be submitted in pdf format. Stipulations must contain all required signatures (the last person to sign can email it to the clerk). Email the proposed order, judgment or stipulation to:

For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

**Q. How do I file an Order to Show Cause?**

In all cases assigned to the ECF system, Orders to Show Cause seeking a stay shall be submitted in the traditional manner, in person before the Court.

Orders to Show Cause that do not seek a stay, shall be submitted by email (not filed on the ECF system) to the Clerk in word processing format (WordPerfect or Word) rather than as a pdf document. Email the proposed Order to Show Cause to:

For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

**Q. How do I file a default judgment?**

Default judgments should not be submitted through the ECF system. Instead they should be sent by email to the Clerk, in word processing format (WordPerfect or Word) rather than as a pdf document. Email the default judgment documents to:

For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

**Q. How do I submit a letter?**

In the traditional manner on paper. Do not submit letters through the ECF system. (See also each Judge's Individual Rules).

**Q. Will sealed documents be filed electronically?**

No. Sealed documents will filed in the traditional manner, in paper form.

**Q. How do I file a Notice of Appeal?**

To file a Notice of Appeal you must file the Notice on paper at the courthouse, including a copy of the document being appealed, and pay any applicable fee. (See SDNY ECF Procedures, 1d). Then you must <u>email</u> (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the District Court case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

> For cases assigned to a Manhattan Judge: appeals@nysd.uscourts.gov

> For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

Failure to email the pdf copy of the Notice of Appeal to the Clerk within 24 hours may result in a delay in adding the appeal to the Court's electronic docket.

**Q. Which is the "original" document, the paper or the ECF version?**

When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed (ECF Procedures 3b).

**Q. Must I keep paper originals of documents I electronically file?**

Yes. See the official SDNY PROCEDURES FOR ELECTRONIC FILING, section 7 for details.

**Q. Should I continue to submit courtesy copies?**

Yes, continue your current practice. If you would submit a courtesy copy of the document in a non-ECF case, you should now submit a courtesy copy of it in an ECF case. (See also each Judge's Individual Rules).

**Q. When an attorney leaves a firm, how do we change the attorney's ECF Registration information?**

Send written notice to the Attorney Admissions Clerk, 500 Pearl Street, NY, NY 10007.

**Q. Will there be an ECF Help Desk?**

Yes. An ECF telephone Help Desk will be available from 8:30 AM to 7:30 PM Monday through Friday at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914)390-4204. Or you can email your ECF questions to help_desk@nysd.uscourts.gov

**Q. How can I stay up to date with future ECF news and developments?**

By registering to be a Point of Contact (POC) at www.nysd.uscourts.gov, you will receive periodic email messages concerning the ECF system. You don't need to be an attorney to be a POC

**Q. How can I learn how to use ECF?**

On the Court's website you will find "ECF 101", an on-line introduction to ECF, as well as detailed training materials for beginners and advanced users. Go to www.nysd.uscourts.gov

United States District Court
Southern District of New York

# Procedures for Electronic Case Filing

March 6, 2003

# Procedures for Electronic Case Filing

**Procedures for Electronic Case Filing**

The Court will accept for filing documents submitted, signed or verified by electronic means that comply with the following procedures.

## 1. Scope of Electronic Filing

(a) The Court will designate which cases will be assigned to the Electronic Filing System. Except as expressly provided and in exceptional circumstances preventing a Filing User from filing electronically, all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the Electronic Filing System must be filed electronically. A paper may be filed electronically (i) from a remote location, (ii) by bringing it to the Clerk's office during regular business hours, in a form or electronic format prescribed by the Clerk, for input into the System, or (iii) where permitted by the Court, by bringing the paper to the Clerk's office during regular business hours to be scanned into the System.

(b) Unless limited by their terms to civil cases, the provisions of these procedures relating to electronic filing apply in criminal cases that are initiated by the filing of an indictment or information. Electronic filing procedures shall not apply to applications for arrest, search or electronic surveillance warrants; for other orders in aid of or ancillary to a criminal investigation; or to proceedings relating to the grand jury.

(c) Electronic filing procedures shall not apply to Social Security Cases.

(d) The filing and service of the initial papers in a civil case, including the complaint, the issuance of the summons and the proof of service of the summons and complaint, as well as service of non-party subpoenas, will be accomplished in the traditional manner on paper in accordance with the Federal Rules of Civil Procedure and applicable Local Rules governing service, rather than electronically. In a criminal case, the indictment or information, including any superseders, shall also be filed and given to the defendant in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules rather than electronically; in addition, service of subpoenas shall be made in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules. In a case assigned to the Electronic Filing System after it has been opened, parties must promptly provide the Clerk with electronic copies of all documents previously provided in paper form. All subsequent documents must be filed electronically except as provided in these procedures or as ordered by the Court.

## 2. Eligibility, Registration, Passwords

(a) Attorneys admitted to the bar of this Court, including those admitted pro hac vice and attorneys authorized to represent the United States, may register and may be required to register as Filing Users of the Court's Electronic Filing System. Unless excused by the Court, attorneys not already Filing Users appearing in cases assigned to the Electronic Filing System must register as Filing Users forthwith upon the case being so designated. Registration is in a form prescribed by the Clerk and requires the Filing User's name, address, telephone number, Internet e-mail address, and

a declaration that the attorney is admitted to the bar of this Court or authorized to represent the United States.

