# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DR. MORGAN REYNOLDS on behalf
of the UNITED STATES OF AMERICA

              Plaintiff,

vs.

SCIENCE APPLICATIONS
INTERNATIONAL CORP.; APPLIED
RESEARCH ASSOCIATES, INC.;
NuSTATS; COMPUTER AIDED
ENGINEERING ASSOCIATES,
INC.; DATASOURCE, INC.;
GEOSTAATS, INC.; GILSANZ
MURRAY STEFICEK LLP; HUGHES
ASSOCIATES, INC.; AJMAL ABBASI;
EDUARDO KAUSEL; DAVID PARKS;
DAVID SHARP; DANIELE VENEZANO;
JOSEF VAN DYCK; KASPAR WILLIAM;
ROLF JENSEN & ASSOCIATES, INC.;
ROSENWASSER/GROSSMAN
CONSULTING ENGINEERS, P.C.;
SIMPSON GUMPERTZ & HEGER, INC.;
S. K. GHOSH ASSOCIATES, INC.;
SKIDMORE, OWINGS & MERRILL,
LLP; TENG & ASSOCIATES, INC.;
UNDERWRITERS LABORATORIES,
INC.; and WISS, JANNEY, ELSTNER
ASSOCIATES, INC.

              Defendants.

Case No. 07CV4612 (GBD)

**MEMORANDUM IN SUPPORT OF
APPLIED RESEARCH ASSOCIATES, INC.'S
MOTION FOR SANCTIONS PURSUANT TO
FED. R. CIV. P. 11 AND
§ 3730(d)(4) OF THE FCA**

## <u>TABLE OF CONTENTS</u>

Page

Table of Authorities ................................................................................................... ii

I.    Introduction ......................................................................................................... 1

II.   Legal Standards .................................................................................................... 2

    A.    Standard For Sanctions Under Rule 11 ............................................... 2

    B.    Standard for Sanctions Under Section 3730(d)(4) of the FCA .................. 4

III.  Attorney's Fees Should be Awarded to Defendants Because Relator's Claims are Not Supported by Existing Law ........................................................................ 6

    A.    Relator's Complaint is Frivolous Because it Was Statutorily Precluded by the First to File Bar ............................................................................................ 6

    B.    Relator's Complaint is Frivolous Because it Was Statutorily Precluded by the Public Disclosure Bar ......................................................................................... 7

    C.    Relator's Claims are Vexatious Because Relator's Allegation That Defendants Conspired With the Government Fails to State a Claim Under the FCA ................. 8

IV.   Attorney's Fees Should Be Awarded to Defendants Because Relator and His Counsel Filed this Complaint for Improper Purposes ................................... 10

V.    Conclusion .......................................................................................................... 12

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Rockwell Intern. Corp. v. United States*, 127 S.Ct. 1397 (2007) ......................................1

*In re Pennie & Edmonds LLP*, 323 F.3d 86 (2d Cir. 2003) ..............................................2

*Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407 (S.D.N.Y. 2003) .......................3

*Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611 (2d Cir. 1991) ....................................3

*Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F.Supp.2d 569 (S.D.N.Y. 2004) ..................3, 7

*O'Malley v. New York City Transit Authority*, 896 F.2d 704 (2d Cir. 1990) .....................3

*Abdelhamid v. Altria Group, Inc.*, 515 F.Supp.2d 384 (S.D.N.Y. 2007) ..........................3

*Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378 (6th Cir. 1997) .............................3

*Galonsky v. Williams*, 1997 WL 759445 (S.D.N.Y. 1997) ......................................4, 11-12

*Baker v. Urban Outfitters, Inc*, 431 F.Supp.2d 351 (S.D.N.Y. 2006) ...........................4, 12

*United States ex rel. Mikes v. Straus*, 98 F.Supp.2d 517 (S.D.N.Y. 2000).............4, 5, 9, 11

*United States ex rel. J. Cooper & Assocs. v. Bernard Hodes Group, Inc.*, 422 F.Supp.2d 225 (D.D.C. 2000) ........................................................................................5, 9

*Mikes v. Straus*, 274 F.3d 687 (2d Cir. 2001) ..............................................................5

*United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 2007 WL 4233471, Civil Action No. 94-7316 (E.D.Pa. 2007)...............................................................................5, 10-11

*United States ex rel. Dr. Judy Wood v. Applied Research Assoc., Inc.*, No. 07 Civ. 3314 (GBD) (S.D.N.Y. filed April 25, 2007) ........................................................................6

