UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------- X

| | |
|---|---|
| DR. MORGAN REYNOLDS on behalf of the UNITED STATES OF AMERICA,<br><br>        Plaintiff / Realtor,<br><br>vs.<br><br>SCIENCE APPLICATIONS INTERNATIONAL CORP.; APPLIED RESEARCH ASSOCIATES, INC.; BOEING; NuSTATS; COMPUTER AIDED ENGINEERING ASSOCIATES, INC.; DATASOURCE, INC.; GEOSTAATS, INC.; GILSANZ MURRAY STEFICEK LLP; HUGHES ASSOCIATES, INC.; AJMAL ABBASI, EDUARDO KAUSEL; DAVID PARKS; DAVID SHARP; DANIELE VENEZANO; JOSEF VAN DYCK, KASPAR WILLIAM; ROLF JENSEN & ASSOCIATES, INC.; ROSENWASSER/GROSSMAN CONSULTING ENGINEERS, P.C.; SIMPSON GUMPERTZ & HEGER, INC.; S.K. GHOSH ASSOCIATES, INC.; SKIDMORE, OWINGS & MERRILL, LLP; TENG & ASSOCIATES, INC.; UNDERWRITERS LABORATORIES, INC.; WISS, JANNEY, ELSTNER ASSOCIATES, INC.; AMERICAN AIRLINES; SILVERSTEIN PROPERTIES; and UNITED AIRLINES,<br><br>        Defendants. | Civil Action<br>No. 07 CV 4612<br><br>ECF CASE<br><br>DECLARATION OF LOUIS J. DENNIS IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS |

-------------------------------------------------------------------------------- X

        Louis J. Dennis, an attorney admitted *pro hac vice* to practice in and before the Courts of the Southern District of New York, declares the following pursuant to 28 U.S.C. § 1746:

        1.    I am a partner of the law firm of Zetlin & De Chiara, LLP, attorneys for Defendant Skidmore, Owings & Merrill, LLP ("SOM"). I am fully familiar with the facts stated herein.

2. I respectfully submit this Declaration in support of SOM's motion, pursuant to Rule 11 of the Federal Rules of Civil Procedure, which seeks an order imposing sanctions against Plaintiff/Relator Morgan Reynolds and Plaintiff/Relator's counsel, Jerry V. Leaphart and the Law Offices of Jerry V. Leaphart & Associates, P.C.

3. On or about May 31, 2007, Plaintiff/Relator filed a complaint against SOM ("the Complaint") that alleged seven causes of action. The first three counts allege violations of the False Claims Act, while counts four through seven alleged common law claims for unjust enrichment, payment by mistake, recoupment of overpayments, and common law fraud.

4. On November 9, 2007, Co-Defendant Underwriters Laboratories, Inc. ("UL") served upon Plaintiff/Relator a proposed motion for Rule 11 Sanctions. In a series of emails on November 9 and 10, 2007, Plaintiff/Relator's counsel notified each of the defendants that although he was willing to withdraw Plaintiff/Relator's common law claims, he had no intention of withdrawing Plaintiff/Relator's causes of actions under the False Claims Act.

5. On November 12, 2007, SOM sent to Mr. Leaphart a Stipulation and Order of dismissal for counts through seven of the Complaint. Mr. Leaphart executed and returned that Stipulation and Order. On December 19, 2007, this Court signed the Stipulation and Order, and dismissed counts four through seven of the Complaint as to SOM.

6. On December 7, 2007, Phillip C. Semprevivo, Esq., counsel for UL, submitted to the Court a final Declaration and Memorandum of Law in support of UL's motion for Rule 11 sanctions against Plaintiff/Relator's counsel, Jerry V. Leaphart and the Law Offices of Jerry V. Leaphart & Associates, P.C. To the extent that UL's motion pertains to Counts One,

Two and Three of the Complaint, SOM hereby incorporates by reference, relies upon, and joins UL's motion, Declaration, and Memorandum of Law.

7. Specifically, SOM relies upon the fact that before filing Plaintiff/Relator's Complaint, Mr. Leaphart filed a virtually identical complaint on behalf Dr. Judy Wood (case no. 07-CV-3314-GBD). The complaints of Relator Wood and Plaintiff/Relator Reynolds contain the same factual allegations and causes of actions. This means that Mr. Leaphart knew or should have known that the first to file rule encompassed in 31 U.S.C. § 3730(b)(5) barred Plaintiff/Relator Reynolds' Complaint, yet he inexplicably chose to ignore this rule and file the Complaint. Even if Mr. Leaphart was somehow unaware of the first to file rule at the time he filed Plaintiff/Relator's Complaint, he cannot now claim such ignorance since a number of the defendants' motions to dismiss raised this issue.

8. The Complaint is also frivolous because it is clearly barred by numerous other rules, as SOM explained in its Memorandum of Law in support of its motion to dismiss the Complaint, dated October 8, 2007. For example, Plaintiff/Relator has not even remotely met the heightened pleading requirements for claims of fraud that are encompassed in Fed. R. Civ. P. 9(b). Plaintiff/Relator's claims under the False Claims Act are also barred as a matter of law because Plaintiff relies entirely on information that is in the public domain, and Plaintiff has not, and cannot, demonstrate that he is the original source of that information.

9. Because Plaintiff/Relator's Claims are both factually and legally groundless and entirely frivolous, SOM respectfully requests that this Court issue an Order, pursuant to Fed. R. Civ. P. 11, imposing sanctions on Plaintiff/Relator and his counsel.

10. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: New York, New York
January 9, 2008

                                        Respectfully submitted,

                                        ZETLIN & DE CHIARA, LLP
                                        *Attorneys for Defendant*
                                        *Skidmore, Owings & Merrill, LLP*

                                        Louis J. Dennis (LD 5727)
                                        801 Second Avenue
                                        New York, New York  10017
                                        (212) 682-6800
                                        ldennis@zdlaw.com