# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DR. MORGAN REYNOLDS on behalf   §
of the UNITED STATES OF AMERICA   §
  §
                     Plaintiff,   §
  §
vs.   §
  §
SCIENCE APPLICATIONS   §
INTERNATIONAL CORP.; APPLIED   §        Case No. 07CV4612(GBD)
RESEARCH ASSOCIATES, INC.;   §
NuSTATS; COMPUTER AIDED   §
ENGINEERING ASSOCIATES,   §
INC.; DATASOURCE, INC.;   §
GEOSTAATS, INC.; GILSANZ   §
MURRAY STEFICEK LLP; HUGHES   § **APPLIED RESEARCH ASSOCIATES, INC.'S**
ASSOCIATES, INC.; AJMAL ABBASI;   § **REPLY TO RELATOR'S MEMORANDUM**
EDUARDO KAUSEL; DAVID PARKS;   § **OF LAW IN OPPOSITION TO**
DAVID SHARP; DANIELE VENEZANO;   § **DEFENDANTS' MOTIONS TO DISMISS**
JOSEF VAN DYCK; KASPAR WILLIAM;   §
ROLF JENSEN & ASSOCIATES, INC.;   §
ROSENWASSER/GROSSMAN   §
CONSULTING ENGINEERS, P.C.;   §
SIMPSON GUMPERTZ & HEGER, INC.;   §
S. K. GHOSH ASSOCIATES, INC.;   §
SKIDMORE, OWINGS & MERRILL,   §
LLP; TENG & ASSOCIATES, INC.;   §
UNDERWRITERS LABORATORIES,   §
INC.; and WISS, JANNEY, ELSTNER   §
ASSOCIATES, INC.   §
  §
              Defendants.   §

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.    Introduction ........................................................................................................... 1

II.   Relator's Reliance on an Obvious Typographical Error as a Supposed Admission is Frivolous ................................................................................................................ 2

III.  Relator's Claims Are Precluded By The First to File Bar Because Relator Has Not Demonstrated A Single Material Difference Between His Complaint and Dr. Wood's Complaint ............................................................................................................... 4

IV.   Relator's Allegations Have Been Publicly Disclosed And Relator Is Not An Original Source of the Allegations in His Complaint .............................................. 7

   A.   Relator's Allegations Are Based Entirely on Publicly Disclosed Information ............................................................................................... 9

   B.   Relator Does Not Allege That He Has Direct or Independent Knowledge of His Allegations Such That He Would Qualify as an Original Source ........... 11

V.    Relator's Complaint Fails To Identify Any Particulars Regarding The Alleged Fraud ................................................................................................................... 14

VI.   Defendants Do Not Believe That Oral Argument is Necessary and Would Oppose The Introduction of Any Testimony Should the Court Deem Oral Arguments Necessary ............................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Colabufo v. Continental Casualty Co.*, No. 04-CV-1863, 2006 WL 1210919 (E.D.N.Y Apr. 27, 2006) ........................................................................................................................................1

*Metro. Intercollegiate Basketball Ass'n v. NCAA*, 337 F.Supp.2d 563, 573 (S.D.N.Y. 2004) ..... 1

*Chinniah v. Garcia*, 2001 WL 1202597 (Conn.Super. 2001) ....................................................... 3

*Confed Admin. Servs., Inc. v. United Health Care Org., Inc.*, 1995 WL 608254 (S.D.N.Y. 1995) ........................................................................................................................................ 3

*Torres v. Torres,* 13 Misc.3d 1167 (N.Y.City Civ.Ct. 2006) ....................................................... 3

*United States ex rel. Dr. Judy Wood v. Applied Research Assoc., Inc.*, No. 07CV3314(GBD) (S.D.N.Y. filed April 25, 2007) ................................................................................................... 4

*United States ex rel. Pentagen Techs. Int'l, Ltd. v. CACI Int'l Inc.*, 172 F.3d 39 (2nd Cir. 1999).. ........................................................................................................................................ ......5

*United States ex rel. Batty v. Amerigroup Ill., Inc*, 2007 WL 4557085 (N.D.Ill. 2007)............ 6, 7

*United States ex rel. Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276 (10th Cir. 2004) ... ........................................................................................................................................ 6

*United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227 (3rd Cir. 1998) ........................................................................................................................................ 6

*United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins.*, 944 F.2d 1149 (3rd Cir. 1991) ................................................................................................................ 7, 12

*United States ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F.Supp.2d 443 (S.D.N.Y. 2001) ........................................................................................................................................ 8

*United States ex rel. John Doe v. John Doe Corp.*, 960 F.2d 318, 323 (2d Cir. 1992) ................ 8

*United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.,* 186 F.Supp.2d 458 (S.D.N.Y. 2002) ................................................................................................................ 9, 12

*United States ex rel. Huangyan Import & Export Corp. v. Nature's Farm Prods., Inc.*, No. 00 Civ. 6593, 2004 WL 74310 (S.D.N.Y. 2004) .................................................................... 10, 11

*United States ex rel. Aflatooni v. Kitsap Physicians Servs.,* 163 F.3d 516 (9th Cir. 1999)......... 11

