UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------- X
DR. MORGAN REYNOLDS on behalf of the        Civil Action
UNITED STATES OF AMERICA,                   No. 07 CV 4612

        Plaintiff / Realtor,

    vs.

SCIENCE APPLICATIONS INTERNATIONAL
CORP.; APPLIED RESEARCH ASSOCIATES, INC.;
BOEING; NuSTATS; COMPUTER
AIDED ENGINEERING ASSOCIATES, INC.;
DATASOURCE, INC.; GEOSTAATS, INC.;
GILSANZ MURRAY STEFICEK LLP;
HUGHES ASSOCIATES, INC.; AJMAL
ABBASI, EDUARDO KAUSEL;
DAVID PARKS; DAVID SHARP; DANIELE
VENEZANO; JOSEF VAN DYCK, KASPAR
WILLIAM; ROLF JENSEN & ASSOCIATES,
INC.; ROSENWASSER/GROSSMAN CONSULTING
ENGINEERS, P.C.; SIMPSON GUMPERTZ &
HEGER, INC.; S.K. GHOSH ASSOCIATES,
INC.; SKIDMORE, OWINGS & MERRILL,
LLP; TENG & ASSOCIATES, INC.;
UNDERWRITERS LABORATORIES, INC.;
WISS, JANNEY, ELSTNER ASSOCIATES,
INC.; AMERICAN AIRLINES; SILVERSTEIN
PROPERTIES; and UNITED AIRLINES,

        Defendants.
-------------------------------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF SKIDMORE, OWINGS &
MERRILL LLP'S MOTION TO DISMISS THE COMPLAINT**

### REPLY MEMORANDUM OF LAW IN SUPPORT OF SKIDMORE, OWINGS & MERRILL LLP'S MOTION TO DISMISS THE COMPLAINT

Defendant Skidmore, Owings & Merrill LLP ("SOM") respectfully submits this reply memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the complaint of Relator Morgan Reynolds, together with attorneys' fees and expenses pursuant to 31 U.S.C. § 3730(d)(4).

### PLAINTIFF/RELATOR'S CLAIM

Plaintiff/Relator asserts that no planes actually hit the World Trade Center on September 11, 2001. On this basis, he claims the defendants committed fraud in connection with the NIST study by "presupposing" that planes did hit the World Trade Center on 9/11.[1] Relator admits in his opposition papers, however, that he is not even certain if his own hypothesis is true.[2]

### SUMMARY OF ARGUMENT

The terrorist attacks against the World Trade Center cannot be reasonably disputed and on this basis alone Relator's complaint is frivolous.[3] Further, Relator has failed to adequately plead any of the causes of action asserted and none of the defects in the Complaint can be cured.

Relator's opposition fails to address any of the deficiencies identified in SOM's motion and those inadequacies remain. Relator is not an original source, all allegations are based on publicly disclosed information and he does not allege any specific fraud by SOM. The fact is,

---

[1] Relator's Opposition Memorandum of Law, page 22, lines 20-21.
[2] Relator's Opposition Memorandum of Law, page 21, line 21.
[3] See SOM's Request for Judicial Notice filed concurrently with this Reply Memorandum.

Relator has no direct inside or independent information whatsoever regarding SOM's correspondence or communications with NIST.

## ARGUMENT

### POINT I

### RELATOR'S AFFIDAVITS, EXHIBITS AND PROPOSED ORAL TESTIMONY ARE IRRELEVANT

Relator's claim that "testimony may be required"[4] related to the instant motion is ridiculous. Further, his use of irrelevant affidavits and exhibits are merely an attempt to distract this Court from the dispositive issues raised in SOM's motion to dismiss.

#### A.   RELATOR MISUNDERSTANDS THE FUNCTION AND APPLICATION OF RULE 12(b)

A 12(b) motion involves a review of "... the allegations contained within the four corners of [Reynolds'] complaint" and any documents attached to the complaint or incorporated by reference. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998) (*citing Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996)). The oral testimony that Relator claims may be required during oral arguments and the affidavits submitted in his opposition clearly fall outside of this scope and are impermissible.

