Jerry V. Leaphart #jl4468
Jerry V. Leaphart & Assoc., P.C.
8 West Street, Suite 203
Danbury, CT 06810
(203) 825-6265 – phone
(203) 825-6256 – fax
jsleaphart@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DR. MORGAN REYNOLDS, on behalf of The United States of America | : : : | |
| Plaintiff, | : : | ECF CASE |
| vs. | : : | February 5, 2008 |
| SCIENCE APPLICATIONS INTERNATIONAL CORP., et al | : : : | 07 CIV 4612 (GBD) |
| Defendants. | : | |

**AFFIRMATION IN OPPOSITION TO DEFENDANT SKIDMORE, OWINGS & MERRILL'S REQUEST TO TAKE JUDICIAL NOTICE; OR, IN THE ALTERNATIVE
REQUEST FOR HEARING PER FRE 201(e)**

I, Jerry V. Leaphart, am an attorney at law, duly licensed to practice before this and other courts and am attorney of record and Lead Counsel for the plaintiff in the above captioned matter. This affirmation is in support of plaintiff, Dr. Morgan Reynolds' (plaintiff) opposition to defendant Skidmore, Owings & Merrill's (SOM) request to take judicial notice, submitted on or about February 4, 2008.

1.  For reference, FRE 201 states in relevant part:

    "Rule 201. Judicial Notice of Adjudicative Facts

    (a) Scope of rule. This rule governs only judicial notice of adjudicative facts.

>   (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

2.   Basically, SOM seeks to have one of the ultimate issues of fact challenged by this case to be resolved on the basis of judicial notice. Not only that, the so-called facts that defendant seeks to have judicially noticed do not come from sources where the actual facts were even determined; rather, the language is, at most, dicta from cases that involved issues other than whether or not 767 jetliners crashed into the World Trade Center on 9/11/01. It is already well and fully articulated by plaintiff that that claim is a part of a mass communications plot or plan of deception. That is one of the issues presented. Thus, merely seeking to rely on what plaintiff asserts is mass deception, as though it were fact, merely seeks to further the myth that plaintiff has challenged. Not only that, defendant's articulation relies on precatory language from court decisions that did not have the issue presented here properly before them.

3.   As well, the language of that which defendant seeks to have judicially noticed is general, does not even mention the purported details of the purported flights or even what type of aircraft are purportedly involved. Indeed, the submittals of SOM are not facts, they are cursory conclusions.

4.   Examples of what can be judicially noticed are rather clear and unambiguous and fall into two categories.

>   The first category of facts appropriate for judicial notice are those facts that are generally known in the trial jurisdiction. The fact must be generally known, not merely known by the judge. Facts in this category include such matters as the character of a particular neighborhood (e.g., business district, residential, rural) or

other commonly known facts such as all police cars in the jurisdiction are blue and white in color.

The second category of facts appropriate for judicial notice are those capable of ready and certain verification by reference to authoritative sources.  For this category of judicial notice, the proponent of the evidence must provide the court with the authoritative source. Typical facts in this category include geographical facts (e.g., Main Street runs north and south with a 30 m.p.h. speed limit); historical facts (e.g., a city was incorporated on July 1, 1970), calendar facts (e.g., May 29 of last year was a legal holiday); and scientific facts not open to dispute (e.g., gasoline vapor is heavier than air).

5.     It has already been asserted that the jetliner crashes are a part of a sophisticated mass communications deception and the evidence in support of the claim has been painstakingly assembled.  This is the reason why the opponent of evidence proposed for judicial notice has the opportunity to be heard on the propriety of judicial notice, including the opportunity to produce contrary authoritative sources.  Plaintiff has done that and it is respectfully submitted that defendant SOM's request is, therefore, highly improper.[1]

6.     The issue of whether or not actual Boeing 767 jetliners crashed into the World Trade Center on 9/11/01 is not a calendar fact.  Rather, it is an unproven assertion that is contradicted by laws of physics that, until 9/11, were capable of being judicially noticed.

7.     The irony here is that the process of judicial notice should have been used to challenge the validity of the 9/11 jetliner crash assertions; not the other way around.

---

[1] See, "COMMENTARY, Rule 201,  Judicial Notice of Adjudicative Facts by Prof. Anthony Bocchino, The National Institute for Trial Advocacy

8.   All of this, and more, can be properly elucidated at the hearing that plaintiff is entitled to have.

                Respectfully submitted,

                /s/_____
                 Jerry V. Leaphart

Dated: Danbury, Ct
   February 5, 2008

### ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2008, a copy of the foregoing Affirmation was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

               _ /s/ Jerry V. Leaphart_____
               Jerry V. Leaphart (jl4468)
               JERRY V. LEAPHART & ASSOC., P.C.
               8 West Street, Suite 203
               Danbury, CT 06810
               Tel. (203) 825-6265
               Fax (203) 825-6256