Westlaw.

172 F.3d 39 Page 1

172 F.3d 39, 1999 WL 55259 (C.A.2 (N.Y.))
**(Cite as: 172 F.3d 39)**

H
U.S., By Dept. of Defense ex rel. Pentagen Technologies Intern.l, Ltd. v. CACI International Inc.
C.A.2 (N.Y.),1999.
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a " Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA2 s 0.23 for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Second Circuit.
UNITED STATES OF AMERICA, By the Department of Defense, Ex rel.,
PENTAGEN TECHNOLOGIES
INTERNATIONAL, LIMITED and Russell D. Varnado, Plaintiffs-Appellants,
v.
CACI INTERNATIONAL INC., Caci Systems Integration, Inc. and Caci, Inc.-Federal, First Defendants-Appellees,
INTERNATIONAL BUSINESS MACHINES CORPORATION, Lockheed Martin Corporation, American Telephone & Telegraph Company, PRC, Inc., I-Net, Inc. and Statistica, Inc., Second Defendants-Appellees.
No. 97-6326.

Feb. 5, 1999.

Appeal from the United States District Court for the Southern District of New York, Robert W. Sweet, Judge.

Joel Z. Robinson, New York, NY, for Appellee.
J. William Koegel, Jr., Steptoe & Johnson LLP, Washington, DC, for first Defendants-Appellees.
Glenn Colton, Assistant United, States Attorney for the Southern District of New York, New York, NY, for the United States as Amicus Curiae.

Present NEWMAN, PARKER and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

*1 Plaintiffs-Appellants Pentagen Technologies International, Ltd. ("Pentagen") and Russell D. Varnado appeal from a decision entered August 18, 1997 by the United States District Court for the Southern District of New York, dismissing their action brought under the False Claims Act, 31 U.S.C. §§ 3729-3733, for lack of subject-matter jurisdiction.

This suit represents the latest in a number of actions brought by Pentagen against Defendants-Appellees arising out of the same set of operative facts. In *United States ex rel. Pentagen v. CACI Int'l,* Inc., No. 94 Civ. 2925(RLC), 1996 WL 11299 (S.D.N.Y. Jan.4, 1996) ("*Pentagen V*"), Pentagen attempted to bring an action under the False Claims Act, but this action was dismissed for lack of subject-matter jurisdiction. Under 31 U.S.C. § 3730(e)(4), no court has jurisdiction over any action brought by a private party under the False Claims Act that is "based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing ... unless ... the person bringing the action is an original source of the information." In *Pentagen V,* Pentagen had sufficient opportunity to litigate the issues of whether its information was publicly disclosed, and whether Pentagen was the "original source." Therefore, collateral estoppel bars Pentagen from relitigating these issues in the instant action.

Russell Varnado was not a party to *Pentagen V,* so he is not barred from pursuing his claims by virtue of collateral estoppel. However, his claims are nonetheless barred for lack of subject-matter jurisdiction. Specifically, 31 U.S.C. § 3730(b)(5) provides that "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." Because Varnado's action, when filed, was based on

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



172 F.3d 39                                                                                                              Page 2

172 F.3d 39, 1999 WL 55259 (C.A.2 (N.Y.))
**(Cite as: 172 F.3d 39)**

the same facts underlying the then-pending *Pentagen V*, no federal district court had jurisdiction to entertain his claims.

For these reasons, the judgment of the District Court is AFFIRMED.

C.A.2 (N.Y.),1999.
U.S., By Dept. of Defense ex rel. Pentagen Technologies Intern., Ltd. v. CACI Intern., Inc.
172 F.3d 39, 1999 WL 55259 (C.A.2 (N.Y.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.