Jerry V. Leaphart #jl4468
Jerry V. Leaphart & Assoc., P.C.
8 West Street, Suite 203
Danbury, CT 06810
(203) 825-6265 – phone
(203) 825-6256 – fax
jsleaphart@cs.com

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DR. MORGAN REYNOLDS, on behalf of The United States of America | : : : | |
| Plaintiff, | : : | ECF CASE |
| vs. | : : | March 11, 2008 |
| SCIENCE APPLICATIONS INTERNATIONAL CORP., et al | : : : | 07 CIV 4612 (GBD) |
| Defendants. | : | |

**Affirmation in Opposition to Defendant, Science Applications International Corp.'s Motion to Dismiss (Docket # 127)**

      I, JERRY V. LEAPHART, am an attorney at law, duly licensed to practice before this and other courts and am attorney of record and Lead Counsel for plaintiff in the above captioned matter.

1.    This affirmation is submitted in opposition to that certain motion to dismiss, docket #127, and supporting memorandum of law and declaration, docket ## 128, 129, respectively, filed on behalf of defendant, Science Applications International Corp. (SAIC).

2. Firstly, it is noted that the said motion to dismiss and supporting documentation clearly and unequivocally join in that certain motion to dismiss filed on behalf of defendant Applied Research Associates, Inc.(ARA)  (docket # 38).

3. Secondly, the said motion to dismiss filed by defendant ARA was subject to the filing deadlines set forth in this court's order found at docket # 114, that mandated filing on or before February 29, 2008.  Docket # 127, SAIC's motion to dismiss, was not filed until March 5, 2008, and may, therefore, be untimely filed.  Plaintiff, Dr. Morgan Reynolds here asserts that defendant SAIC's motion to dismiss should therefore be denied as untimely filed.

4. Alternatively, and as defendant SAIC merely adopts the motion to dismiss and supporting documents submitted by defendant ARA and found at docket #38 and following and at docket # 104, plaintiff hereby incorporates by reference, as if set forth more fully herein, his opposition filings that are found at docket ## 91 to 99, inclusive, as and for his response to SAIC's said motion.

5. In addition to the foregoing, it is to be noted that SAIC has been notified that plaintiff is aware of SAIC's involvement in the following activities, among other activities, that have a bearing upon this case:

>   A—Information reveals that SAIC has been present and involved in GZ cleanup from 9/11/01 to the present.
>
>   B--SAIC is involved as a developer, tester and  researcher in the implementation of psychological warfare tactics and a wide variety of psychological operations (collectively, psy ops) and has been so engaged in such operations at all times relevant to this matter.

>C--Administrative control of and responsibility for NIST's NCSTAR1 project was given over to SAIC.

6. Annexed hereto as Exhibit A is a copy of correspondence sent to SAIC's counsel on or about March 6, 2008, containing the assertions, among others, set forth in paragraph 5, above. Annexed hereto as Exhibit B is a summary of information confirming the accuracy of the contentions in Exhibit A.

7. It is also known, based solely and exclusively upon information made available to plaintiff, Dr. Reynolds, in NIST's written response to him dated September 28, 2007, that SAIC:

>"…was contracted by NIST to provide administrative support to the team conducting the investigation." See Exhibit C, annexed hereto.

8. Defendant, SAIC, is the ninth largest defense contractor in the USA; a founding member of the Directed Energy Professional Society; a known participant in and facilitator of psychological operations; and a company that has had numerous challenges to its efficacy brought under the Environmental Protection Administration's Superfund provisions and under the False Claims Act in other contexts. The "administrative support" referenced in paragraph 7 above must be deemed to be related to SAIC's military expertise. SAIC is not a "temp agency" providing typists to NIST. Or, in any event, absent discovery, this issue is unexplored. Accordingly, there exists good reason to require SAIC to defend this case by putting in an actual answer to plaintiff's complaint and proceeding to the discovery phase. As things now stand, the assertions made by plaintiff, Dr. Morgan Reynolds, that NO PLANES hit the WTC stand as validly asserted, properly put before this court and not denied by any defendant in any meaningful way.

7.    In the aggregate, there is no doubt that plaintiff herein either did not rely on publicly disclosed information; or, if he did, then he is the original source thereof. Furthermore, his complaint states a cause of action; and he has supplied defendants with more than enough particularity to enable them to answer.  In fact, defendant SAIC is bound by the same excess reliance placed on F.R.Civ.P Rule 9(b) as is ARA.  It is well settled that a complaint satisfies the particularity requirements of Rule 9(b) if it identifies the circumstances of fraud with sufficient particularity that defendant can prepare an adequate answer.  <u>Semegen v.Weidner</u>, 780 F.2d 727, 735 (9th Cir. 1985). Moreover, since this case alleges corporate fraud, the burden on plaintiffs is relaxed as to information particularly within the knowledge of corporate defendants.  <u>Wool v. Tandem Computers, Inc</u>., 818 F.2d 1433, 1439 (9th Cir. 1981). However, plaintiffs must still allege the time, place and content of an alleged false representation.  Id. at 1440.  Plaintiffs must also allege facts indicating why the statement is false. <u>Luce v. Edelstein</u>, 802 F.2d 49, 54 (2d Cir. 1986).   Plaintiff herein has done that with abundant detail.

8.    Based upon all of the foregoing, SAIC's attempt to join the motion to dismiss (docket # 38) of ARA must be denied either because it is untimely filed or because it lacks merit.

                                              Respectfully submitted,

                                              /s/ Jerry V. Leaphart_____
                                              Jerry V. Leaphart

Dated: Danbury, Ct
       March 11, 2008

## ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2008, a copy of the foregoing Affirmation was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

         /s/ Jerry V. Leaphart
        Jerry V. Leaphart (jl4468)
        JERRY V. LEAPHART & ASSOC., P.C.
        8 West Street, Suite 203
        Danbury, CT 06810
        Tel. (203) 825-6265
        Fax (203) 825-6256