(b)  If the Court permits or requires, a party to a pending civil action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf, the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

(c)  Once registration is completed, the Filing User will receive notification of the user log-in and password. Filing Users agree to protect the security of their passwords and immediately notify the Clerk if they learn that their password has been compromised. Users may be subject to sanctions for failure to comply with this provision.

(d)  In a civil action, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted, (i) each attorney identified on the Civil Cover Sheet, as well as (ii) each additional attorney who subsequently appears in the action and files a Request for Electronic Notification (which may be filed electronically). In a criminal case, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted and who will be granted access to electronically file and retrieve documents in the case, the attorney(s) for the United States identified on the Criminal Designation Form or subsequently identified as representing the United States in the case and each attorney filing a  Notice of Appearance on behalf of a defendant. Notices of Appearance on behalf of a criminal defendant will be filed in the traditional manner on paper.

(e)  An attorney of record may, by written or electronic request to the Clerk, have transmission of Notices of Electronic Filing to another attorney in his or her firm terminated.

## 3.  Consequences of Electronic Filing

(a)  Except as otherwise provided in Procedure 4 herein, electronic filing of a document in the Electronic Filing System consistent with these procedures, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55.

(b)  When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court (subject to the exception set out in Procedure 4 below), and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Procedure 1, a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.

(c)  Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day.

(d)  Individual judges' practices should continue to be followed with respect to delivery of courtesy copies.

## 4. Entry of Court Orders

(a)  All orders, decrees, judgments, and proceedings of the Court will be filed in accordance with these procedures and entered on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55. Each document signed by a judge shall be scanned so as to contain an image of the judge's signature and shall be filed electronically by the Court, and the manually signed original shall be filed by the Clerk of the Court. In the event of a discrepancy between the electronically filed copy and the manually signed original, the manually signed original shall control.

(b)  A Filing User submitting a document electronically that requires a judge's signature must promptly deliver the document in such other form as the Court requires, if any.

## 5. Attachments and Exhibits

Filing Users must submit in electronic form all documents referenced as exhibits or attachments, unless the Court permits paper filing. A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are relevant to the matter under consideration by the Court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this procedure do so without prejudice to their right to file timely additional excerpts or the complete document. Responding parties may file timely additional excerpts that they believe are relevant or the complete document. A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned. In cases where the record of an administrative or other prior proceeding must be filed with the Court, such record may be served and filed in hard copy without prior motion and order of the Court.

## 6. Sealed Documents

Documents ordered to be placed under seal may not be filed electronically unless specifically authorized by the Court. A motion to file documents under seal should be filed electronically unless prohibited by law; however, a motion to file under seal that includes a statement of why the filing should not be made electronically may be made in paper copy. The order of the Court authorizing the filing of documents under seal may be filed electronically unless prohibited by law. A paper copy of the order must be attached to the documents under seal and be delivered to the Clerk.

## 7. Retention Requirements

Documents that are electronically filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until one year after all time periods for appeals expire, except that affidavits, declarations and proofs of service must be maintained in

paper form by the Filing User until five years after all time periods for appeals expire. On request of the Court, the Filing User must provide original documents for review.

## 8. Signatures

(a) The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court. Each document filed electronically must indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and (except in criminal cases) the attorney number, all in compliance with Local Civil Rule 11.1. In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" typed in the space where the signature would otherwise appear.

(b) No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.

(c) A document requiring the signature of a defendant in a criminal case may be electronically filed only in a scanned format that contains an image of the defendant's signature.

(d) Documents requiring signatures of more than one party must be electronically filed either by: (1) submitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document; (3) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three business days after filing; or (4) in any other manner approved by the Court.

## 9. Service of Documents by Electronic Means

Transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case. It remains the duty of the attorney for a party to review regularly the docket sheet of the case. Attorneys and pro se parties who are not Filing Users shall be served with a paper copy of any electronically filed pleading or other document. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules.

## 10. Notice of Court Orders and Judgments

Immediately upon the entry of an order or judgment in a proceeding assigned to the Electronic Filing System, the Clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Crim.P. 49(c) and Fed.R.Civ.P. 77(d). It remains the duty of the attorney for a party to review regularly the docket sheet of the case. The Clerk must give notice in paper form to a person who is not a Filing User in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.



$9.40
0008525-16

60062

FIRST CLASS MAIL

Underwriters Laboratories, Inc.
Attn: Legal Representative
33 Pfingsten Road
Northbrook, IL 60062-2096

RETURN RECEIPT
REQUESTED






Jerry V. Leaphart & Associates, P.C.
8 West Street, Suite 203
Danbury, CT 06810

CERTIFIED MAIL

7007 0710 0002 1849 0294

RETURN RECEIPT
REQUESTED



FIRST CLASS MAIL

Underwriters Laboratories, Inc.
Attn: Legal Representative
33 Pfingsten Road
Northbrook, IL 60062-2096