*United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148 (2d Cir. 1993) ...........................................................................................................7, 8

*United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.*, 186 F.Supp.2d 458 (S.D.N.Y. 2002) ........................................................................................7

*United States ex rel. Fullington v. Parkway Hosp., Inc.*, 351 B.R. 280 (E.D.N.Y. 2006) ...............8

*Daly v. Dept. of Energy*, 741 F.Supp. 202 (D.Colo. 1990) ................................................8

*United States ex rel. v. Fiske*, 968 F.Supp. 1347 (E.D.Ark. 1997) ...................................9

*United States ex rel. Herbert v. Nat'l Academy of Sciences*, 1992 WL 247587, Civil Action No. 90-2568 (D.D.C. 1992) ........................................................................................9

*Edward F. Haas v. Secretary*, No. 07-CIV-3623(VM) (S.D.N.Y. filed May 10, 2007) .................10

*United States ex rel. Minna Ree Winer Children's Class Trust v. Regions Bank of La.*, 1996 WL 264981, Civil Action No. 94-4085 (E.D.La. 1996) ........................................................10-11

**Statutes**

False Claims Act, 31 U.S.C. § 3730(d)(4) ........................................................................4

False Claims Act, 31 U.S.C. § 3730(e)(4) ........................................................................7

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 11(b)(2) ...................................................................................................2

Fed. R. Civ. P. 11(c) ........................................................................................................3

Fed. R. Civ. P. 11(c)(2); Advisory Committee Notes (1993 Amendment) .......................3

Fed. R. Civ. P. 11(c)(2)(A) ..............................................................................................3

**Pleadings**

Relator's Complaint (Docket #5) ................................................................................1, 7, 8

Court's Order of July 11, 2007 (Docket #4) .....................................................................1

ARA's Motion to Dismiss (Docket #38) .........................................................................1-2

ARA's Memorandum in Support of Motion to Dismiss (Docket #39) ...........................6, 7

Relator's attorney's letter requesting an extension of time to respond to Underwriter Laboratories, Inc.'s Motion for Sanctions. (Dec. 12, 2007) (Docket # 79).........................9

**Other**

S. Rep No. 99-345 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 1986 WL 31937.......................4

Scholars for 9/11 Truth, Member Lists, available at http://twilightpines.com/index.php?
option=com_content&task=view&id=37&Itemid=35....................................................................11

Scholars for 9/11 Truth – Who Are We?, available at http://twilightpines.com//index.php?
option=com_content&task=view&id=36&Itemid=35....................................................................11

"Reynolds Makes a Federal Case of 9/11 – Sues NIST Contractors for 9/11 Plane Fraud,"
available at http://www.nomoregames.net/index.php?page=911&subpage1=federal_case.............11

Pursuant to Fed. R. Civ. P. 11(c)(1)(A) Applied Research Associates, Inc. ("ARA" or "Defendants") certify this Motion for Sanctions ("Motion") was served upon Dr. Morgan Reynolds ("Relator") through his counsel at least 21 days before this Motion was filed.

## I.  **Introduction**

This litigation represents a flagrant abuse of the judicial process and warrants the imposition of sanctions against Relator and his counsel as provided by law.  On May 31, 2007, Relator filed this action under seal pursuant to the *qui tam*[1] provisions of the False Claims Act, 31 U.S.C. §§ 3729-3731 ("FCA").  In essence, Relator's Complaint alleges that the events of September 11 were a hoax and that lasers orbiting in space, rather than aircraft collisions, caused the collapse of the World Trade Center 1 and World Trade Center 2 buildings ("WTC 1" and "WTC 2," together "WTC Towers").  Relator apparently alleges that the Defendants are liable to the Government under the FCA for manipulating the NIST investigation and contributing to the alleged falsity of NIST's final report on the collapse of the WTC Towers, NCSTAR 1.  Relator's Complaint contains seven claims for relief: Causes of Action One, Two and Three allege violations of §§ 3729(a)(1), (2), and (7) of the FCA, respectively, and Causes of Action Four, Five, Six and Seven assert claims for unjust enrichment, payment by mistake, recoupment of overpayments and common law fraud, respectively.[2]  Compl., pp. 29-33 (Docket #5).  The United States investigated Relator's allegations for less than one month and, on June 22, 2007, declined to intervene.  On July 11, 2007, the Court ordered that Relator's Complaint be unsealed and served upon Defendants. (Docket #4).  On October 9, 2007, Defendants filed a Motion to

---

[1]  "*Qui tam* is short for '*qui tam pro domino rege quam pro se ipso in hac parte sequitur*,' which means 'who pursues this action on our Lord the King's behalf as well as his own.'" *Rockwell Intern. Corp. v. United States*, 127 S.Ct. 1397, 1403 (2007).