*United States ex rel. Smith v. Yale Univ.*, 415 F.Supp.2d 58 (D.Conn. 2006)............................ 11

*Rockwell Int'l Corp. v. United States*, 127 S.Ct. 1397 (2007)................................................ 12, 13

*United States ex rel. DeCarlo v. Kiewit/AFC Enters., Inc.*, 937 F.Supp. 1039 (S.D.N.Y. 1996).... ................................................................................................................................................ 14

*United States ex rel. Barmak v. Sutter Corp.*, No. 95 Civ. 7637, 2003 WL 21436213 (S.D.N.Y. June 20, 2003)........................................................................................................................ 14

*United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F.Supp.2d 141 (D.Mass. 2000)............. 14

*O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674 (2d Cir.1991)...................................... 15

*Greene v. WCI Holdings Corp.*, 136 F.3d 313 (2d Cir. 1998) ......................................................15

*World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362 (2d Cir. 1965) ........................... 15

## Statutes

False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3731 ........................................................ 7, 8, 13

## Pleadings

Affidavit of Dr. Morgan Reynolds in Support of Relator's Memorandum in Opposition to Motion to Dismiss (Docket #93) ................................................................................................................ 1

Relator's Memorandum in Opposition to Motions to Dismiss (Docket #91) ................................. ................................................................................ 1, 3, 4, 5, 7, 8, 10, 11, 12, 13, 14, 15

Affirmation of Jerry V. Leaphart in Support of Relator's Memorandum in Opposition to Motion to Dismiss (Docket #99) .................................................................................................... 2, 9

## Other

http://www.deseretnews.com/article/content/mobile/0,5223,635160132,00.html, Elaine Jarvik, *BYU Professor Thinks Bombs, Not Planes, Toppled WTC*, Deseret Morning News, Nov. 10, 2005................................................................................................................................ ..........10

http://www.questionsquestions.net/WTC/review.html, Eric Salter, *A Critical Review of WTC 'No Plane' Theories*, Sept. 29, 2006................................................................................................ 10

{D0480547.1}

## I.    Introduction

Despite a 42 page Memorandum of Law in Opposition to Defendants' Motion to Dismiss[1] ("Opposition") and an accompanying 362 pages of Affidavits, Affirmations, and Exhibits, Relator Dr. Morgan Reynolds fails to address the legal arguments articulated in Defendant Applied Research Associates, Inc.'s ("ARA" or "Defendants") Motion to Dismiss.[2] Relator's attempts to obfuscate the legal issues with irrelevant and fantastic "factual" assertions do not change the fact that his Complaint is deficient, jurisdiction does not exist and this litigation must be dismissed.  For example, in purportedly countering Defendants' arguments, Relator alleges that the innocent men and women who lost their lives aboard the hijacked aircraft on September 11 were "cowardly" for allowing terrorists to take control of the aircraft.  Aff. of Dr. Morgan Reynolds ("Reynolds Aff.") (Docket #93) ¶ 4, p. 7.[3]  This type of baseless and hugely offensive "factual" assertion, however, does nothing to remedy the legal inadequacies of Relator's Complaint or to begin to address the legal arguments raised by Defendants which require the dismissal of this litigation.

---

[1]     (Docket # (91).

[2]     Defendants note that the last 5 pages of Relator's Opposition largely address the standard for dismissal under Rule 12(b)(6) and the merits of Relator's allegations, while inexplicably asserting that "Defendants do not even bother to deny the assertions of fraud that are made by plaintiff." Opp'n 38.  Relator's assertions are both irrelevant and false.  Defendants' Motion to Dismiss was based solely on the jurisdictional and procedural deficiencies in Relator's Complaint and did not attempt to address the complete lack of merit to Relator's allegations. However, Defendants have asserted throughout this litigation, and reassert here, that Relator's allegations are wholly without basis in law or fact.  Should this case survive Defendants' jurisdictional challenge, Defendants will address the validity of Relator's claims.

[3]     Affidavits, such as those proffered here by Relator, not based on personal knowledge are inadmissible. *Colabufo v. Continental Casualty Co.*, No. 04-CV-1863, 2006 WL 1210919, at *6 (E.D.N.Y Apr. 27, 2006).  Moreover, the numerous legal conclusions contained in the affidavits must be disregarded.  *Metro. Intercollegiate Basketball Ass'n v. NCAA*, 337 F.Supp.2d 563, 573 (S.D.N.Y. 2004).

{D0480547.1}

Again, putting aside the preposterous and patently frivolous nature of Relator's claims, Relator's Complaint is legally deficient in the extreme. Relator's claims are precluded by both the statutory first to file and public disclosure bars of the False Claims Act, 31 U.S.C. 3729 *et seq.* ("FCA"). Moreover, Relator's Complaint falls well short of alleging fraud with the particularity required by Rule 9(b). Yet, instead of addressing these arguments, Relator in his Opposition relies on an obvious typographical error in an email from ARA's counsel in which ARA supposedly admits to destroying the WTC Towers with lasers on September 11 and tricking the world into believing that aircraft struck the Towers. This argument, like Relator's Complaint, is frivolous and disingenuous, at best. Defendants submit the following to clarify any misconceptions created by Relator's Opposition.