The numerous affidavits and exhibits in Relator's opposition papers go far beyond the four corners of the Complaint; they should be ignored by this Court and stricken from the record. None of these documents were attached to, nor referenced in, Relator's Complaint and offer nothing to assist the Court in its decision on the motion before it. The sole purpose of the irrelevant affidavits and exhibits is to convince this Court that terrorists did not fly airplanes into

---

[4] Relator's Opposition Memorandum of Law, at cover page

the World Trade Center – which is irrelevant to SOM's motion.  **Even if Relator's ridiculous premise were true, the claims and the Complaint are patently without merit.**

None of the material offered by Relator reveals what SOM purportedly told or did not tell NIST during the investigation that could possibly be interpreted as fraud.  As explained in SOM's moving papers, Relator's misguided explanation as to how the towers collapsed is insufficient.  He must allege specific facts that would show that SOM actually committed fraud.  Neither the Complaint nor the affidavits and exhibits in Relator's opposition papers address this distinction or even remotely support any allegation regarding SOM's purported fraud.

### B.    IT CANNOT BE REASONABLY DISPUTED THAT PLANES CRASHED INTO THE WORLD TRADE CENTER ON 9/11

Relator's entire Complaint is based on a preposterous contention that is patently false.  To the extent any support for this fact is required, the Courts have recognized the truth about what occurred.

The United States Supreme Court and the Court of Appeals for the Second Circuit have both explicitly found that planes did crash into the World Trade Center.  *See Hamdan v. Rumsfeld*, 126 S. Ct. 2749, 2760, 165 L. Ed. 2d 723, 739 (2006) (finding that "[o]n September 11, 2001, agents of the al Qaeda terrorist organization hijacked commercial airplanes and attacked the World Trade Center."); *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 116 (2d Cir. 2006) (finding that "[o]n the morning of September 11, 2001, terrorists flew two fuel-laden jetliners into the north and south towers of the WTC, destroying both buildings and cutting short the lives of thousands of people").

3

This Court can, and should, take judicial notice of the fact that terrorists flew planes into the towers.[5] *See Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 166, fn 8 (2d Cir. 2000) (holding that district courts may take judicial note of certain facts when considering motions to dismiss); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (same). In light of this fact, this Court must reject Relator's irrelevant affidavits and exhibits, and his request for testimony during oral arguments on the instant motion.

### C.  RELATOR IS NOT ENTITLED TO HAVE THE COURT CONSTRUE ABSURD ALLEGATIONS AS TRUE IN CONNECTION WITH A MOTION TO DISMISS

While typically on a motion under Rule 12(b) a plaintiff is entitled to have the allegations of the complaint construed in his favor, this rule is not absolute. It certainly does not require the Court to ignore obvious reality as Relator would propose where the Court can take judicial notice of a contrary fact. *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp.2d 371, 405-06 (S.D.N.Y. 2001); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (sustaining dismissal of the complaint where allegations were contradicted by facts of which the court took judicial notice).

### POINT II

### RELATOR'S OPPOSITION PAPERS FAIL TO RAISE ANY RELEVANT ISSUE THAT COUNTERS SOM'S MOTION TO DISMISS

Relator's opposition papers are patently deficient and address virtually none of the substantive arguments raised in SOM's motion. While, the absurdity of Relator's allegations and his pointless opposition does not merit any response, the following key points from SOM's

---

[5] See SOM's Request for Judicial Notice filed concurrently with this Reply Memorandum.

moving papers identifying the deficiencies of Relator's Complaint – which were not refuted by Relator – are dispositive.

### A.  RELATOR IS NOT AN ORIGINAL SOURCE

Relator apparently believes that stating he is an original source makes it so. This is not the law. He also misunderstands that the original source rule requires knowledge of the purported fraud, not that Relator is the "original source" of some ridiculous and unsubstantiated (and false) theory.

As the Complaint and Relator's opposition demonstrate, the content of the documents upon which he relies are in the public domain and Relator does not have any direct and independent knowledge of the alleged fraud as explicitly required by section 3730(e)(4)(B) of the False Claims Act and cannot be an original source. *See United States ex rel. Dick v. Long Island Lighting Co.*, 912 F.2d 13, 16 (2d Cir. 1990) (discussing the requirements of section 3730(e)(4)(B). Recognizing that he does not have this knowledge, Relator instead argues that the Supreme Court eliminated this requirement in *Rockwell Int'l Corp. v. United States*, 127 S. Ct. 1397, 167 L. Ed. 2d 190 (2006). (Rel. Memo, at pp. 15-16). This is simply incorrect. In fact, the Supreme Court unequivocally reaffirmed in *Rockwell* that a relator must have "direct and independent knowledge of the information on which the allegations are based." 127 S. Ct. at 1403.