[2]  Relator stipulated to dismiss Causes of Action Four, Five, Six and Seven.

Dismiss this case in its entirety because this Court lacks subject matter jurisdiction to hear Relator's claims and Relator failed to plead fraud with sufficient particularity. (Docket #38).

Relator's Complaint epitomizes the type of frivolous filing that Rule 11 is intended to deter. Aside from the preposterous and offensive nature of Relator's allegations, Relator's claims are factually and legally deficient in the extreme. It is beyond doubt that Relator's claims are barred by the first to file and public disclosure bars of the FCA and cannot succeed. Moreover, Relator's Complaint is intended only to harass Defendants and to promote the September 11 conspiracy theories espoused by Relator and his counsel. Furthermore, once this Court rules on Defendants' Motion to Dismiss, Defendants, as the prevailing party, will be entitled to attorney's fees and costs under § 3730(d)(4) of the FCA. Because Relator's abusive misuse of the FCA has forced Defendants to incur significant expense, this Court should award Defendants attorney's fees and costs under both Rule 11 and § 3730(d)(4).

## II.   Legal Standards

### A.   Standard For Sanctions Under Rule 11

Pursuant to Rule 11(b)(2), an attorney signing a pleading certifies that "to the best of his knowledge, information, and belief formed after an inquiry reasonable under the circumstances:"

> . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . .

Fed. R. Civ. P. 11(b)(2).

In determining whether a claim is frivolous for purposes of Rule 11, a court must apply an objective standard of reasonableness. *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003). Thus, Rule 11(b)(2) is violated if a reasonable attorney would have concluded that the claims asserted were not warranted by existing law or a nonfrivolous argument for the extension,

modification or reversal of existing law, or the establishment of new law. *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407, 411-12 (S.D.N.Y. 2003). When it is "patently clear that a claim has absolutely no chance of success," sanctions are warranted. *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991).

To avoid liability under Rule 11(b)(2), counsel is required to conduct a modicum of legal research before bringing a lawsuit. *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F.Supp.2d 569, 577 (S.D.N.Y. 2004). Failure to do so justifies an award of sanctions. *Id.* Regardless of whether such research was, in fact, conducted, if it is clear that the action was destined to fail based on existing precedents, and the plaintiff has offered no reasonable argument to change or extend the present law, Rule 11 sanctions are warranted. *O'Malley v. New York City Transit Authority*, 896 F.2d 704, 706 (2d Cir. 1990).

Upon a determination that Rule 11(b) was violated, the court may impose sanctions upon the attorneys, law firms or parties responsible for the violation. Fed. R. Civ. P. 11(c).[3] Among the sanctions that the court may impose are: a fine or penalty paid to the court, an award of reasonable expenses and attorney's fees incurred as a result of the misconduct or dismissal of the action. *Abdelhamid v. Altria Group, Inc.*, 515 F.Supp.2d 384, 392 (S.D.N.Y. 2007). Rule 11 explicitly authorizes payment of attorney's fees directly to the moving party, and such award is particularly appropriate when, as here, the sanctionable filing was interposed for improper purposes. *See* Fed. R. Civ. P. 11(c)(2); Advisory Committee Notes (1993 Amendment); *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 386 (6th Cir. 1997) ("a direct payout to the injured party is particularly appropriate for Rule 11(b)(1) violations involving improper motivations").

---

[3]    "Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)." Fed. R. Civ. P. 11(c)(2)(A).

Courts routinely infer an improper purpose when claims are egregiously meritless. *Galonsky v. Williams*, 1997 WL 759445, *5 (S.D.N.Y. 1997); *Baker v. Urban Outfitters, Inc*, 431 F.Supp.2d 351, 358 (S.D.N.Y. 2006). ("[Plaintiff's] bad faith motivation also may be inferred from false allegations in the complaint"). Moreover, frivolous complaints that are intended to garner publicity or promote an agenda are improper and subject the attorneys and/or parties responsible to sanctions. *See Galonsky*, 1997 WL 759445, *6 (Rule 11 sanctions appropriate when plaintiff distributed amended complaint at a press conference as part of a public relations campaign intended to embarrass defendants and coerce a settlement); *Baker*, 431 F.Supp.2d at 351 (complaint was improper and attorney's fees appropriate under Copyright Act because lawsuit was intended to garner publicity for the plaintiff's agent and lawyer). As demonstrated below, each of the claims asserted against Defendants violates Rule 11(b), and sanctions are warranted.