## II.    Relator's Reliance on an Obvious Typographical Error as a Supposed Admission is Frivolous

Relator's assertion that ARA has somehow admitted wrongdoing is meritless. Relator's Opposition relies on an obvious typographical error in a desperate attempt to support Relator's outlandish claims. The true meaning of the sentence cited by Relator, however, is patently obvious, and Relator's attempt to distort the facts to support his claims is simply ridiculous.

In an email sent by attorney Wm. David Byassee, counsel for ARA, on December 27, 2007, Mr. Byassee stated that if Mr. Leaphart would "consider dismissing ARA from the remaining claims in the Reynolds" case, ARA would refrain from filing its motion for Rule 11 sanctions.[4] Affirm. of Jerry V. Leaphart ("Leaphart Affirm.") (Docket #99), Ex. 3, December 27, 2007 E-mail from Wm. David Byassee. Mr. Byassee further stated that he was reluctant to serve the Rule 11 Motion on Mr. Leaphart, but that he thought it necessary in this case because

---

[4]    Mr. Byassee's email was made in an attempt to compromise and, therefore, is a privileged settlement offer under F.R.E. 408.

{D0480547.1}

"ARA is not involved in those things you allege and even if something was done that was wrong, ARA was a part of it." *Id.* (emphasis added). The typographical error in this sentence is obvious; Mr. Byassee clearly intended to state that ARA was <u>not</u> part of any alleged fraud. *See* Aff. of Wm. David Byassee ("Byassee Aff."), ¶¶ 3-5. Indeed, it would have been nonsensical for Mr. Byassee to request dismissal of Relator's claims based on ARA's participation in the alleged fraud. More fundamentally, the sentence cited by the Relator clearly states "<u>ARA is not involved in those things you allege</u>." Opp'n 18 (emphasis added). Relator's assertion that this constitutes an admission of wrongdoing by ARA is preposterous.

Moreover, Relator's assertion that a typographical error is an admission against interest is both disingenuous and unsupported in law. Relator cites *Chinniah v. Garcia*, No. CV000376129S, 2001 WL 1202597 (Conn.Super. 2001) for the proposition that "[a]dmissions are admissions even if one might contend they are a typographical error." Opp'n 19. Yet, nowhere in *Chinniah* does the court reach any holding that could be even remotely viewed as supporting Relator's position.[5] Moreover, contrary to Relator's dubious conclusion, this Court has previously determined that typographical errors do <u>not</u> constitute binding admissions. *Confed Admin. Servs., Inc. v. United Health Care Org., Inc.*, No. 95Civ.4985, 1995 WL 608254, at *1 (S.D.N.Y. Oct. 17, 1995) (refusing to award costs based on an alleged admission as "Defendant's 'admission' in its Answer to the instant case was a typographical error"); *see also Torres v. Torres,* 13 Misc.3d 1167, 1169 (N.Y.City Civ.Ct. 2006) (court held that petition was not defective and denied motion to dismiss because date in petition was "nothing more than a

---

[5]    Indeed, to the extent that *Chinniah* is even tenuously analogous to the instant case, the holding is directly opposite to the point for which Relator cites the case. In a property dispute, the *Chinniah* court held that a condominium that was paid for by the plaintiff but purchased in the defendant's name belonged to the plaintiff. Thus, the court in *Chinniah* looked beyond the name on the title to determine ownership of the condominium in the same way that one must look at the context of Mr. Byassee's email to determine its meaning.

3

typographical error").  The meaning of Mr. Byassee's email is plain on its face: Mr. Byassee asserted that no fraud took place and, even if it had, ARA did <u>not</u> take part in it.  Relator's attempt to capitalize on this typographical error plainly demonstrates the weakness of Relator's allegations and his inability to counter the legal arguments raised in Defendants' Motion to Dismiss.

### III.    Relator's Claims Are Precluded By The First to File Bar Because Relator Has Not Demonstrated A Single Material Difference Between His Complaint and Dr. Wood's Complaint

Relator asserts that the first to file bar "is far more limited than defendants acknowledge" and does not bar Relator's Complaint because Relator and Dr. Judy Wood's[6] Complaints challenge NCSTAR 1 "on completely different grounds."  Opp'n 29, 6.  Specifically, Relator asserts that "[t]he 'NO PLANES' claim of fraud involves completely different material elements of fraud than does the 'DIRECTED ENERGY WEAPONS' claim."  *Id.* 30.  This is a distinction without difference.  Only 8 of the 81 paragraphs contained in Relator's Complaint differ materially from the Wood Complaint, and both Complaints assert the same 3 FCA claims against the same 27 defendants.  Because the allegations contained in Relator and Dr. Wood's Complaints arise from the same event (September 11), allege identical wrongdoing (falsification of NCSTAR 1), and assert the same elements of fraud against the same parties, Relator's Complaint is precluded by the first to file bar.