The fact remains, Relator has no direct or independent knowledge of the work that SOM did for NIST. He did not participate in the study, was not privy to SOM's communications with NIST, and has no idea what SOM told or did not tell NIST. Plaintiff has no direct

knowledge of the alleged fraud, and he concedes that it may not have happened.[6] Simply put, he cannot, and does not, meet the requirements of 31 U.S.C. § 3730(e)(4) and is not an "original source."

### B.  RELATOR'S CLAIMS ARE BARRED BY THE FCA'S FIRST TO FILE RULE

Relator has also failed to show how his claims are not barred by the First to File rule encompassed in 31 U.S.C. § 3730(b)(5). Relator's only explanation is that because he believes that airplanes did not hit the World Trade Center and Relator Wood believes that the buildings were destroyed with directed energy weapons, their claims are different.[7] However, he cannot dispute that the crux of Relator Reynolds' and Wood's FCA claims is exactly the same: because SOM "presupposed" that planes hit the towers on 9/11, statements or billings to NIST related to the NCSTAR1 Report were fraudulent. They rely on the same purported, albeit completely unspecified, communications, and as such, for purposes of the FCA their claims are identical.

### C.  PLAINTIFF'S COMPLAINT DOES NOT COMPLY WITH FED. R. CIV. P. 9(b)

Relator also fails to address the obvious deficiencies in the Complaint under Rule 9(b). As set forth in the moving papers, he falls woefully short of meeting his burden of identifying even one fraudulent statement that SOM made, the person who made such a statement, or the time and place of the statement. *See Mills v. Polar Molecular Corporation*, 12 F.3d 1170, 1175 (2d Cir. 1993); *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989). In response,

---

[6] Relator attempts to circumvent his inability to demonstrate that he is an original source by repeatedly asserting that airplanes never hit the World Trade Center. Of course even if true, this allegation does not remotely support his claim that SOM committed fraud. Yet Relator is not even certain that his own theory is correct. He instead admits that "[w]e have yet to find out what actually happened" and "Plaintiff might or might not be right about his 'no jetliner crash' theory." (Rel. Memo, at pp. 2, 21).

[7] Relator conveniently ignores the fact that he also asserts that the government used directed energy weapons to destroy the World Trade Center. *See* Complaint, at ¶¶ 5, 21, 50-53.

Relator's voluminous opposition papers **still do not identify even a single specific instance of a false statement**. In addition, Relator fails to connect any such purported (but unidentified) statements to a specific defendant, and instead merely attributes the unspecified communications to the defendants as a group. This is legally inadequate. *See Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986).

Plaintiff apparently believes that if he ignores the insufficiency of his Complaint, this Court will do the same. Rule 9(b) does not permit such ignorance, however, and the Complaint must be dismissed as a matter of law.

## POINT III

**RELATOR'S COMPLETE FAILURE TO ADDRESS SOM'S ARGUMENTS DEMONSTRATES FURTHER THAT THE INSTANT ACTION IS FRIVOLOUS AND MERITS SANCTIONS AGAINST RELATOR AND HIS COUNSEL**

As discussed above, Relator's voluminous response, including numerous lengthy affidavits and exhibits, is irrelevant and largely improper. Relator has made no effort to address the majority of the substantive arguments raised in SOM's moving papers and instead has filed a 40-plus page rant, babbling about his unfounded conspiracy theories. This is not surprising, given that the deficiencies in his Complaint are glaringly obvious. Nevertheless, Relator's refusal, or inability, to address the obvious points raised in SOM's motion is additional evidence that this entire matter is frivolous. Attorneys fees and costs are, therefore, clearly appropriate pursuant to 31 U.S.C. § 3730(d)(4).

## CONCLUSION

Relator does not have any basis whatsoever for filing this action. His meritless claims are based upon an absurd contention: that planes did not hit the World Trade Center on September 11, 2001; however, even if this were true, Relator has no basis for the claims of fraud asserted against SOM.

SOM's moving papers establish the inadequacy of Relator's Complaint and SOM is entitled to the dismissal of Relator's Complaint pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and 12(b)(6). Relator's opposition papers fail to address any of the legal issues raised and cannot cure the inadequacy of the Complaint or the frivolous nature of this action. The Complaint against SOM must be dismissed, and SOM should be awarded its legal fees and expenses.

Dated: New York, New York
       February 4, 2008

ZETLIN & DE CHIARA LLP

By: _____
Louis J. Dennis (LD 5727)
*Attorneys for Skidmore, Owings & Merrill LLP*
801 Second Avenue
New York, New York 10017
(212) 682-6800
ldennis@zdlaw.com