**B.    Standard for Sanctions Under Section 3730(d)(4) of the FCA**

Section 3730(d)(4) of the FCA provides:

> If the government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was <u>clearly frivolous</u>, <u>clearly vexatious</u>, or <u>brought primarily for the purposes of harassment</u>.

(emphasis added). Congress added § 3730(d)(4) to the FCA "to create a strong disincentive and send a clear message to those who might consider using the private enforcement provision of this Act for illegitimate purposes." S. Rep No. 99-345 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 1986 WL 31937. The decision to award fees under § 3730(d)(4) is "purely discretionary with the Court." *United States ex rel. Mikes v. Straus*, 98 F.Supp.2d 517, 526 (S.D.N.Y. 2000). The standard for sanctions under § 3730(d)(4) is similar to the standard applied under Rule 11, and

courts applying § 3730(d)(4) frequently look to cases applying Rule 11 for guidance. *Mikes*, 98 F.Supp.2d at 527; *United States ex rel. J. Cooper & Assocs. v. Bernard Hodes Group, Inc.*, 422 F.Supp.2d 225, 238 n.17 (D.D.C. 2000). As with Rule 11, courts apply an objective standard under § 3730(d)(4), and a relator's subjective intent is irrelevant. *Mikes v. Straus*, 274 F.3d 687, 705 (2d Cir. 2001). Thus, sanctions are appropriate if "viewed objectively, [a claim] may be said to have no reasonable chance of success, and present no valid argument to modify present law." *Id.*

A finding that an FCA suit falls into any one of the three categories described in § 3730(d)(4) is a sufficient basis for an award of sanctions. *Mikes*, 274 F.3d at 704-705. A claim is clearly frivolous under § 3730(d)(4) if it is "utterly lacking in legal merit and evidentiary support." *J. Cooper & Assocs.*, 422 F.Supp.2d at 238 (citing *Mikes*, 98 F.Supp.2d at 526-27). "Vexatious and harassing claims are those instituted maliciously or without good cause." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 2007 WL 4233471, Civil Action No. 94-7316, *9 (E.D.Pa. 2007). Significantly for the instant case, courts have held that an FCA claim is vexatious "where the government's undisputed prior knowledge of information alleged to constitute fraud defeated any inference of a false claim." *Mikes*, 98 F.Supp.2d at 527 (citations omitted); *J. Cooper & Assocs.*, 422 F.Supp.2d at 239 ("A claim is frivolous and vexatious if the government's awareness of the circumstances constituting the alleged transgression makes any legal claim of fraud untenable"). Because Relator's claims are clearly frivolous, vexatious <u>and</u> intended to harass Defendants, attorney's fees should be assessed against Relator and/or his counsel.

III.    **Attorney's Fees Should be Awarded to Defendants Because Relator's Claims are Not Supported by Existing Law**

There are two express statutory bars to this suit: the "first to file" rule codified at § 3730(b)(5), and the "public disclosure" rule codified at § 3730(e)(4)(A). Both operate to deprive the Court of subject matter jurisdiction over Relator's claims. *See* ARA's Mem. in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 9(b) (Docket #39). Because basic legal research would have revealed to Relator's counsel that subject matter jurisdiction does not exist under existing law, sanctions should be imposed.

A.    **Relator's Complaint is Frivolous Because it Was Statutorily Precluded by the First to File Bar**

Sanctions against Relator's counsel are warranted because a modicum of legal research would have revealed that this Court lacks subject matter jurisdiction to hear Relator's Complaint based on the statutory first to file bar. Relator was precluded from filing this lawsuit because his Complaint is based on the same underlying facts and asserts the same allegations as a previously filed FCA suit.[4] Section 3730(d)(4) unambiguously bars successive relators from filing FCA suits based on the same underlying facts. Prior to filing Relator's Complaint, Relator's counsel filed an FCA complaint on behalf of relator Dr. Judy Wood in the case *United States ex rel. Dr. Judy Wood v. Applied Research Assoc., Inc.*, No. 07 Civ. 3314 (GBD) (S.D.N.Y. filed April 25, 2007) (the "Wood Suit"). *See* Affidavit of Gail D. Zirkelbach in Support of Applied Research Associates, Inc.'s Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and § 3730(d)(4) of the FCA ("Affidavit"), ¶ 4, Exhibit A, Wood Suit Complaint. Relator's Complaint parrots the Wood Suit almost verbatim; both complaints allege the same September 11 conspiracy theory and assert the same FCA and common law claims against the same defendants. Thus, Relator's

---

[4]    The first to file bar is discussed in depth in ARA's Mem. in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 9(b), § II(b) (Docket #39).