Relator asserts that the first to file rule cannot be applied at this stage of the litigation

---

[6]    *See United States ex rel. Dr. Judy Wood v. Applied Research Assoc., Inc.*, No. 07CV3314(GBD) (S.D.N.Y. filed April 25, 2007) (the "Wood Suit" or "Wood Complaint").

because the Court has not determined whether it has jurisdiction over the Wood Complaint.[7]

Yet, Relator cites no authority in support of this point. In fact, the Second Circuit has held that a

jurisdictionally flawed FCA complaint effectively bars subsequent relators from filing related

FCA claims. *United States ex rel. Pentagen Techs. Int'l, Ltd. v. CACI Int'l Inc.*, 172 F.3d 39

(2nd Cir. 1999).[8] In *Pentagen*, the relator, Pentagen, filed an FCA case ("*Pentagen V*") against

the defendant, CACI, that was dismissed for lack of subject matter jurisdiction. *Id.* The court

held that *Pentagen V* was precluded by the public disclosure bar, § 3730(e)(4), because it was

based on information in the public domain and Pentagen was not an original source. *Id.*

Subsequently, relator Russell Vernado filed an FCA complaint against CACI asserting the same

allegations of fraud as those contained in *Pentagen V*. *Id.* The court held that "[b]ecause

Varnado's action, when filed, was based on the same facts underlying the then-pending *Pentagen

V*, no federal district court had jurisdiction to entertain his claims." *Id.* Thus, the jurisdictional

inadequacy of the complaint in *Pentagen V* had no bearing on the first to file bar, and any

subsequent FCA claims based on the facts underlying *Pentagen V* were statutorily barred. *Id.*

Similarly, Defendants maintain that the Wood Suit is jurisdictionally flawed. *See* Zirkelbach

Aff., ¶ 5, Ex. B, Wood Suit, Applied Research Assoc.'s, Inc.'s Mem. of Law in Supp. Of Motion

to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b). However, because the nearly

---

[7]    Alternatively, Relator asserts that Defendants' first to file argument constitutes an admission that this Court has jurisdiction over the Wood Suit. However, Defendants make no such concession and, in fact, have moved to dismiss the Wood Suit based, in part, on a lack of subject matter jurisdiction.

[8]    Curiously, Relator asserts that this citation is not correct and that the case "does not mention § 3730(b)(5)." Opp'n 30. Relator further accuses Defendants of "grabbing at straws" and "seeking to mislead the court by referencing nonexistent authority for their incorrect assertion." *Id.* Defendants can only assume that Relator created this fabrication because the case at issue, properly cited in Defendants Motion to Dismiss as 172 F.3d 39 (also available by its Westlaw citation - 1999 WL 55259 - and attached hereto - *see* Aff. of Gail D. Zirkelbach ("Zirkelbach Aff."), ¶ 4, Ex. A) mandates dismissal of Relator's Complaint.

{D0480547.1}

identical Wood Suit was pending when Relator filed his Complaint, Relator's Complaint is barred.

Moreover, contrary to Relator's assertions, courts interpret the first to file bar broadly to prevent the very type of duplicative litigation presented by Relator and Dr. Wood. Courts have consistently declined to read the first to file bar narrowly. *See, e.g. United States ex rel. Batty v. Amerigroup Ill., Inc*, No. 05C1416, 2007 WL 4557085, at *8 (N.D.Ill. Dec. 19, 2007); *United States ex rel. Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 (10th Cir. 2004). The first to file bar precludes claims "arising from <u>events</u> that are already the subject of existing suits." *United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 232 (3rd Cir. 1998) (emphasis added). The first to file bar "is not limited to situations in which the original and subsequent complaints rely on identical facts. An identical facts test would be contrary to the plain meaning of the statute, which speaks of 'related' qui tam actions, not identical ones." *Grynberg*, 390 F.3d at 1279 (citations omitted). Thus, Relator's Complaint is barred by the first to file bar if it "contains merely variations of the fraud scheme described" in the Wood Suit, even if Relator's Complaint "alleges additional or somewhat different details about the defendant's fraud." *Batty*, 2007 WL 4557085, at *9 (citations omitted).

The operative claim in both Relator's Complaint and the Wood Suit is that Defendants violated the FCA by participating in NIST's allegedly fraudulent Investigation and subsequently submitting claims for payment to the Government for their work on that Investigation. Just as in *Batty*, both actions "arise out of the same Contract; allege that Defendants knowingly submitted false claims in connection with the Contract; are based on the same certifications … ; assert that these certifications were false because Defendants failed to disclose that they were engaged in fraudulent conduct with respect to the Contract; assert that Defendants made implied

6

certifications that they were in compliance with applicable laws and regulations; identify the same key actors;[9] and encompass the same time frame." *Id.* at *10. Again, Relator and Dr. Wood's claims are not merely related, they are the same. Furthermore, Relator's duplicative Complaint does nothing to further the goals of the FCA. *LaCorte*, 149 F.3d at 234 ("duplicative claims do not help reduce fraud or return funds to the federal fisc, since once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds"). In sum, § 3730(b)(5) creates a "race to the court house,"[10] and Relator lost. Therefore, Relator's Complaint must be dismissed.