Complaint has no chance of avoiding dismissal under the first to file bar and is, therefore, frivolous.

The first to file bar is clear from the text of the FCA. "There can be no excuse for filing claims that are statutorily barred." *Galasso*, 310 F.Supp.2d at 577. Under Rule 11, Relator's counsel was required to conduct a reasonable inquiry to ensure that the claims asserted in Relator's Complaint were "both well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Id.* Here, Relator's counsel has not argued for any change to existing law; he merely ignored controlling statutory law and precedent in this Circuit that unambiguously divests this court of jurisdiction over Relator's claims. Because an objectively reasonable attorney would have concluded that any claim by Relator that subject matter jurisdiction exists is frivolous, Relator's counsel should be required to pay Defendants attorney's fees and costs incurred in defense of Relator's claims.

## B.   Relator's Complaint is Frivolous Because it Was Statutorily Precluded by the Public Disclosure Bar

Relator's claims are also frivolous because they are based on publicly disclosed information and, therefore, precluded by the public disclosure bar.[5] The FCA prohibits relators from filing parasitic lawsuits based on information in the public domain unless the relator is an original source of the allegations contained in the complaint. § 3730(e)(4); *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1157 (2d Cir. 1993). Relator's Complaint falls well short of alleging the type of "inside" knowledge that would entitle him to maintain this suit on behalf of the Government. *See United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.*, 186 F.Supp.2d 458 (S.D.N.Y. 2002). Indeed, Relator

---

[5]    The public disclosure bar is discussed in depth in ARA's Mem. in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 9(b), § II(c) (Docket #39).

readily admits that his allegations are based entirely on publicly-available "web pages and pdfs." Compl., Ex. A, p. 12. Moreover, Relator does not allege that he has any direct or independent knowledge of the allegations in his complaint such that he would qualify as an original source under the FCA. Again, the public disclosure bar is clear from the text of the FCA and its application to deprive the Court of subject matter jurisdiction over Relator's claims is indisputable. Basic legal research would have revealed that Relator's claims have no chance of success under existing law and are, therefore, frivolous. Accordingly, sanctions should be imposed against Relator's counsel based on his blatant failure to conduct a reasonable inquiry into the viability of Relator's claims.

### C. Relator's Claims are Vexatious Because Relator's Allegation That Defendants Conspired With the Government Fails to State a Claim Under the FCA

The allegations contained in Relator's Complaint display a patent lack of understanding of the FCA. The FCA is intended to prevent fraud <u>against</u> the federal Government. *United States ex rel. Fullington v. Parkway Hosp., Inc.*, 351 B.R. 280, 288 (E.D.N.Y. 2006). Government agencies are not subject to liability under the FCA. *See, e.g. Daly v. Dept. of Energy*, 741 F.Supp. 202, 204 (D.Colo. 1990) (relator's FCA suit against the Department of Energy barred by doctrine of sovereign immunity). Moreover, Government knowledge of the alleged fraudulent nature of claims for payment negates the falsity required to prove FCA liability. *Kreindler*, 985 F.2d at 1157. Because the Government is the real party in interest in any FCA suit, any allegation of fraud lodged against a Government agency in an FCA suit is tantamount to the Government suing itself.

Yet, this is exactly what the Relator has alleged. It is clear from Relator's Complaint that his fundamental allegations are as much against NIST as they are against the Defendants.

Relator alleges that NIST conspired with the Defendants to falsify NCSTAR 1.  *See* Compl. ¶ 52

("NIST … contributed to and/or facilitated the fraudulent scheme herein described and which

has succeeded, thus far, in fraudulently presenting a false and misleading, fraudulent and illegal

report on what caused the destruction on 9/11/01 of the WTC complex") (emphasis added).

Relator's attorney recently reiterated this position in his letter to The Honorable George B.