## IV.    Relator's Allegations Have Been Publicly Disclosed And Relator Is Not An Original Source of the Allegations in His Complaint

Relator's assertion that Defendants "do not claim that plaintiff has engaged in a 'parasitic' complaint," Opp'n 7, is incorrect; that is exactly what Defendants assert. Every allegation in Relator's Complaint is merely borrowed from the public domain and contributes nothing to the widely disclosed allegations that NCSTAR 1 is fraudulent and that no aircraft struck the WTC Towers on September 11. As set forth in detail in ARA's Motion to Dismiss, pp. 7-16, because Relator's allegations have been publicly disclosed and Relator is not an original source, this Court lacks subject matter jurisdiction pursuant to the public disclosure bar, § 3730(e)(4)(A), and Relator's Complaint must be dismissed.

The public disclosure bar is straight-forward: if allegations or transactions are in the public domain, then only someone with direct and independent knowledge of those allegations or transactions (i.e. an original source) can maintain an FCA suit based on that publicly available

---

[9]    Note that neither complaint identifies any "key actors," but both name the same 27 defendants.
[10]    *Batty*, 2007 WL 4557085, at *8 (citing *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins.*, 944 F.2d 1149, 1176 (3rd Cir. 1991)).

7

information.  § 3730(e)(4)(A), (B); *United States ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F.Supp.2d 443, 453 (S.D.N.Y. 2001).  To determine whether Relator's Complaint is barred, the Court must first determine whether the information upon which Relator's claims are based have been publicly disclosed.  *Id.*  Once the court determines that Relator's claims are based on information in the public domain, then the Court must determine whether Relator has direct and independent knowledge of the information upon which his claims are based, such that he qualifies as an original source.  *Id.*

Relator's Opposition conflates the distinct public disclosure and original source analyses. For example, Relator claims that "ARA factually admits that filing RFC's can serve to satisfy the original source requirement," then two sentences later asserts that ARA "acknowledges in clear language that the filing of an RFC constituted a public disclosure for FCA purposes."  Opp'n 16, 17 (emphasis added).  Relator is half right; an RFC certainly constitutes a public disclosure under the FCA.  § 3730(e)(4)(A); *United States ex rel. John Doe v. John Doe Corp.*, 960 F.2d 318, 323 (2d Cir. 1992).  However, the person who submitted the RFC is not an original source unless he/she has direct and independent knowledge of the information upon which his/her allegations are based.  § 3730(e)(4)(B).

Relator's assertion that "ARA, has in fact staked its claim that Dr. Judy Wood is the original source by virtue of her having filed [her RFC] with NIST," Opp'n 16, suffers from the same flawed reasoning.  Defendants make no such assertion, and affirmatively deny that Dr. Wood is an original source of any of the allegations contained in either her RFC or her Complaint.  Dr. Wood's RFC did, however, publicly disclose Relator's allegation that the NIST Investigation was fraudulent and that DEWs were used to destroy the WTC Towers.

Moreover, the interpretation Relator suggests would eviscerate the original source requirement, as any person could read about a fraud in the news, publicly disclose the allegations (e.g. submit them in an RFC) and then file an FCA suit as an original source. This is directly contrary to the FCA's purpose of encouraging underlined insiders with knowledge of fraud committed against the Government to bring that fraud to light. *United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.,* 186 F.Supp.2d 458, 464-465 (S.D.N.Y. 2002). However, when the two-part public disclosure analysis is applied properly, it is undisputable that Relator's claims are barred.

**A.    Relator's Allegations Are Based Entirely on Publicly Disclosed Information**

Relator's allegations that the NIST Investigation was fraudulent and that no aircraft struck the WTC Towers are in no way original, and Relator's assertion that "he is the only source of the jetliner hoax claim" is demonstrably false. Throughout Relator's Opposition and the accompanying Affidavits, Relator cites various books and articles that publicly disclosed, prior to the filing of either Relator's RFC or his Complaint, each and every allegation contained in Relator's Complaint, including his allegation that no aircraft struck the WTC Towers. *See, e.g.*, Leaphart Affirm., Ex. 5, J. McMichael, *Muslims Suspend Laws of Physics!*, (Nov. 25, 2001) (questioning the events of September 11); Reynolds Aff., ¶ 19; DAVID RAY GRIFFIN, The New Pearl Harbor, Disturbing Questions about the Bush Administration and 9/11, 132 (Olive Branch Press 2004) (detailing numerous conspiracy theories and asserting that evidence indicates that the Government participated in a "cover-up"); Reynolds Aff., ¶ 21, n. 18, Email Interview with Gerard Holmgren (June 27, 2005) (arguing that no aircraft struck the WTC Towers and that video evidence was "fake"). Thus, the Court need look no further than Relator's own papers for

proof that Relator's Complaint merely parrots previously publicly disclosed allegations and theories of various other individuals.

Moreover, the internet is replete with articles that have publicly disclosed every aspect of Relator's allegations prior to the filing of Relator's Complaint. *See, e.g* Zirkelbach Aff., ¶ 6, Ex. C, Elaine Jarvik, *BYU Professor Thinks Bombs, Not Planes, Toppled WTC*, DESERET MORNING NEWS, Nov. 10, 2005[11] ("Previous investigations, including … NIST['s], ignore the physics and chemistry of what happened on Sept. 11, 2001, to the Twin Towers. […]The official explanation – that fires caused structural damage that caused the buildings to collapse – can't be backed up by either testing or history"); Zirkelbach Aff., ¶ 7, Ex. D, Eric Salter, *A Critical Review of WTC 'No Plane' Theories*, Sept. 29, 2006[12] (refuting various "No Planes" theories). Thus, it is indisputable that Relator's allegations were subject to numerous public disclosures prior to Relator's submission of his RFC.