Daniels requesting an extension of time to respond to Underwriter Laboratories, Inc.'s Motion

for Sanctions. pp. 2-3 (Dec. 12, 2007) (Docket # 79) (alleging "NIST issued a false, misleading

and fraudulent report," and blaming UL for "NIST's fraudulent conclusions.").   However,

allegations of a Government-led conspiracy are not cognizable under the FCA.  *United States ex*

*rel. v. Fiske*, 968 F.Supp. 1347, 1352-53 (E.D.Ark. 1997) (relator's "odd position … that the

Department of Justice – a party which [the relator] has not sued – defrauded itself" failed to state

a claim under the FCA).   More to the point, courts consistently have held that FCA claims are

vexatious and, therefore, sanctionable, when "the government's undisputed prior knowledge of

information alleged to constitute fraud defeated any inference of a false claim."  *Mikes*, 98

F.Supp.2d at 527; *J. Cooper & Assoc.*, 422 F.Supp.2d at 239 ("A claim [under the FCA] is

frivolous and vexatious if the government's awareness of the circumstances constituting the

alleged transgression makes any legal claim of fraud untenable"); *United States ex rel. Herbert v.*

*Nat'l Academy of Sciences*, 1992 WL 247587, Civil Action No. 90-2568, *8 (D.D.C. 1992)

(court awarded defendant sanctions under both Rule 11 and § 3730(d)(4) due, in part, to clear

evidence that the Government was aware of, and consented to, the allegedly fraudulent actions of

the defendant).  Thus, Relator's claims are vexatious and deserving of sanctions under both Rule

11 and § 3730(d)(4) because Relator's allegation that NIST was complicit in the alleged

conspiracy negates the possibility of any liability under the FCA.

**IV.    Attorney's Fees Should Be Awarded to Defendants Because Relator and His Counsel Filed this Complaint for Improper Purposes**

In addition to being factually and legally baseless, Relator's Complaint is sanctionable because it was filed for the improper purposes of harassing Defendants and promoting the September 11 conspiracy theories espoused by both Relator and his counsel.  The improper motivation behind Relator's Complaint can be inferred both from the preposterous nature of his claims and his promotion of this suit over the internet.  Accordingly, Relator and his counsel should be sanctioned under both Rule 11 and § 3730(d)(4).

Relator, his counsel and others involved in the so called "9/11 Truth Movement" have apparently embarked on a campaign to harass all the parties in any way involved in NIST's investigation into the collapse of the WTC Towers, including Defendants.[6]  In addition to the instant case, Relator's counsel has filed two additional lawsuits relating to NIST's investigation – the above-mentioned Wood Suit and *Edward F. Haas v. Secretary*, No. 07-CIV-3623(VM) (S.D.N.Y. filed May 10, 2007) (the "Haas Suit"),[7] *see* Affidavit, ¶ 5, Exhibit B, Haas Suit Complaint – all three of which named ARA as a Defendant.  Relator has since agreed to dismiss ARA from the Haas suit.  Nonetheless, Relator's counsel's recent litigation history alone warrants sanctions in this case.  "[P]ursuit of repetitious, unfounded litigation is a hallmark of

---

[6]    ARA is one of 27 defendants named in both Relator's Complaint and the Wood Suit.

[7]    The Haas Suit asserts that the NIST Investigation is fraudulent because it fails to consider the possibility that the WTC Towers collapsed as a result of controlled demolition, as opposed to aircraft impacts, *See* Affidavit, ¶ 5, Exhibit B, pp. 6-8, and seeks an injunction to prevent a "fraudulent and/or misleading outcome." *Id.*, p. 22.  In the Haas Suit, Relator's counsel alleges that "ARA, upon information and belief, manufactures or causes to be manufactured, develops and/or tests DEW that are operational in Earth orbit, at high altitude, low altitude, at sea and on land ranging in lethality from the capacity to do great damage, such as that of destroying the World Trade Center Twin Towers in less than 10 seconds each, as occurred on 9/11/01, down to and including imposition of a disabling stun on human beings for crowd control and/or other psy ops purposes." *Id.*, pp. 12, 13.  This allegation is repeated verbatim in Paragraph 22 of Relator's Complaint in this case.

vexatiousness and results in an award of attorney fees." *Atkinson*, 2007 WL 4233471, Civil Action No. 94-7316, *9; *Mikes*, 98 F.Supp.2d at 527; *United States ex rel. Minna Ree Winer Children's Class Trust v. Regions Bank of La.*, 1996 WL 264981, Civil Action No. 94-4085, *8 (E.D.La. 1996) (three consecutive lawsuits involving the same defendants and subject matter "is indicative of the ultimate goal – to vex and harass the defendants").