Relator's sole argument that his allegations were not publicly disclosed is that none of the public disclosures identified by Defendants disclosed Relator's allegations verbatim.[13] Relator's argument fails for two reasons. First, Dr. Wood and Relator's RFCs did, in fact, disclose Relator's exact allegations that no aircraft struck the WTC Towers and that DEWs caused the Towers' collapse. More importantly, a prior disclosure need not detail Relator's exact allegations to preclude his claims. *See, e.g. United States ex rel. Huangyan Import & Export Corp. v. Nature's Farm Prods., Inc.*, No. 00 Civ. 6593, 2004 WL 74310, at *3 (S.D.N.Y. Jan. 15,

---

[11]    *Available at* http://www.deseretnews.com/article/content/mobile/0,5223,635160132,00 .html.

[12]    *Available at* http://www.questionsquestions.net/WTC/review.html.

[13]    Opp'n 22 ("None of the reports that the ARA grouping references says anything close to "NCSTAR 1 is false, misleading and deceptive because it is based on the false assertion that jetliners hit the WTC and that NIST's contractors engaged in willful fraud and/or willful blindness by presupposing jetliners crashed into the WTC")

2004). Rather, "a *qui tam* action is barred where there is enough information in the public domain to expose the fraud." *Id.* (citations omitted). As Relator does not even attempt to assert that his allegations were his own ideas or based on anything other than information he found in the public domain,[14] it is illogical for him to argue now that there was insufficient information in the public domain prior to the filing of his Complaint to expose the fraud he alleges.

      **B.**      **Relator Does Not Allege That He Has Direct or Independent Knowledge of His Allegations Such That He Would Qualify as an Original Source**

      Relator is not an "original source," as defined by the FCA, and his repeated assertions to the contrary do not make him one. Relator's claim to original source status is entirely dependent on his March 8, 2007 RFC. Opp'n 16, 19. Yet, when discussing his RFC, Relator again confuses the public disclosure and original source requirements. Relator unquestionably publicly disclosed his allegations in his RFC, and that public disclosure alone would be sufficient to bar Relator's suit. *United States ex rel. Aflatooni v. Kitsap Physicians Servs.,* 163 F.3d 516 (9th Cir. 1999) (relator's claims were precluded by his own disclosure to the news media prior to filing suit). However, Relator's submission of his RFC did not give him the requisite <u>direct</u> or <u>independent</u> knowledge of the information upon which those claims were based for him to qualify as an original source. Relator's RFC is based entirely on second-hand information that Relator gleaned from the public domain. *See United States ex rel. Smith v. Yale Univ.*, 415 F.Supp.2d 58, 72 (D.Conn. 2006) ("Direct knowledge is that which comes from the relator himself and thus one cannot qualify as an 'original source' if a third party is the source of the *core information* upon which a qui tam complaint is based.") (citations and quotations omitted). Relator contributed nothing unique to his allegations and, therefore, is not entitled to original source status. *Id.* ("the FCA 'is intended to encourage individuals who are either close observers

---

[14]    Opp'n 41.

or involved in the fraudulent activity to come forward, and is not intended to create windfalls for people with secondhand knowledge of the wrongdoing") (citing *Stinson*, 944 F.2d at 1161)). Relator's proselytization of a common and well-documented conspiracy theory does not make him an original source under the FCA.

Moreover, this Court has previously held that the compilation of various publicly available sources does not transform a relator into an original source of the resulting allegations. *Alcohol Found.*, 186 F.Supp.2d at 458.  Yet, this is exactly what Relator is attempting to do in this case.  In fact, Relator himself admits that it is because he "sorted through relatively obscure public documents and, together with his own records, used these documents to discover and support his claim of the alleged fraud," Opp'n 41 (emphasis added), that he should qualify as an original source.  This argument, however, is contrary to existing law.

In addition, Relator's attempt to distinguish *Alcohol Foundation* is unpersuasive.  *See* Opp'n 27.  Relator apparently asserts that *Alcohol Foundation* is inapplicable because the Court in that case referred to the relator's allegations as a "mosaic," whereas Relator's RFC allegedly constitutes "a more specific and governmentally sanctioned" allegation of fraud.  Opp'n 27. Whatever that may mean, Relator misses the point.  The Court's holding in *Alcohol Foundation* was based on the source of the relator's allegations (various publicly available documents) rather than the form of the Relator's resulting allegations ("mosaic" allegations in a complaint versus Relator's RFC).  Exactly as in *Alcohol Foundation*, Relator merely marshaled publicly available information to conjure the allegations contained in both his RFC and his Complaint.  Thus, under *Alcohol Foundation*, Relator cannot qualify as an original source.