Furthermore, Relator's Complaint is a transparent attempt to promote Relator's September 11 conspiracy theories. Notably, Relator, his attorney and Dr. Judy Wood are all members of the group "Scholars for 9/11 Truth." *See* Scholars for 9/11 Truth, Member Lists. *See* Affidavit, ¶ 6, Exhibit C.[8] Scholars for 9/11 Truth promotes the theory that "the government not only permitted 9/11 to occur but may even have orchestrated these events to facilitate its political agenda," and "encourages its members to vigorously express their concerns on this score through lectures, conferences, symposia, articles, and books <u>as well as other access routes that publicize their findings</u>." Scholars for 9/11 Truth – Who Are We? *See* Affidavit, ¶ 7, Exhibit D.[9] Accordingly, Relator maintains a website (http://www.nomoregames.net) on which he publishes and disseminates information regarding his various conspiracy theories, including a section dedicated to the September 11 tragedy. On August 21, 2007, Relator posted an article entitled "Reynolds Makes a Federal Case of 9/11 – Sues NIST Contractors for 9/11 Plane Fraud," which included a link to his Complaint. *See* Affidavit, ¶ 8, Exhibit E.[10] While Relator's dissemination of information regarding this case is not itself punishable, the actions of Relator

---

[8]     Available at http://twilightpines.com/index.php?option=com_content&task=view&id=37&Itemid=35.
[9]     Available at http://twilightpines.com//index.php?option=com_content&task=view&id=36&Itemid=35.
[10]     Available at http://www.nomoregames.net/index.php?page=911&subpage1=federal_case

and his counsel support a finding that they are more interested in spreading propaganda than seeking justice. *See Galonsky*, 1997 WL 759445, *6.

Relator's improper motivation for filing this suit warrants sanctions. This Court recently held that sanctions were warranted under the Copyright Act where the plaintiff filed a lawsuit merely intended to garner publicity for the plaintiff's agent and his attorney. *Baker*, 431 F.Supp.2d at 358. Similarly, this Court awarded a defendant attorney's fees under Rule 11 after finding that the plaintiff filed "baseless claims as part of a public relations campaign in order to embarrass the defendants and thereby coerce settlement." *Golonsky*, 1997 WL 759445, *6. Here, Relator is not seeking to redress any fraud upon the Government; Relator is merely using the FCA as a mechanism to harass Defendants and gain a public forum to spread his propaganda. Relator and his attorney filed this suit as part of a systematic campaign to harass Defendants and promote their conspiracy theories and, therefore, they should be required to pay Defendants' attorney's fees incurred in defending this action.

## V.    Conclusion

Relator's claims are utterly lacking legal merit or evidentiary support and, therefore, have no chance of success. An objectively reasonable attorney would have concluded that Relator's claims were frivolous and had no chance of success under existing law. Moreover, the egregious lack of merit in Relator's Complaint confirms that Relator and his attorney initiated this suit for improper purposes, seeking to harass ARA and promote Relator's conspiracy theories, rather than pursue the resolution of a legitimate dispute. This abusive use of the judicial system by Relator and his counsel has needlessly consumed court resources and imposed substantial expense on ARA. ARA, a company that is far from qualifying as "big business," is suffering and has had a severe economic burden imposed on it so the Relator and his attorney can advance

their personal and meritless agenda. Thus, for the foregoing reasons, Defendants request the court impose sanctions in the form of attorney's fees against Relator and his attorney under both Fed. R. Civ. P. 11 and § 3730(d)(4) of the FCA.

Dated: December 26, 2007
Denver, Colorado

*Gail D. Zirkelbach*

**s/ Gail D. Zirkelbach**
Adam S. Ennis
SDNY Bar No. AE9468
Jackson Kelly PLLC
Three Gateway Center, Suite 1340
Pittsburgh, PA 15222
Telephone:    412-434-8804
Facsimile:    412-434-8062
Email:        aennis@jacksonkelly.com

Wm. David Byassee, Esq.
(admitted *pro hac vice*)
Gail D. Zirkelbach, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone:    303-390-0188
              303-390-0033
Facsimile:    303-390-0177
Email:        dbyassee@jacksonkelly.com
              gdzirkelbach@jacksonkelly.com