Finally, Relator misconstrues relevant Supreme Court precedent in his analysis of *Rockwell Int'l Corp. v. United States*, 127 S.Ct. 1397 (2007).  Relator asserts that "[t]he

Rockwell case does away with the "direct" knowledge requirement previously articulated in the 2nd Circuit." Opp'n 19. This could not be further from the truth. Indeed, the Court in *Rockwell* held that the district court lacked jurisdiction over the relator's claims precisely because the relator "did not have <u>direct and independent knowledge of the information upon which his claims were based</u>." *Rockwell*, 127 S.Ct. at 1410 (emphasis added).[15] Thus, contrary to Relator's assertion, the Supreme Court in *Rockwell* did not purport to amend the statutory language of the FCA, which unambiguously requires a relator have "<u>direct and independent knowledge</u> of the allegations on which the allegations are based." 31 U.S.C. § 3730(e)(4)(B) (emphasis added).

The Supreme Court in *Rockwell* did, however, resolve a Circuit split regarding the original source requirement. *Rockwell*, 127 S.Ct. at 1407, n. 5. Prior to *Rockwell*, the appellate courts were split as to whether the FCA required an original source have "direct and independent knowledge" regarding the allegations that were publicly disclosed or the allegations in the complaint. *Id.* The Supreme Court held that an original source must have direct and independent knowledge of the information upon which the allegations <u>in his complaint</u> are based. *Id.* at 1408. However, *Rockwell* did not change the fact that an original source must have direct and independent knowledge of the information upon which his claims are based. *Id.* at 1410. Thus, under *Rockwell*, because Relator does not even allege that he personally witnessed the events of September 11, had any involvement in NIST's allegedly fraudulent Investigation, or in any way directly or independently observed any of the activities he alleges were fraudulent, he is not an original source and his claims must be dismissed.

---

[15]    The relator in *Rockwell* lacked direct and independent knowledge because he was not employed by the defendant at the time the fraud allegedly took place. 127 S.Ct. 1410. Furthermore, the Supreme Court held that the relator's *prediction* that the defendants would defraud the Government did not qualify as direct and independent knowledge where the relator was incorrect regarding the cause of the fraud. *Id.*

{D0480547.1}

## V.    Relator's Complaint Fails To Identify Any Particulars Regarding The Alleged Fraud

Relator's opposition to Defendants' assertion that he failed to plead fraud with the particularity required by Rule 9(b) requires little discussion.  Relator accurately outlines the pleading requirements of Rule 9(b), but then summarily concludes that he satisfied those requirements.  Again, Relator's unsupported assertions are unavailing.

Defendants reiterate that Relator's Complaint fails to satisfy Rule 9(b) because it does not identify any specific date that any Defendant allegedly submitted a false claim for payment, the name of a single employee who submitted a false claim for payment, or the substance of any false claim or why the claim was false.  *United States ex rel. DeCarlo v. Kiewit/AFC Enters., Inc.*, 937 F.Supp. 1039, 1051 (S.D.N.Y. 1996); *United States ex rel. Barmak v. Sutter Corp.*, No. 95 Civ. 7637, 2003 WL 21436213, at *4 (S.D.N.Y. June 20, 2003).  Relator argues that he need not "name each and every instance of falsity or fraud."  Opp'n 35.  However, Relator has not identified even a single false claim that any of the defendants allegedly submitted to the Government.  This alone warrants dismissal.  *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F.Supp.2d 141, 147 (D.Mass. 2000) ("Without citing a single false claim arising from an allegedly false invoice, Relator has not met even a bare-bones Rule 9(b) test").  Relator further asserts that the complaint "adequately alleges the 'identity of the speaker' as being these defendants" and adequately pleads the "where and when" of the alleged fraud as "in NCSTAR 1."  Opp'n 36.  Relator, however, has alleged a massively complex fraud involving 27 co-conspirators and the Government.  Moreover, NCSTAR 1 consists of over 2,500 pages, and Relator has not, and indeed cannot, attribute even a single word contained in NCSTAR 1 to ARA or any other defendant.  Relator's sweeping and unspecific allegations of fraud will unfairly prejudice the Defendants, because it will be impossible for ARA to defend against Relator's

14

nebulous claims.  *See O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 676 (2d Cir.1991) (the particularity requirement of Rule 9(b) serves to "provide a defendant with fair notice of a plaintiff's claim").  Because Relator's Complaint does not come remotely close to pleading fraud with the particularity required by Rule 9(b), Relator's Complaint must be dismissed.

## VI.    Defendants Do Not Believe That Oral Argument is Necessary and Would Oppose The Introduction of Any Testimony Should the Court Deem Oral Arguments Necessary

Relator's Opposition requests an oral argument and states that "testimony may be required."  Opp'n, i.  Defendants strongly believe that the papers in this matter speak for themselves and that Defendants' Motions to Dismiss can be decided without oral argument. Rule 12 does not grant Relator a right to a hearing, and "'motions may be decided wholly on the papers, and usually are.'"  *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315 (2d Cir. 1998) (citing *World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 366 (2d Cir. 1965)). Moreover, dismissal of a complaint without an oral hearing on the motion does not violate due process. *Id.* at 316.