E. Leslie Hoffman, III, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
310 West Burke Street
Martinsburg, WV 25401
Telephone:    304-263-8800
Facsimile:    304-263-7110
Email:        phoffman@jacksonkelly.com

*Counsel for Applied Research Associates, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of December 2007, I served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF APPLIED RESEARCH ASSOCIATES, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND § 3730(d)(4) OF THE FCA** via overnight Federal Express on:

     Jerry V. Leaphart, Esq.
     8 West Street, Suite 203
     Danbury, CT 06810
     *Counsel for Relator*


**s/ Gail D. Zirkelbach**
Adam S. Ennis
SDNY Bar No. AE9468
Jackson Kelly PLLC
Three Gateway Center, Suite 1340
Pittsburgh, PA 15222
Telephone:   412-434-8804
Facsimile:   412-434-8062
Email:       aennis@jacksonkelly.com

Wm. David Byassee, Esq.
(admitted *pro hac vice*)
Gail D. Zirkelbach, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone:   303-390-0188
              303-390-0033
Facsimile:   303-390-0177
Email:       dbyassee@jacksonkelly.com
              gdzirkelbach@jacksonkelly.com
E. Leslie Hoffman, III, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
310 West Burke Street
Martinsburg, WV 25401
Telephone:   304-263-8800
Facsimile:   304-263-7110
Email:       phoffman@jacksonkelly.com
*Counsel for Applied Research Associates, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January 2008, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF APPLIED RESEARCH ASSOCIATES, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND § 3730(d)(4) OF THE FCA** with the Clerk of Court using the CM/ECF system which will send notification of filing to the following e-mail addresses:

Jerry V. Leaphart, Esq.
jsleaphart@cs.com
*Counsel for Relator*

Philip C. Semprevivo, Esq.
psemprevivo@bhmr.com
*Counsel for Underwriters Laboratories, Inc.*

David M. Pollack, Esq.
David J. Hatem, Esq.
Patricia Gary, Esq.
dpollack@donovanhatem.com
dhaten@donovanhatem.com
pgary@donovanhatem.com
*Counsel for Simpson, Gumpertz & Heger, Inc. and*
*Computer Aided Engineering Associates, Inc.*

Philip Touitou, Esq.
Kevin R. Sido, Esq.
Renee C. Choy, Esq.
ptouitou@hinshawlaw.com
ksido@hinshawlaw.com
rchoy@hinshawlaw.com
*Counsel for Wise, Janney, Elstner Associates, Inc. and*
*Rolf Jensen Associates, Inc.*

Chad Everette Sjoquist, Esq.
Louis J. Dennis, Esq.
csjoquist@zdlaw.com
ldennis@zdlaw.com
*Counsel for Skidmore, Owings & Merrill, L.L.P.*

Sean T. O'Leary, Esq.
soleary@wkgj.com
*Counsel for Hughes Associates, Inc.*

David W. Wiltenburg, Esq.
Jeffrey S. Margolin, Esq.

1

*Counsel for Teng & Associates, Inc.*

Jason Harrington, Esq.
Glenn Fuerth, Esq.
jason.harrington@wilsonelser.com
glenn.fuerth@wilsonelser.com
*Counsel for Gilsanz, Murray, Steficek, Llp*

And I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants by U.S. Mail, first class, postage prepaid and addressed to the following:

Edward B. Keidan, Esq.
Conway & Mrowiec
21 S. Clark St., Ste. 1000
Chicago, IL 60603
*Counsel for Teng & Associates, Inc.*

<u>s/ Gail D. Zirkelbach</u>
Adam S. Ennis
SDNY Bar No. AE9468
Jackson Kelly PLLC
Three Gateway Center, Suite 1340
Pittsburgh, PA 15222
Telephone:    412-434-8804
Facsimile:    412-434-8062
Email:    aennis@jacksonkelly.com

Wm. David Byassee, Esq.
(admitted *pro hac vice*)
Gail D. Zirkelbach, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone:    303-390-0188
              303-390-0033
Facsimile:    303-390-0177
Email:    dbyassee@jacksonkelly.com
          gdzirkelbach@jacksonkelly.com

E. Leslie Hoffman, III, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
310 West Burke Street

2

Martinsburg, WV  25401
Telephone:      304-263-8800
Facsimile:      304-263-7110
Email:          phoffman@jacksonkelly.com

*Counsel for Applied Research Associates, Inc.*