Should the Court determine that oral argument would assist the Court in resolving this matter, Defendants will oppose Relator's introduction of any testimony.  Defendants' Motion to Dismiss rests solely on articles, court documents, and other documentation.  Relator's Opposition similarly relies solely on documentary evidence, and any testimony in this matter would only further obfuscate the issues with Relator's wildly speculative and unsupported conspiracy theories.  The legal issues presented in Defendants' Motion to Dismiss are simple and straightforward and, in the interests of judicial economy, Defendants request that the Court decide this Motion on the papers and without testimony.

WHEREFORE, because this Court lacks subject matter jurisdiction over Relator's claims

pursuant to the statutory first to file and public disclosure bars, and Relator's Complaint fails to

plead fraud with sufficient particularity, Defendants respectfully request that the Court dismiss

Relator's Complaint in it entirety.


Dated: February 4, 2008
        Denver, Colorado


                               **s/  Gail D. Zirkelbach**
                               Adam S. Ennis
                               SDNY Bar No.  AE9468
                               Jackson Kelly PLLC
                               Three Gateway Center, Suite 1340
                               Pittsburgh, PA 15222
                               Telephone:     412-434-8804
                               Facsimile:     412-434-8062
                               Email:         aennis@jacksonkelly.com

                               Wm. David Byassee, Esq.
                               (admitted *pro hac vice*)
                               Gail D. Zirkelbach, Esq.
                               (admitted *pro hac vice*)
                               Jackson Kelly PLLC
                               1099 18th Street, Suite 2150
                               Denver, Colorado 80202
                               Telephone:     303-390-0188
                                              303-390-0033
                               Facsimile:     303-390-0177
                               Email:         dbyassee@jacksonkelly.com
                                              gdzirkelbach@jacksonkelly.com

                               E. Leslie Hoffman, III, Esq.
                               (admitted *pro hac vice*)
                               Jackson Kelly PLLC
                               310 West Burke Street
                               Martinsburg, WV  25401
                               Telephone:     304-263-8800
                               Facsimile:     304-263-7110
                               Email:         phoffman@jacksonkelly.com

                               *Counsel for Applied Research Associates, Inc.*

16

{D0480547.1}

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February 2008, I electronically filed the foregoing **APPLIED RESEARCH ASSOCIATES, INC.'S REPLY TO RELATOR'S MEMORANDUM OF LAW IN OPPOSITIN TO DEFENDANTS' MOTIONS TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of filing to the following e-mail addresses:

Jerry V. Leaphart, Esq.
jsleaphart@cs.com
*Counsel for Relator*

Philip C. Semprevivo, Esq.
psemprevivo@bhmr.com
*Counsel for Underwriters Laboratories, Inc.*

David M. Pollack, Esq.
dpollack@donovanhatem.com
*Counsel for Simpson, Gumpertz & Heger, Inc. and*
*Computer Aided Engineering Associates, Inc.*

Philip Touitou, Esq.
Kevin R. Sido, Esq.
Renee C. Choy, Esq.
ptouitou@hinshawlaw.com
ksido@hinshawlaw.com
rchoy@hinshawlaw.com
*Counsel for Wise, Janney, Elstner Associates, Inc. and*
*Rolf Jensen Associates, Inc.*

Chad Everette Sjoquist, Esq.
Louis J. Dennis, Esq.
csjoquist@zdlaw.com
ldennis@zdlaw.com
*Counsel for Skidmore, Owings & Merrill, L.L.P.*

Sean T. O'Leary, Esq.
soleary@wkgj.com
*Counsel for Hughes Associates, Inc.*

Jeffrey S. Margolin, Esq.
margolin@hugheshubbard.com
*Counsel for Teng & Associates, Inc.*

17

Jason Harrington, Esq.
jason.harrington@wilsonelser.com
*Counsel for Gilsanz, Murray, Steficek, Llp*

And I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants by U.S. Mail, first class, postage prepaid and addressed to the following:

Edward B. Keidan, Esq.
Conway & Mrowiec
21 S. Clark St., Ste. 1000
Chicago, IL 60603
*Counsel for Teng & Associates, Inc.*

Patricia B. Gary
Donovan, Hatem, P.C.
World Trade Center East
Two Seaport lane
Boston, MA 02210
*Counsel for Simpson, Gumpertz & Heger, Inc. and*
*Computer Aided Engineering Associates, Inc.*

**s/ Gail D. Zirkelbach**

Adam S. Ennis
SDNY Bar No. AE9468
Jackson Kelly PLLC
Three Gateway Center, Suite 1340
Pittsburgh, PA 15222
Telephone:      412-434-8804
Facsimile:      412-434-8062
Email:            aennis@jacksonkelly.com

Wm. David Byassee, Esq.
(admitted *pro hac vice*)
Gail D. Zirkelbach, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone:      303-390-0188
                      303-390-0033
Facsimile:      303-390-0177
Email:            dbyassee@jacksonkelly.com
                      gdzirkelbach@jacksonkelly.com

18

E. Leslie Hoffman, III, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
310 West Burke Street
Martinsburg, WV  25401
Telephone:     304-263-8800
Facsimile:     304-263-7110
Email:          phoffman@jacksonkelly.com

*Counsel for Applied Research Associates, Inc.*

19